**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| **METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN HOME REALTY NETWORK, INC.**<br><br>and<br><br>**JONATHAN J. CARDELLA,**<br><br>Defendants. | **CIVIL ACTION NO. 12-cv-0954** |

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

On April 4, 2012 Plaintiff Metropolitan Regional Information Systems, Inc. ("MRIS") moved for entry of preliminary injunctive relief against Defendants American Home Realty Network, Inc. ("AHR") and Jonathan J. Cardella ("Cardella") (collectively, "Defendants").

**Findings of Fact and Conclusions of Law**

1.  Plaintiff MRIS is a corporation organized under the laws of the State of Delaware with its principal place of business at 9707 Key West Avenue, Suite 200, Rockville, Maryland.

2.  Defendant AHR is a corporation organized under the laws of the State of Delaware with its principal place of business at 222 7th Street, 2nd Floor, San Francisco, California. The domain name neighborcity.com is registered to AHR and AHR does business as NeighborCity.com.

3. Defendant Cardella is the CEO and President of Defendant AHR and has oversight and management responsibility for AHR's activities, including the content of NeighborCity.com

4. MRIS provides one of America's largest Multiple Listing Services ("MLS"), serving Maryland, Washington, D.C., Virginia, and portions of Pennsylvania, Delaware and West Virginia, and facilitating more than $100 million per day in residence real estate transactions in the Mid-Atlantic region.

5. MRIS is charged with the responsibility of creating, maintaining, operating, protecting, and providing authorized, licensed, subscribers and other authorized licensees access to and use of a copyrighted automated database consisting of a compilation of regional real estate property listings and related informational content (collectively, the "MRIS Database").

6. MRIS delivers real estate information, such as inventory and pricing, and provides through its system and services immediate, high quality and actionable data to over 40,000 real estate professionals, including agents, brokers, and appraisers.

7. To use the MRIS service, licensed real estate brokers and agents are required to exercise a MRIS subscription agreement (the "MRIS Subscriber Agreements"). Broker and agent subscribers contractually commit to upload their inventory of available residential real estate properties into the MRIS service, subject to certain exceptions. The copyrights in each photograph included in each of the real estate listings are assigned to MRIS at the time the photographs are uploaded to the MRIS Database. In exchange for these rights and commitments (as provided in MRIS Subscription Agreements, MRIS Subscription, MRIS Database Access and Use Agreements, and Terms of Use Agreements) and upon payment of a subscriptions fee, each subscriber is granted access to the MRIS service including the MRIS Database (including

competitors' listings) and the right to include such listings on the brokerage and/or agent websites for consideration by prospective renters, homebuyers, and sellers.

8. MRIS maintains a copyright registration program for the MRIS Database with the U.S. Copyright Office under the registration procedures applicable to automated databases. MRIS's copyrights in and to the MRIS Database extend to the collection and compilation of the real estate listings in the MRIS Database and extend to expressive contributions created by MRIS or acquired by MRIS.

9. MRIS owns copyrights in and to the unpublished MRIS Database as evidenced by its federal copyright registrations issued by the United States Copyright Office, including but not limited to: Registration No. TXu 001589556 (2008); Registration No. TXu 001706872 (2009); Registration No. TXu 001706869 (2008); Registration No. TXu 001734839 (2010); Registration No. TXu 001778182 (2011); and Registration No. TXu 001788712 (2012).

10. Real estate agents and brokers who add their listing information to the MRIS Database agree, through their subscriber agreement, to abide by MRIS Rules and Regulations (the "MRIS Rules and Regs") and other applicable professional and legal standards that support the quality, consistency, and integrity of the informational content in the MRIS Database (collectively with the MRIS Rules and Regs, the "Information Quality Standards").

11. Together, these services by MRIS, and the cooperative partnership between MRIS and its subscribers who both add their listing information into the MRIS Database and, in turn, draw information from the MRIS Database in the course of their professional real estate activities, support the value of the MRIS Database, and MRIS's reputation as the premier source of quality real estate information within its service areas.

12. AHR and Cardella operate a national real estate referral business that includes the NeighborCity.com website, and has geographic coverage both inside and outside of Maryland as well as the other jurisdictions in the MRIS territory. Defendants maintain a national database of real estate listings through which they misappropriate the MRIS Database as well other MLS databases. Accordingly, AHR provides customers unauthorized access to and use of the copyrighted MRIS Database and informational content in support of their referral business. Internet users are able to access the NeighborCity.com website, and by clicking a link or entering a URL they are able to copy and download the relevant content to their computer.

13. Defendants reproduce and otherwise use MRIS Database content on their NeighborCity.com website to attract customers for their referral program. Through Defendants' referral business, as described on the NeighborCity.com website, they make buy-side and sell-side referrals to MRIS subscribers in Maryland and outside Maryland, and charge referral fees. Defendants misappropriate the MRIS Database to further this commercial purpose. Defendants' business model relies on copyright infringement. By bypassing the licensing process applicable to the MRIS Database entirely in favor of unauthorized copying, the Defendants are diluting the confidence that the public has in the integrity and timeliness of the information being made available through MRIS.

14. Neither AHR nor Cardella has acquired a license or any form of permission from MRIS allowing Defendants to access, reproduce, modify, publicly display, or otherwise use the MRIS Database, or any portion thereof.

15. Defendants are obtaining and copying MRIS copyrighted information, without authorization, from or sourced from the MRIS Database. AHR admits that it has not sought or received permission from MRIS or each of the listing agents/brokers on its website. For

example, listings on the NeigborCity.com website state: *"Have additional information about this listing? If you are the listing agent and have additional information, sign up today to claim and update this listing's information."*

16. Defendants have received substantial revenues and other benefits from their unauthorized access to and unauthorized reproduction, public display, and distribution of, property listings and other copyrighted content contained in the MRIS Database

17. To obtain a preliminary injunction, MRIS must show (1) it is likely to succeed on the merits at trial; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) the public interest favors the granting of preliminary injunctive relief. *Winter v. Natural Res. Defense Council, Inc*., 129 S. Ct. 365, 374 (2008)

18. MRIS is likely to establish that it is likely to succeed on the merits of its copyright infringement claim at trial because it has demonstrated (1) that it owns a valid copyright, and (2) unauthorized access and copying by AHR. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991); *Keeler Brass Co. v. Continental Brass Co*., 862 F.2d 1063, 1065 (4th Cir. 1988).

19. MRIS has shown that it has been and will continue to be irreparably harmed by Defendants because the continued infringing use of copyrighted content from the MRIS Database by AHR hinders MRIS's rights to control the means and methods by which its copyrighted works will be seen by the public.

20. MRIS has shown that the balance of equities tips in its favor. Specifically, MRIS has shown that it will suffer permanent irreparable injury absent preliminary relief, but that any harm AHR could conceivably suffer would be the direct result of its own infringing activities.

21. MRIS has shown that the public interest favors the granting of preliminary injunctive relief, because AHR's infringing activities have caused and will continue to cause confusion and mistake among consumers seeking information on purchasing a new home through its postings of real estate listings that are no longer available.

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED AND ADJUDGED that the Motion for Preliminary Injunction is GRANTED as follows:

A) Defendants, along with any unnamed officers, directors, subsidiaries, and successors, and all persons and entities acting in concert therewith, are immediately and until the final judgment in the Action PRELIMINARILY ENJOINED from engaging in any unauthorized copying, display, use, and public distribution of copyrighted content from the MRIS Database, or creating unauthorized derivative works from that content.

B) Within ten business days of entry of this Order, Defendants must submit to this Court an affidavit of compliance confirming that any copyrighted material taken from the MRIS Database that is subject to this injunction have been removed from NeighborCity.com, and that they have established procedures to prevent such unlawful copying, displaying, using, distributing, and creation of derivative works until entry of a final judgment in this Action.

ENTERED AND SO ORDERED:

DATED: _____, 2012                    _____

                                                                                                    United States District Court Judge