**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

_____

| | |
|---|---|
| **METROPOLITAN REGIONAL** | ) |
| **INFORMATIONS SYSTEMS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No. 12-cv-954** |
| **v.** | ) |
| | ) |
| **AMERICAN HOME REALTY NETWORK, INC.** | ) |
| **and JONATHAN J. CARDELLA,** | ) |
| | ) |
| **Defendants,** | ) |

_____ )

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT JONATHAN J. CARDELLA'S RULE 12 (b) MOTION TO DISMISS**

FARKAS+TOIKKA, LLP
Richard S. Toikka, Federal Bar No.13543
L. Peter Farkas (pro hac vice)
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)
lpf@farkastoikka.com (email)

_Counsel for Defendants American Home_
_Realty Network, Inc. and Jonathan J._
_Cardella_

Of Counsel:

Christopher R. Miller (pro hac vice)
Chief Legal Officer and General
Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California  94103
800-357-3321 (phone)
C.Miller@NeighborCity.com (email)

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................iii

I.    INTRODUCTION........................................................................................... 1

II.   STATEMENT OF RELEVANT JURISDICTIONAL FACTS ...................................... 1

III.  PURSUANT TO FRCP 12(b)(2), THE COURT SHOULD DISMISS THIS ACTION
AS TO DEFENDANT CARDELLA FOR LACK OF PERSONAL JURISDICTION OVER
HIM 2

   A.   Legal Standards ................................................................................................ 2
   B.   Argument........................................................................................................... 6

IV.   CONCLUSION............................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**                                                                       **PAGE**

*AGV Sports Group, Inc. v. Protus IP Solutions, Inc.,* No. RDB 08-3388, 2009 WL
    1921152 (D. Md. July 1, 2009) ............................................................. 5, 7
*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707 (4th Cir. 2002) .......... 4, 5
*Birrane v. Master Collectors, Inc.,* 738 F. Supp. 167 (D. Md. 1990) ............................ 5, 6
*Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985) ................................................... 5
*Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390 (4th Cir. 2003)
    ......................................................................................................................3, 4, 5
*Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan,* 259 F.3d 209 (4th Cir.
    2001) ................................................................................................................. 3
*ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617 (4th Cir. 1997) ................................. 3
*Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846, (2011) ................. 4
*Harte-Hanks Direct Mkt. v. Varilease Tech.,* 299 F. Supp. 2d 505 (D. Md. 2004) ....... 5, 7
*Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408 (1984) .......................... 4, 5
*Holfield v. Power Chem. Co.,* 382 F. Supp. 388 (D. Md. 1974) .................................... 5, 7
*Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945) ..................................................... 4, 5
*Johansson Corp v. Bowness Constr. Co.,* 304 F. Supp. 2d 701 (D. Md. 2004)........... 3, 6
*Mackey v. Compass Marketing,* 892 A.2d 479 (Md. 2006)............................................... 3
*Mohamed v. Michael,* 279 Md. 653, 370 A.2d 551 (Md. 1977)....................................... 3
*Mylan Laboratories, Inc. v. Akzo, N.V.,* 2 F.3d 56 (4th Cir. 1993) .............................. 2, 3
*Nichols v. G.D. Searle & Co.,* 783 F. Supp. 233 (D. Md. 1992)....................................... 2
*Ottenheimer Publishers, Inc., v. Playmore Inc.,* 158 F. Supp. 2d 649 (D. Md. 2001) .. 3, 6
*Quinn v. Bowmar Publ'g Co.,* 445 F. Supp. 780 (D. Md. 1978) ................................... 5, 7
*Ritz Camera Ctrs., Inc. v. Wentling Camera Shops, Inc.,* 982 F. Supp. 350 (D. Md.
    1997) .............................................................................................................. 4, 5
*Shamsuddin v. Vitamin Research Prods.,* 346 F. Supp. 2d 804 (D. Md. 2004)............... 4
*Stover v. O'Connell Assocs., Inc.,* 84 F.3d 132 (4th Cir. 1996) ...................................... 3
*Topik v. Catalyst Research Corp.,* 339 F. Supp. 1102 (D. Md. 1972), aff'd, 473 F.2d 907
    (4th Cir. 1972) ................................................................................................ 5, 7
*United States v. Van Diviner,* 822 F.2d 960 (10th Cir. 1987)...................................... 5, 7

**RULES**

FRCP 12(b)(2).......................................................................................................... 1, 4
FRCP 12(b)(6)............................................................................................................. 1
FRCP 4(k)(1)(A) .......................................................................................................... 3

## I.   INTRODUCTION

Defendant Jonathan J. Cardella (hereinafter, "Cardella"), by and through his attorneys, hereby submits this Memorandum in support of his motion to dismiss this action in whole or in part.

Defendant's grounds for his dismissal from this lawsuit on the basis of lack of personal jurisdiction pursuant to FRCP 12(b)(2) are set forth herein below.  For grounds as to (1) dismissal of Defendant American Home Realty Network, Inc. (hereinafter, "AHRN, Inc.") pursuant to FRCP 12(b)(2) for lack of personal jurisdiction; (2) dismissal of Plaintiff's claims of copyright infringement of individual elements (including individual photographs) in the MRIS Database pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted; and (3) dismissal of this entire action for improper venue pursuant to FRCP 12(b)(3), Defendant Cardella adopts, relies upon and incorporates herein by reference the arguments, statements of fact and citations of legal authorities contained in the Memorandum in Support of Defendant AHRN, Inc's Rule 12(b) Motion to Dismiss (hereinafter, "Defendant AHRN, Inc.'s Memorandum").

## II.   STATEMENT OF RELEVANT JURISDICTIONAL FACTS

Defendant Cardella is a resident of California and does not conduct business in Maryland, as established by the facts set forth below.

Defendant Cardella is Chief Executive Officer of Defendant AHRN, Inc. See **Exhibit 1** hereto, Declaration of Jonathan J. Cardella (hereinafter, "Cardella Decl."), ¶ 3. Cardella works and resides in California and has never been in the State of Maryland. *Id.*, ¶¶ 4-5. He has never solicited or transacted any personal business, performed any character of personal work or contracted for himself to supply goods, food or services,

in the State of Maryland. *Id.*, ¶ 6. Further, he has (1) never had any interest in, used or owned real or personal property, including bank accounts, in the State of Maryland, *id.*, ¶ 6; (2) on personal matters, never initiated or caused to be initiated, any contact by telephone or electronic mail with a person who to his knowledge was located in the State of Maryland, *id.*, ¶ 8; and (3) on personal matters, never sent, or caused to be sent, any materials by U.S. mail or courier services to any addressee in the State of Maryland, *id.*, ¶ 9.

## III. PURSUANT TO FRCP 12(b)(2), THE COURT SHOULD DISMISS THIS ACTION AS TO DEFENDANT CARDELLA FOR LACK OF PERSONAL JURISDICTION OVER HIM

As shown below, under applicable legal standards, this Court lacks personal jurisdiction over Defendant Cardella.

### A. Legal Standards

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving grounds for jurisdiction by a preponderance of the evidence. *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). This requires the plaintiff to produce competent evidence to sustain jurisdiction. *Nichols v. G.D. Searle & Co.*, 783 F. Supp. 233, 235 (D. Md. 1992). If the court is deciding the issue without a hearing, the plaintiff is only required to make a *prima facie* showing of jurisdiction. *Mylan*, 2 F.3d at 60. In considering "all relevant pleading allegations in the light most favorable to the plaintiff," the court must draw all "reasonable inferences" from the proof offered by the parties in the plaintiff's favor. *Id.* at 60-62.  The court is "not required . . . to look solely to the plaintiff's proof in drawing [all reasonable inferences in

the plaintiff's favor]," and may also look at defendant's assertions and proffered proof regarding defendant's lack of contacts with the forum. *Mylan*, 2 F.3d at 62.

Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003), *citing ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). Thus, for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Id.*, *citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001); see also *Mackey v. Compass Marketing*, 892 A.2d 479, 486 (Md. 2006).  Maryland courts have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution. *Id.*, *citing Mohamed v. Michael*, 279 Md. 653, 370 A.2d 551, 553 (Md. 1977). Thus, the statutory inquiry merges with the constitutional inquiry. *Id.*, *citing Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996).[1]

Due process permits federal court jurisdiction over a nonresident defendant where the defendant has "minimum contacts" with the forum "such that the maintenance

---

[1] The Court of Appeals of Maryland recently clarified that "[d]etermination of personal jurisdiction is a two-step process.  See Defendant AHRN, Inc.'s Memorandum.  A plaintiff must "identify a specific Maryland statutory provision authorizing jurisdiction." *Ottenheimer Publishers, Inc., v. Playmore Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001).  Although it is preferable for a plaintiff to identify the statute authorizing jurisdiction in its complaint, a plaintiff alternatively may reference the applicable statute in its response to a defendant's motion to dismiss. *Johansson Corp v. Bowness Constr. Co.*, 304 F. Supp. 2d 701, 704  n. 1 (D. Md. 2004).

of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); see also *Shamsuddin v. Vitamin Research Prods.*, 346 F. Supp. 2d 804, 807 (D. Md. 2004). The Fourth Circuit has clarified that "due process requires that a defendant's contacts with the forum state be tantamount to physical presence there." *Ritz Camera Ctrs., Inc. v. Wentling Camera Shops, Inc.*, 982 F. Supp. 350, 353 (D. Md. 1997) (citation omitted).

Two categories of personal jurisdiction have been recognized by the courts: general jurisdiction and specific jurisdiction. See, e.g., *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2848-49 (2011). If the defendant's contacts with the forum state are "continuous and systematic," the district court has general jurisdiction over the non-forum defendant. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-416 (1984); *Carefirst,* 334 F.3d at 397 *citing ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002), *cert. denied*, 537 U.S. 1105, (2003); *Helicopteros*, 466 U.S. at 414 & n.9.

Where the non-resident defendant's contacts are not sufficient to establish "general jurisdiction," to avoid a dismissal on a Rule 12(b)(2) motion, the plaintiff must establish the existence of "specific jurisdiction" by demonstrating that: (1) the non-forum defendant purposely directed its activities toward residents of the forum state or purposefully availed itself of the privilege of conducting activities therein; (2) plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, i.e., is consistent with "fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 316; *see also Ritz Camera*, 982 F. Supp. at 353 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S.

462, 477-478 (1985)). *Carefirst*, 334 F.3d at 397 *citing ALS Scan*, 293 F.3d at 711-12; *Helicopteros*, 466 U.S. at 414 & n.8.

It is an accepted legal tenet that an individual and a corporation of which that individual is the principal are separate legal entities. See, e.g., *Birrane v. Master Collectors, Inc.*, 738 F. Supp. 167, 169 (D. Md. 1990) (citing *United States v. Van Diviner*, 822 F.2d 960, 963 (10th Cir. 1987)). Based on this, "the general rule . . . [is] that the corporate entity will normally insulate corporate employees, officers, directors, etc., from personal jurisdiction where suit is brought against them individually." *Holfield v. Power Chem. Co.*, 382 F. Supp. 388, 393 (D. Md. 1974). Thus, "the fact that a corporation is doing business in a state is not sufficient to establish *in personam* jurisdiction over the corporation's directors, officers and agents." *Topik v. Catalyst Research Corp.*, 339 F. Supp. 1102, 1107 (D. Md. 1972), aff'd, 473 F.2d 907 (4th Cir. 1972). A corporate officer may "only be hailed into a foreign court based on the corporate officer's individual contacts in the forum." *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.,* No. RDB 08-3388, 2009 WL 1921152, at *7 (D. Md. July 1, 2009); see *Harte-Hanks Direct Mkt. v. Varilease Tech.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004) ("Personal jurisdiction over an individual officer, director, or employee of a corporation does not automatically flow from personal jurisdiction over the corporation."); *Quinn v. Bowmar Publ'g Co.*, 445 F. Supp. 780, 785 (D. Md. 1978) ("Jurisdiction over individual officers or employees of a corporation may not be predicated upon jurisdiction over the corporation, absent activities by the individuals sufficient to subject them to a long arm statute.").

### B.    Argument

As shown below, this Court lacks personal jurisdiction on due process grounds over Defendant Cardella and must dismiss this action as to him.   Contrary to the preferred practice in this Court (*Johansson Corp v. Bowness Constr. Co.*, 304 F. Supp. 2d at 704 n. 1 (D. Md. 2004); *Ottenheimer Publishers, Inc., v. Playmore Inc.*, 158 F. Supp. 2d at 652), Plaintiff does not indicate in its Complaint under which section of the Maryland long-arm statute it asserts that there is jurisdiction over the Defendant Cardella.   As Plaintiff bears the burden of proving grounds for personal jurisdiction, Defendant Cardella reserves his arguments until Plaintiff comes forward with their case that there is personal jurisdiction under one or more sections of the long-arm statute.

When the facts are analyzed in view of the applicable legal standards set forth above, it is abundantly clear on due process grounds that personal jurisdiction is lacking in this District over Mr. Cardella on the single cause of action for vicarious copyright infringement alleged against him. See Complaint at 16-18 (Count VI).   As explained in Section II above, Defendant Cardella has had no personal contacts with the State of Maryland, and thus this Court can assert neither general nor specific personal jurisdiction over him.   Further, any jurisdictionally relevant contacts AHRN, Inc. may have with the forum may not be imputed to Cardella.  See Section III. A. above, and the following authorities cited therein: *Birrane v. Master Collectors, Inc.*, 738 F. Supp. 167, 169 (D. Md. 1990) (citing *United States v. Van Diviner*, 822 F.2d 960, 963 (10th Cir. 1987)); *Holfield v. Power Chem. Co.*, 382 F. Supp. 388, 393 (D. Md. 1974); *Topik v. Catalyst Research Corp.*, 339 F. Supp. 1102, 1107 (D. Md. 1972), aff'd, 473 F.2d 907 (4th Cir. 1972); *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.,* No. RDB 08-3388,

2009 WL 1921152, at *7 (D. Md. July 1, 2009); *Harte-Hanks Direct Mkt. v. Varilease Tech.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004); *Quinn v. Bowmar Publ'g Co.*, 445 F. Supp. 780, 785 (D. Md. 1978).

## IV.    CONCLUSION

Therefore, for the reasons set forth above and in Defendant AHRN, Inc.'s Memorandum, this action should be dismissed in whole or in part.

Respectfully submitted,

FARKAS+TOIKKA, LLP

_____/S/ Richard S. Toikka_____
Richard S. Toikka, Federal Bar No.13543
L. Peter Farkas (pro hac vice)
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)
lpf@farkastoikka.com (email)

*Counsel for Defendants American Home
Realty Network, Inc. and Jonathan J.
Cardella*

Of Counsel:

Christopher R. Miller (pro hac vice)
Chief Legal Officer and General
Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California  94103
800-357-3321 (phone)
C.Miller@NeighborCity.com (email)

## CERTIFICATE OF SERVICE

I, Richard S. Toikka, herby certify that on this the 11th of May, 2012, a copy of

the foregoing Memorandum was served by electronic means using the Court's CM/ECF

system upon:

John T. Westermeier, Esquire
Margaret A. Esquenet, Esquire
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413

*/S/ Richard S. Toikka*
Richard S. Toikka