**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

_____

| | |
|---|---|
| **METROPOLITAN REGIONAL** | ) |
| **INFORMATIONS SYSTEMS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 12-cv-954 |
| **v.** | ) |
| | ) |
| **AMERICAN HOME REALTY NETWORK, INC.** | ) |
| **and JONATHAN J. CARDELLA,** | ) |
| | ) |
| **Defendants,** | ) |
| | ) |

_____

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT JONATHAN J. CARDELLA'S RULE 12 (b) MOTION TO DISMISS**

FARKAS+TOIKKA, LLP
Richard S. Toikka, Federal Bar No.13543
L. Peter Farkas (pro hac vice)
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)
lpf@farkastoikka.com (email)

Of Counsel:

Christopher R. Miller (pro hac vice)
Chief Legal Officer and General
Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California  94103
800-357-3321 (phone)
C.Miller@NeighborCity.com (email)

_Counsel for Defendants American Home
Realty Network, Inc. and Jonathan J.
Cardella_

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................... iii

I.   INTRODUCTION .......................................................................................... 1

II.  ARGUMENT IN REPLY ............................................................................... 2

    A.   THE DUE PROCESS CLAUSE PROHIBITS THE EXERCISE OF PERSONAL JURISDICTION OVER JONATHAN CARDELLA BECAUSE HE LACKS PERSONAL CONTACTS WITH MARYLAND ............................................................................................................. 2

    B.   MRIS ALSO DOES NOT ESTABLISH SPECIFIC JURISDICTION OVER JONATHAN CARDELLA UNDER THE MARYLAND LONG-ARM STATUTE .............................................. 10

        1.   *Cardella Has Not Transacted Business In Maryland in his Individual Capacity* ................................................................................................. 11

        2.   *Cardella in his Individual Capacity Has Not Caused Tortious Injury and Has Not Regularly Conducted or Solicited Business in Maryland* .................. 11

III.  CONCLUSION ........................................................................................... 13

## TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE**

*AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, No. RDB 08-3388, 2009 U.S. Dist. LEXIS 58264 at *1 (D. Md. July 1, 2009) ........................................... *passim*

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .................................................... 8

*Calder v. Jones,* 465 U.S. 783 (1984) ............................................................... 1, 5, 7

*Cleaning Auth., Inc. v. Neubert*, 739 F. Supp. 2d 807 (D. Md. 2010)…………………..4, 8

*Cole-Tuve, Inc. v. Am. Machine Tools Corp.*, 342 F. Supp. 2d 362 (2004) ..................... 4

*Columbia Briargate Co. v. First Nat'l Bank in Dallas*, 713 F.2d 1052 (1983).............. 3, 6

*Costar Group, Inc. v. Loopnet, Inc.*, 106 F. Supp. 2d 780, 786 (D. Md. 2000) .............. 10

*ESAB Grp., Inc. v. Centricut, Inc.,* 126 F.3d 617 (4th Cir. 1997) .............................*passim*

*Harte-Hanks Direct Mkt./Balt., Inc. v. Varilease Tech. Finance Grp., Inc.*, 299 F. Supp. 2d 505 (D. Md. 2004) ........................................................................................ 3

*Johns Hopkins Health Sys. Corp. v. Al Reem General Trading & Co.'s Rep. Est.,* 374 F. Supp. 2d 465 (D. Md. 2005) ........................................................................ 2, 3

*McGee v. Int'l Life Ins. Co.,* 355 U.S. 220 (1957) ......................................................... 5

*Planet Techs., Inc. v. Planit Tech. Grp., LLC,* 735 F. Supp. 2d 397 (D. Md. 2010) ........... …………………………………………………………………………………………4, 7, 9

*Tharp v. Colao*, No. WDQ-11-3202, 2012 U.S. Dist. LEXUS 76539 at *1 (D. Md. May 31, 2012)........................................................................................................... 4

*Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir. 2002)........................................ 4

**STATUTES**

Md. Code Ann., Cts., & Jud. Proc. §§ 6-103(b)(1)......................................................... 11

Md. Code Ann., Cts., & Jud. Proc. §§6-103(b)(4)................................................... 11, 12

## I.  INTRODUCTION

Defendant Jonathan J. Cardella (hereinafter, "Cardella"), by and through his attorneys, hereby submits this Reply Memorandum in support of his motion to dismiss this action in whole or in part.  Defendant Cardella also adopts and relies upon the arguments, statements of fact and citations of legal authorities contained in the Reply Memorandum in Support of Defendant AHRN, Inc's Rule 12(b) Motion to Dismiss (hereinafter, "Defendant AHRN, Inc.'s Reply").

Plaintiff's incorrectly asserting that this Court has personal jurisdiction over individual Defendant Cardella substantially ignores that (1) Mr. Cardella has no personal contacts with Maryland (see Memorandum in Support of Jonathan J. Cardella's Rule 12(b) Motion to Dismiss (hereinafter, "Cardella Opening Mem.") at 1-2 and Exhibit 1 thereto, Declaration of Jonathan J. Cardella (hereinafter, "Cardella Decl.")); and (2) the prior holdings of this Court indicate that a corporate officer "may only be hailed [sic] into a foreign court based on the corporate officer's individual contacts in the forum," *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, No. RDB 08-3388, 2009 U.S. Dist. LEXIS 58264 at *22 (D. Md. July 1, 2009); *see also* other holdings cited in Cardella's Opening Mem. at 5.  As shown in more detail below, MRIS's argument must fail because MRIS (1) cannot show sufficient individual contacts between Cardella and Maryland to satisfy due process requirements; (2) relies on the *Calder v. Jones,* 465 U.S. 783 (1984) effects test but ignores the Fourth Circuit's admonition that, irrespective of the harm caused to plaintiff in its home jurisdiction, the focus of the jurisdictional inquiry must be on the defendant's contacts with the forum; and (3) ignores that its only claim against Mr. Cardella for vicarious copyright infringement alleges *inactivity* in California by Mr.

Cardella not *activity* in Maryland or elsewhere, and thus this claim does not arise out of any contacts with Maryland and cannot satisfy the requirements of the due process clause or the Maryland Long-Arm Statute for specific jurisdiction.

## II. ARGUMENT IN REPLY

### A. The Due Process Clause Prohibits The Exercise of Personal Jurisdiction Over Jonathan Cardella Because He Lacks Personal Contacts With Maryland

MRIS fails to point to a single personal contact Mr. Cardella has with the State of Maryland.   It ignores his Declaration denying any personal contacts with the forum state, except to assert that it is not necessary for a defendant to be physically present in the state for this Court to assert jurisdiction over him under the Maryland Long-Arm Statute.   MRIS Memorandum in Opposition to Cardella's Motion to Dismiss ("MRIS Opp.") at 20, *citing Johns Hopkins Health Sys. Corp. v. Al Reem General Trading & Co.'s Rep. Est.,* 374 F. Supp. 2d 465, 472 (D. Md. 2005).[1]   However, *Johns Hopkins Health Sys.* is not on point because it does not involve the assertion of personal jurisdiction over a corporate officer who has no personal contacts with Maryland. Instead, in that case, the court found specific jurisdiction over a foreign corporation based on its corporate contacts with Maryland relating to the cause of action, including initiation of contacts with the plaintiff in Maryland, visits to Maryland and the entering into a contact with the plaintiff in Maryland.   *See* 374 F. Supp. at 472.   Such corporate contacts by the defendant with Maryland in that case were more than sufficient to satisfy

---

[1] In his Declaration, Mr. Cardella does far more than deny that he has ever been in Maryland or has ever conducted personal business there.  See MRIS Opp. at 20.  He also denies a variety of other personal contacts with Maryland. See Cardella Opening Mem. at 1-2 and Cardella Declaration, Exhibit 1 thereto.  MRIS has not contradicted any of Cardella's denials of contacts with Maryland.

the due process requirement for personal jurisdiction.  *Id.*  However, similar contacts are totally lacking in the instant case.

MRIS ignores, and thus does not distinguish, refute or address, the extensive case law cited in Cardella's Opening Memorandum holding that personal jurisdiction over a corporate officer must be based on his own personal contacts with Maryland and not those of his corporation.  See Cardella Opening Mem., at 5-7.  As stated therein, the general rule is that a corporate officer may only be haled into a foreign court based on the corporate officer's individual contacts in the forum.  See *AGV Sports Group,* 2009 U.S. Dist. LEXIS 58264 at *22; see also *Harte-Hanks Direct Mkt./Balt., Inc. v. Varilease Tech. Finance Grp., Inc.*, 299 F. Supp. 2d 505, 513-14 (D. Md. 2004), *citing Columbia Briargate Co. v. First Nat'l Bank in Dallas*, 713 F.2d 1052, 1060-61 (1983) (court may not exercise personal jurisdiction over a corporation's agent if the agent's only involvement in the tort committed by the corporation occurred outside the forum state).

As the Fourth Circuit in *Columbia Briargate Co.,* stated:

> If the claim against the corporate agent rests on nothing more than that he is an officer or employee of the non-resident corporation and if any connection he had with the commission of the tort occurred without the forum state … under sound due process principles, the nexus between the corporate agent and the forum state is too tenuous to support jurisdiction over the agent personally by reason of service under the long-arm statute of the forum state.

713 F. 2d at 1064-65.

MRIS's sole argument for personal jurisdiction over Cardella is based on the *Calder v. Jones* "effects test," i.e. that Cardella "(1) … committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the harm; and (3) the defendant expressly aimed his tortious conduct

at the forum, such that the forum can be said to be the focal point of the tortious activity." MRIS Opp. at 21, *citing Planet Techs., Inc. v. Planit Tech. Grp., LLC,* 735 F. Supp. 2d 397, 403 (D. Md. 2010) (citations omitted).

The Fourth Circuit has interpreted the *Calder v. Jones* effects test narrowly, holding "that the propriety of jurisdiction over an out-of-state defendant depends on 'the defendant's own contacts with the state,' not where the plaintiff feels the alleged injury," *Tharp v. Colao*, No. WDQ-11-3202, 2012 U.S. Dist. LEXUS 76539 at *10-11 and n. 20 (D. Md. May 31, 2012), quoting *ESAB Grp., Inc. v. Centricut, Inc.,* 126 F.3d 617, 626 (4th Cir. 1997) (citation omitted), and *also citing Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002).  *See also Cleaning Auth., Inc. v. Neubert*, 739 F. Supp. 2d 807, 815 (D. Md. 2010) ("the Fourth Circuit has begun to require a greater showing"); *Cole-Tuve, Inc. v. Am. Machine Tools Corp.*, 342 F. Supp. 2d 362, 367 (2004) (Fourth Circuit has seemed to require more than the *Calder* effects test to hold exercises of jurisdiction over foreign tortfeasors constitutional), *citing EASB Grp.*, 126 F.3d at 625-26.

In *ESAB Grp.*, the Fourth Circuit held that New Hampshire residents' alleged collusion with a Florida resident to appropriate the customer lists and trade secrets of a South Carolina corporation was not so intentionally directed at South Carolina as to warrant an exercise of specific personal jurisdiction.  126 F.3d at 625-26.  More specifically, plaintiff ESAB, a corporation headquartered in South Carolina, alleged a conspiracy between Centricut, a New Hampshire limited liability company, Thomas Aley, its CEO and John Bergen, a Florida resident who was ESAB's regional sales manager.  *Id.* at 621, 625. Centricut and its employees had virtually no contacts with

4

South Carolina, except that Centricut had 26 mail order customers who resided in the state, constituting 1 percent of all its customers.  *Id.*  Aley likewise had no contacts with South Carolina. *Id.* at 621.  In defending against motions to dismiss by Centricut and Aley, ESAB relied upon the *Calder* effects test as a basis for personal jurisdiction over both, and that basis was rejected by the Court.  *Id*. at 625-26.

In *ESAB Grp.*, the Fourth Circuit further found the only jurisdictionally relevant contact related to the suit was that the defendants "knew that the sales leads that Bergen supplied might, if fruitful, ultimately result in less sales to the ESAB Group, which was headquartered in South Carolina."  126 F. Supp. 2d at 625.  The Court also stated that "at the very most, it can be said that Centricut intended to gain a competitive advantage over the ESAB Group by making sales which the ESAB Group might otherwise have made." *Id.*  However, the Court concluded that "such knowledge and intent is too attenuated to constitute a 'substantial connection' with South Carolina." *Id.* and *citing McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 222 (1957) ("substantial connection" with the forum state required for specific jurisdiction).  The Court also held that there was no "behavior intentionally targeted at and focused on South Carolina … such that [the defendant] can be said to have entered" South Carolina in some fashion. *Id. citing Calder*, 465 U.S. at 789-90.

The Fourth Circuit reached its holding in *ESAB Grp.* in part on the fact that Bergen's sales leads were for companies located across the United States and Canada and that Centricut "focused its activities more generally on customers located throughout the United States and Canada without focusing on and targeting South Carolina." *Id.*  Likewise in this case, AHRN, Inc.'s referrals are spread out across the

United States and are not specifically targeted at Maryland residents.   The Fourth Circuit also cautioned that to hold otherwise "would always make jurisdiction appropriate in a plaintiff's home state, for the plaintiff always feels the impact of the harm there." *Id.* at 626.

MRIS's invocation of the *Calder* effects test must also fail here.  Cardella's only alleged personal connection with the alleged commission of copyright infringement occurred outside of Maryland. The Complaint alleges only *inaction* by Cardella, not *active* involvement with copyright infringement. See Complaint, Count VI (vicarious copyright infringement). Thus, the effects test is insufficient under due process principles to impose personal jurisdiction over him.  *EASB Grp.,* F. Supp. 2d at 625; *Columbia Briargate Co.*, 713 F.2d at 713.   Moreover, like the individual defendant in *ESAB Grp.,* Cardella lacks individual contacts with Maryland, and his alleged knowledge that AHRN, Inc's national referral and listing program may have effects on MRIS in Maryland is too attenuated a connection with Maryland to satisfy due requirements.

Moreover, the cases cited by MRIS to support application of the effects test to establish personal jurisdiction over Cardella are inapposite, as shown below.

MRIS relies heavily on *Planet Techs., supra,* for its argument that the "effects test" can be used as a basis for personal jurisdiction over Cardella.  MRIS Opp., at 21. However, the facts in *Planet Techs* are very different from those in this case.

In *Planet Techs,* the plaintiff alleged intentional trademark infringement and unfair competition against Planit Technology Group (PTG) and its alleged CEO.[2]   735 F.

---

[2] There was a factual dispute over whether the individual defendant was the CEO of Planit Technology Group, LLC or of Planit Group, Inc., the defendant's parent corporation.  However,

Supp. 2d at 398-99. The CEO was a resident of Virginia. *Id.* at 398. The defendant company PTG had an office in Maryland located less than five miles from plaintiff's office. *Id.* The plaintiff established to the court's satisfaction that the defendant CEO participated in what was arguably intentional trademark infringement by "directing that PTG provide competing computer services in [ ] close proximity to Plaintiff's office … ." *Id.*, at 404. Additionally, the plaintiff alleged that the defendant CEO "personally participated in selecting [the alleged infringing name]," "directly controls the service mark [ ] and its Logo," and "directed PTG counsel to file for [sic] a federal trademark application." *Id.* at 399.

The "effects test" as articulated in *Calder v. Jones*, *supra* was applied by the Supreme Court to find personal jurisdiction over the writers and editors of a non-resident corporation (the National Inquirer) who were "primary participants in an alleged wrongdoing intentionally directed at a California resident." *Planet Tech*, 735 F. Supp. 2d at 403, *quoting and citing Calder*, 465 U.S. at 790. As shown below, MRIS has not made the requisite showing that Cardella was a primary participant in wrongdoing intentionally directed at MRIS in Maryland, or that Cardella's individual contacts with Maryland justify an assertion of specific jurisdiction over him.

In this case, MRIS alleges that Cardella was liable for only vicarious copyright infringement because, as to his knowledge and actions, he "had actual knowledge of specific acts of infringement and, on information and belief, had the power and authority as CEO and President [sic] of AHR to stop the infringing activities and did not stop them or make any attempt to stop them." Complaint, ¶ 79 and Count VI. Cardella is not

---

the court stated that this factual issue did not need to be resolved for it to rule on the individual defendant's motion to dismiss. 735 F. Supp. 2d at 402 n. 1.

named as a defendant in any other Count in the Complaint.   MRIS contends that Cardella's alleged inactivity in California is a basis for specific personal jurisdiction over him in Maryland.   As the cause of action against Cardella for passive vicarious copyright infringement does not arise out of any alleged contacts with Maryland, the *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-478 (1985) test cannot be met.   Cardella Opening Mem. at 4 (*Burger King* requires that plaintiff's cause of action arise out of or result from the defendant's forum-related activities).

MRIS's general allegation of passive inactivity against Cardella stands in stark contrast to the alleged facts in *Planet Techs,* in which the defendant CEO was alleged to have committed specific acts of trademark infringement, including directing that the defendant company provide services in close proximity to plaintiff's office.   MRIS's specific allegations herein against Cardella are also significantly different than those in *Calder,* in which non-resident editors and writers published an allegedly defamatory newspaper article concerning a California resident.   MRIS's allegations are more similar to the facts in *EASB Grp., supra*, in which the defendants' "contact" with the forum state was their knowledge that a corporation resident in the forum state would be impacted by their actions, and the court found that "contact" not to constitute "behavior intentionally targeted at and focused on South Carolina … such that [the defendant] can be said to have entered" South Carolina in some fashion."   *Cleaning Authority, supra,* 739 F. Supp, 2d at 815, *quoting ESAB Grp.*, 126 F.2d at 625.

In their Opposition, in contradiction to their Complaint and without supporting evidence, MRIS tries to make the case that Cardella was actively involved in AHRN, Inc.'s operations.   MRIS Opp. at 20-23.   Most of these allegations are thin, speculative

and unsupported by admissible evidence.  They are based mostly on Cardella's status

as founder and CEO of AHRN, Inc. See MRIS Opp. at 21-22:

- "As CEO of AHR Cardella conducts business in Maryland.";

- "The limited size of AHR's staff alone makes it implausible that Cardella is *not*
  personally involved in AHR's [alleged infringing activities] (emphasis in
  original).";

- "As founder, investor and CEO and as the public face of the company, Cardella
  furthered AHR's business, which is built in part on AHR's infringement of the
  MRIS Database."; and

- "Cardella manages and supervises the activities of AHR and its website
  NeighborCity.com in his role as CEO …";

Such speculative assertions and inferences drawn by MRIS's counsel, that

arguably could be made about any company CEO or founder, do not establish that

Cardella was a "primary participant" in the alleged violations as required for personal

jurisdiction under the effects test.  See *Planet Techs*, 735 F. Supp 2d at 403.  The idea

that Cardella in San Francisco giving an interview to the *New York Times* in New York

City or the *Boston Herald* in Boston or any other non-Maryland media outlet can be

used as a jurisdictional contact with Maryland is ludicrous on its face.   Such

manufactured and specious allegations also stand in sharp contrast to the supported

allegations of specific individual conduct in *Planet Techs* and *Calder*.  Moreover, none

of these allegations support that Cardella individually committed any acts that

constituted intentional infringement of MRIS copyrights as also required under the

effects test.  *See Costar Group, Inc. v. Loopnet, Inc.*, 106 F. Supp. 2d 780, 786 (D. Md. 2000).

Moreover, MRIS's allegations supported by the Declaration of Whitney Cooke that Cardella has (1) made statements about AHRN, Inc. to the media; (2) responded to real estate agents commenting on AHRN's rating system; and (3) used his Twitter account to make reviews of real estate professionals located in Maryland, MRIS Opp. at 22, do not support that Cardella committed copyright infringement directed at Maryland. It does not follow from such activity that Cardella was specifically involved in any intentional tortious activity expressly directed at MRIS in Maryland.

Finally, MRIS's focus on Cardella's "involvement" in the corporate affairs of" AHRN, Inc., MRIS Opp. at 22, is inappropriate as the legally relevant facts must instead relate to "how [Cardella was] *individually* responsible for the alleged wrongful conduct (emphasis in original)."  *AGV Sport Grp, supra,* 2009 U.S. Dist. LEXIS 58264 at *24.

### B. MRIS Also Does Not Establish Specific Jurisdiction Over Jonathan Cardella Under The Maryland Long-Arm Statute

For a district court to exercise personal jurisdiction over a non-resident defendant, the exercise of jurisdiction must both (1) be authorized under the state's long-arm statute and (2) comport with the due process requirements of the Constitution. Cardella Opening Mem. at 3 (citations omitted).  Although Maryland's Long-Arm Statute is co-extensive with limits set by the due process clause, if a defendant's contacts with the forum are insufficient to satisfy due process requirements, then no showing of jurisdiction under the Long-Arm Statute will suffice for specific jurisdiction.  As shown above, the contacts of Cardella with Maryland are insufficient to satisfy due process

10

requirements.  However, it is also true that MRIS does not make a required prima facie case under the Long-Arm Statute.

MRIS identifies two sections of the Long-Arm Statute under which it argues that jurisdiction lies over Cardella: Md. Code Ann., Cts., & Jud. Proc. §§ 6-103(b)(1) and 6-103(b)(4).  MRIS Opp. at 20.  However, MRIS does not show sufficient individual contacts by Cardella with Maryland under either section because any business activity in Maryland was conducted through AHRN, Inc. and was not part of any personal action taken by Cardella.  See *AGV Sports Grp.*, 2009 U.S. Dist. LEXIS 58264 at *24.

### 1. Cardella Has Not Transacted Business In Maryland in his Individual Capacity

MRIS does not establish, as required under § 6-103(b)(1), that Cardella in his "*individual* capacit[y] … "[t]ransact[ed] any business or perform[ed] any character of work or service in the State (emphasis in original)." *AGV Sports Grp.*, 2009 U.S. Dist. LEXIS 58264 at *24.  Instead, MRIS contends that Cardella transacts business in Maryland through AHRN, Inc.  *See* MRIS Opp. at 21-22 ("As CEO of AHR, Cardella conducts business in Maryland. … Cardella manages and supervises the activities of AHR and its website …").  These are insufficient facts because jurisdiction over Cardella must be based on his individual contacts with Maryland, which Cardella has denied in his Declaration and which denials MRIS does not dispute.  Cardella Opening Mem. at 1-2 and Exhibit 1 thereto.

### 2. Cardella in his Individual Capacity Has Not Caused Tortious Injury and Has Not Regularly Conducted or Solicited Business in Maryland

MRIS also does not establish as required under § 6-103(b)(4) that Cardella in his "*individual* capacity … [c]ause[d] tortious injury in the State by an act or omission

11

outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State (emphasis in original)." *AGV Sports Grp.*, 2009 U.S. Dist. LEXIS 58264 at *24.  As to the basis for jurisdiction over Cardella under §6-103(b)(4), MRIS again alleges that Cardella conducts business in Maryland through AHRN, Inc.   MRIS Opp. at 22.  This allegation is insufficient because MRIS does not show that Cardella is subject to jurisdiction on the basis of his individual contacts with the forum, or that he individually regularly solicited or conducted business in Maryland.  See Cardella Opening Mem. at 1-2 and Exhibit 1 thereto.

## III. CONCLUSION

Therefore, for the reasons set forth above and in Defendant AHRN, Inc.'s Reply, and in the opening Memorandum of each Defendant, this action should be dismissed in whole or in part.

Respectfully submitted,

FARKAS+TOIKKA, LLP

_____ /S/ Richard S. Toikka _____
Richard S. Toikka, Federal Bar No.13543
L. Peter Farkas (pro hac vice)
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)
lpf@farkastoikka.com (email)

Of Counsel:

Christopher R. Miller (pro hac vice)
Chief Legal Officer and General
Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California  94103
800-357-3321 (phone)
C.Miller@NeighborCity.com (email)

*Counsel for Defendants American Home
Realty Network, Inc. and Jonathan J.
Cardella*

13

## CERTIFICATE OF SERVICE

I, Richard S. Toikka, herby certify that on this the 15th of June, 2012, a copy of

the foregoing Reply Memorandum was served by electronic means using the Court's

CM/ECF system upon:

John T. Westermeier, Esquire
Margaret A. Esquenet, Esquire
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413

*/S/ Richard S. Toikka*
Richard S. Toikka
