IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HOME REALTY NETWORK, INC. and JONATHAN J. CARDELLA, <br><br> Defendants. | CIVIL ACTION NO. 12-cv-0954 |

**MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' REPLIES IN SUPPORT OF THEIR RULE 12(B) MOTIONS TO DISMISS**

Pursuant to Local Rule 105.2(a), Plaintiff Metropolitan Regional Information Systems ("MRIS") respectfully requests leave to file a surreply in response to the new arguments raised in Defendants' Replies in Support of their Rule 12(b) Motions to Dismiss. L.R. 105.2(a). Leave to file a surreply may be granted when the movant otherwise would be unable to contest matters presented for the first time in the opposing party's reply. *Khoury v. Meserve,* 268 F.Supp.2d 600, 605 (D. Md. 2003). Here, Defendants have raised several new arguments; MRIS requests leave to respond to two.

First, Defendants request that this Court strike certain exhibits submitted in support of MRIS's Opposition to Defendants' Motions to Dismiss on the grounds that such materials were "extraneous" to the Complaint filed by MRIS. (Dkt. 29 at 2.) Defendants' motion to strike is without merit and improperly included in its Reply. MRIS has no opportunity to respond unless this Court grants MRIS leave to file a surreply. Alternatively, MRIS requests that the Court deny the request to strike the exhibits.

Second, MRIS requests leave to file a surreply to respond to Defendants' new and inaccurate 17 U.S.C. § 204(a) arguments and the application of Section 204 to electronic agreements. Specifically, Defendants assert that MRIS Terms of Use violate Section 204(a), stating "the courts have construed Section 204(a) to require a signature on paper." (Dkt. 29 at 3.) This statement is misleading as it misinterprets Section 204(a), including because (1) Defendants failed to reference subsequent federal legislation authorizing electronic signatures, in particular the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001 *et seq*. ("E-SIGN"), which does not provide a statutory exemption for copyright law, (2) Defendants failed to reference relevant state law in Maryland, *e.g.*, Maryland Uniform Electronic Transactions Act ("UETA") and the Maryland Uniform Computer Information Transactions Act ("UCITA"), and (3) none of the case law relied upon by Defendants considered an electronic contract or an electronic signature, and accordingly none supports the Defendants' new contentions that an assignment of copyrights by an electronic agreement, similar to the Terms of Use assignment agreement used by MRIS, is ineffective as a matter of law.

E-SIGN provides, "[n]otwithstanding any statute, regulation or other rule of law . . . with respect to any transaction in or affecting interstate or foreign commerce—

1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and

2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

15 U.S.C. § 7001(a). E-SIGN defines an "electronic signature" to mean "an electronic sound, symbol or process, attached to or logically associated with a contract or other record and executed and adopted by a person with the intent to sign the record." 15 U.S.C. § 7006(5).

E-SIGN does not provide any statutory exception for copyright assignments.  *See* 15 U.S.C. §7003 (listing specific exceptions).

Similarly, Defendants failed to discuss the applicability of the Maryland Uniform Electronic Transactions Act, which provides in relevant part: "(b) Electronic contract.  A contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation . . . (d) Electronic signature.  If a law requires a signature, an electronic signature satisfies the law."  Md. Code Ann., Com. Law § 21-106 (West 2012).  Defendants also failed to inform the court that Maryland has adopted the Maryland Uniform Computer Information Transactions Act (UCITA), which also recognizes the validity of electronic transactions.  Md. Code Ann., Com. Law § 22-102 *et seq*. (West 2012).

For these reasons, MRIS requests leave to file a surreply to address Defendants' misleading arguments regarding Section 204(a), raised for the first time in its Replies in Support of their Motions to Dismiss.  Alternatively, MRIS requests that the Court recognize that the assignment contained in the MRIS Terms of Use is valid.

Respectfully submitted,

Dated:  June 19, 2012  By:  /s/Margaret A. Esquenet
John T. Westermeier (Bar No. 04364)
(jay.westermeier@finnegan.com)
Margaret A. Esquenet (Bar No. 27775)
(margaret.esquenet@finnegan.com)
Whitney D. Cooke (admitted *pro hac vice*)
(whitney.cooke@finnegan.com)

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.

*Attorneys for Plaintiff*
Metropolitan Regional Information
Systems, Inc.

## **CERTIFICATE OF SERVICE**

I, Margaret A. Esquenet, hereby certify that on June 19, 2012 a copy of the foregoing Motion for Leave to File Surreply to Defendants' Replies in Support of Their Rule 12(B) Motions to Dismiss was served using the Court's CM/ECF system upon:

Richard S. Toikka
L. Peter Farakas
FARKAS & TOIKKA, L.L.P.
1101 30th Street N.W., Suite 500
Washington, DC 20007
rst@farkastoikka.com
lfp@farkastoikka.com

Christopher Ralph Miller
AMERICAN HOME REALTY NETWORK INC.
222 7th Street, Second Floor
San Francisco, CA 94103
c.miller@neighborcity.com

/s/Margaret A. Esquenet
Margaret A. Esquenet