**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

_____

| | |
|---|---|
| **METROPOLITAN REGIONAL** | ) |
| **INFORMATION SYSTEMS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 12-cv-954** |
| | ) |
| **AMERICAN HOME REALTY NETWORK, INC.** | ) |
| **and JONATHAN J. CARDELLA,** | ) |
| | ) |
| **Defendants,** | ) |

_____ )

**DEFENDANTS' OPPOSITION TO PLAINTIFF MRIS'S MOTION FOR LEAVE
TO FILE SURREPLY TO DEFENDANTS' REPLIES
IN SUPPORT OF DEFENDANTS' RULE 12 (b) MOTIONS TO DISMISS**

## I.     INTRODUCTION

Defendants, American Home Realty Network, Inc. ("AHRN") and Jonathan

Cardella, hereby oppose Plaintiff Maryland Regional Information Systems, Inc.'s

("MRIS") Motion for Leave to File Surreply …" Docket No. ("D.E.") 30 .  Defendants

oppose leave because MRIS's alleged need for it is of its own making by: (1) filing more

than 200 pages of extraneous material in opposition to a Rule 12(b)(6) motion to

dismiss; and (2) concealing existence of its "Terms of Use" ("ToU") as a purported

copyright assignment document until its opposition brief, depriving Defendants of the

opportunity to brief §204(a) earlier.

MRIS cites *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) as

supporting its motion.  However in *Khoury,* the court denied a motion for leave to file a

surreply, *id.* at 606, and dismissed the complaint, *id.* at 615, *see also Sykes v. CBS

Radio, Inc.,* 2011 U.S. Dist. LEXIS 129521, at *4 (D. Md. Nov. 9, 2011) (Williams, J.)

(leave to file surreply denied).

## II.   ARGUMENT

A.   MRIS Has Failed To Request Conversion Of Defendants' Rule 12(b)(6) Motions To Dismiss to Motions for Summary Judgment When it Submitted Evidence Outside of the Complaint.

If on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff presents matters "outside the pleading … and not excluded by the court, the motion shall be treated as one for summary judgment."  FRCP 12(b); Defendant AHRN's Opening Memorandum at 7. .When MRIS submitted 200 pages of declarations and documents outside the pleadings, without requesting Rule 56 treatment in lieu of Rule 12(b)(6), MRIS should have expected a motion to strike.  It owed Defendants and the Court some explanation of the basis for the submission and authority by which the Court could consider the submission.   MRIS cannot now argue that Defendants are presenting anything new in requesting that the Court strike or disregard MRIS's extraneous materials.

B.   MRIS Concealed Its Terms of Use by Misrepresenting Them as Subscriber Agreements in Complaint, ¶15

1.  MRIS Itself Caused the Alleged Need for the Surreply

"The plaintiff in a copyright infringement claim has the burden to prove ownership of a valid copyright."  *Warner Bros. Entertainment, Inc. v. X One X Productions*, 644 F. 3d 584, 591 (8th Cir. 2011).   Generally, plaintiffs establish ownership of acquired copyrights by attaching the assignment document as an exhibit to the complaint.  *Id.* at 592; *see e.g., Crispin v. Audigier, Inc.,* 2011 U.S. Dist. LEXIS 151150 at *32 (C.D. Cal., Dec. 12, 2011); *Informatics Applications Group, Inc. v.  Shkolnikov*, 2011 U.S. Dist. LEXIS 148357 at *2, 4-5 (E.D. Va., Oct. 11, 2011).

MRIS did not attach the assignment document to the Complaint, but went out of its way to mislead the Court and Defendants about what was allegedly assigned and by what document.  Paragraph 15 of the Complaint, states, in part, that:

> To use the MRIS service, licensed real estate brokers and agents are required to execute a MRIS subscription agreement (the "*MRIS Subscriber Agreements*"). Broker and agent subscribers contractually commit to upload their inventory of available residential real estate properties into the MRIS service, subject to certain exceptions.  The *copyrights* in each photograph included in each of the real estate listings *are assigned to MRIS* at the time the photographs are uploaded to the MRIS Database by the subscriber. In exchange for these rights and commitments (as provided in applicable *MRIS Subscription Agreements*) and upon payment of a subscriptions fee, each subscriber is granted access to the MRIS service including the MRIS Database (including competitors' listings) and the right to include such listings on the brokerage and/or agent websites for consideration by prospective renters, homebuyers, and sellers. *(Emphasis added).*

D.E. 1 at 5.[1]

MRIS's juxtaposition and sandwiching of "copyrights … are assigned" between two references to "Subscriber Agreements" without reference to the ToU is highly misleading because it suggests that subscriber agreements assign copyrights to MRIS. However, in MRIS's opposition to AHRN's motion to dismiss, MRIS produced the ToU, purporting to assign unidentified photos; by unidentified author/photographers; without identifying other prior owner; without a signature or writing, whether by hand-written signature or electronic or digital signature; and without terms of the assignment "deal."[2]

---

[1] The Complaint clearly relied upon the ToU by its language: "each of the real estate listings are assigned to MRIS at the time the photographs are uploaded to the MRIS Database by the subscriber." AHRN's Opening Memorandum at 7 stated that "a court may consider a document relied on by the plaintiff in its complaint without converting the motion to one for summary judgment"; *citing New Beckley v. Min. Corp. v. Intern. Union, United Mine Workers of Am.*, 18 F. 3d 1161, 1164 (4th Cir. 1994) (internal citations omitted).

[2] In addition, MRIS is misleading about owning copyrights covering the listing information.  The ToU, defective as it is concerning assignment of photographs, says nothing about any assignment of listing information.

Thus, MRIS's ToU and the existence of valid signed agreements were always at issue in the case under MRIS's burden of proof.  It was not until the ToU's disclosure in MRIS's opposition to Defendants' motions to dismiss that Paragraph 15 of the Complaint was exposed as either an outright misrepresentation or a disingenuous dissembling by implying that (signed) Subscriber Agreements exist that assign copyrights to MRIS.   MRIS's initial hiding and belated disclosure of the ToU reveals that MRIS has no such assignment as required by section 204(a).

MRIS's motion for leave now seeks to take advantage of its own choices to conceal the ToU in Complaint ¶ 15, not to rely on the ToU in its motion for preliminary injunction, and to first disclose it in opposition to the motions to dismiss.  Thus, the "need" for MRIS's surreply was created by its own delayed disclosure because it set up AHRN's reply brief as the earliest AHRN could address the inadequacy of its purported assignment under section 204(a) of the Copyright Act.  See AHRN's Reply at 3-5.

Defendants oppose MRIS 's motion for leave to file a surreply because its alleged need, to the extent it exists, is of MRIS's own making.

>     2.     A Surreply Would Be Futile

In the nearly 13 years since the effective date of the ESIGN law, 15 U.S.C. 7001 *et seq.*, no court has applied it to section 204(a) of the Copyright Act.  Only one court has been faced with the argument.  *See McMunigal v. Bloch*, 2010 U.S. Dist. LEXIS 136086, at *23-24, n.4 (N.D. Cal. Dec. 23, 2010).  The Court found "no need to reach the issue because there is no writing from the Defendant alleged here."  (The parties had negotiated by emails that never reached agreement.)

In any event, whether the ESIGN law applies to section 204(a) is immaterial

because MRIS cannot avail itself of Section 7001(a).  Section 7001(a) provides that: "a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability *solely because it is in electronic form."  (Emphasis added).* Even if section 7001(a) were to apply to section 204(a) theoretically, MRIS cannot argue that "a signature, contract, or other record" would "be denied legal effect, validity, or enforceability *solely because it is in electronic form.*"  The denial of legal effect of the ToU that AHRN urges is a function not of being electronic, but of: (a) the complete absence of *any* signature, manual, mechanical, electronic or otherwise, (b) the absence of a contract, and (c) absence of any record of the transaction.

In addition, the ToU is too vague and self-contradictory to constitute a contract:

> THESE TERMS OF USE *SUPERSEDE* ANY PREVIOUS (e.g., UPSHOT) TERMS OF USE AND ARE *SUPPLEMENTAL* TO ANY OTHER TERMS OF USE AND AGREEMENTS GOVERNING YOUR USE OF THE MRIS SERVICE.

(*Emphasis added*).  An agreement cannot, both, *supersede* other terms of use and be *supplemental* to the same other terms of use.  The two positions are contradictory.

Finally, section 7001(d) of the ESIGN law requires retention and accessibility of electronically signed contracts, which MRIS does not appear to do or afford to the subscribers, and section 7006 provides for additional requirements for e-signatures "by a person with the intent to sign the record." The ToU procedure manifests no intent to sign any record or contract.

In sum, section 7001 does not supersede section 204(a), no court has so held, but even if it had, MRIS cannot meet the requirements of the ESIGN statute.

III.    CONCLUSION

Therefore, for the reasons set forth above MRIS's motion for leave to file a surreply should be denied.  However if the Court were to grant the motion, Defendants hereby requests permission to file a sur-surreply because it is the movant on the motion to dismiss and the movant is generally entitled to the last brief.

Respectfully submitted,

FARKAS+TOIKKA, LLP

_____/S/ Richard S. Toikka_____
Richard S. Toikka, Federal Bar No.13543
L. Peter Farkas (pro hac vice)
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)
lpf@farkastoikka.com (email)


Of Counsel:

Christopher R. Miller (pro hac vice)
Chief Legal Officer and General
Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California  94103
800-357-3321 (phone)
C.Miller@NeighborCity.com (email)

*Counsel for Defendants American Home
Realty Network, Inc. and Jonathan J.
Cardella*

**CERTIFICATE OF SERVICE**

I, Richard S. Toikka, herby certify that on this the 28th of June, 2012, a copy of

the foregoing Opposition was served by electronic means using the Court's CM/ECF

system upon:

John T. Westermeier, Esquire
Margaret A. Esquenet, Esquire
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413

*/S/ Richard S. Toikka*
Richard S. Toikka