IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br><br>　　　　Plaintiff, <br><br>v. <br><br>AMERICAN HOME REALTY NETWORK, INC. and JONATHAN J. CARDELLA, <br><br>　　　　Defendants. | CIVIL ACTION NO. 12-cv-0954 |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' REPLIES IN SUPPORT OF THEIR RULE 12(B) <u>MOTIONS TO DISMISS</u>**

Defendants' Opposition is yet another effort by Defendants to distract the Court with unfounded legal theories and to generally obfuscate the core issues before this Court. Defendants' Motions to Dismiss is based on: (1) whether this court has jurisdiction over Defendants, and (2) whether MRIS has stated a claim of copyright infringement that can withstand a Rule 12(b)(6) challenge.  As detailed in MRIS's Opposition to the Motions to Dismiss, this Court has jurisdiction over both Defendants and MRIS has sufficiently pleaded a claim for copyright infringement, even under a heightened pleading standard.  To state a prima facie case of copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *CoStar Group, Inc. v. Loopnet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004).  As MRIS has previously stated, no heightened pleading standard exists for copyright infringement, and MRIS need only state that it holds valid copyrights to the MRIS Database, and that Defendants have infringed the works contained in that

database.  *See e.g.*, *CoStar Realty Information, Inc. v. Field*, 612 F. Supp. 2d 660, 674 (D. Md. 2009).  MRIS's Complaint satisfies both elements and in fact provides substantial additional information.  Successive rounds of ever- shifting and expanding argumentation by Defendants do not alter that central point.

In their Motions to Dismiss, Defendants asked the court to expand the pleading requirements for a copyright infringement claim by arguing that, despite the statutory presumptions and the facts recited in the MRIS Complaint, MRIS's copyright registrations were invalid.  In response, MRIS more fully explained how it came to own the copyrights in the photographs included in the MRIS Database, facts which were incorporated in a less detailed manner in MRIS's Complaint.  (Compl. ¶ 15.)  Defendants now argue that MRIS's Motion for Leave is unwarranted because MRIS "should have expected a motion to strike" following its submission of "extraneous" material, and "concealed" the existence of its Terms of Use.  (Def. Opp. at 1-2.)  MRIS did not introduce "extraneous material" nor "conceal" anything, as the existence of these agreements was made plain in the Complaint.

MRIS also filed its Motion for Leave in response to Defendants' completely new argument in their Reply in Support of their Rule 12(b)(6) Motions, namely, that MRIS's Terms of Use violate Section 204(a) of the Copyright Act because "the courts have construed Section 204(a) to require a signature on paper." (Dkt. 29 at 3).  As explained in MRIS's Motion for Leave, this argument ignores federal and state law regarding electronic contracts.  Moreover, in their Opposition to the Motion for Leave, Defendants *again* introduce new arguments regarding Section 204, stating that a surreply would be "futile" since MRIS "cannot avail itself of Section 7001(a)" of the Electronic Signature in Global and National Commerce Act.  (Def. Opp. at 4-5.)  Defendants also seek to raise new issues regarding the validity of MRIS's Terms of Use, stating

that MRIS's Terms of Use "is too vague and self-contradictory to constitute a contract." (Def. Opp. at 5.)  Not only are these various new arguments meritless, they are inappropriate in the context of a Motion to Dismiss.

Based on the arguments in their Opposition to the Motion for Leave, it is obvious Defendants do not intend to advance any reasonable, responsive positions regarding the motion to strike or the applicability of E-SIGN to copyright assignments.  If the Court believes that additional briefing regarding these issues would be useful in evaluating Defendants' Motions to Dismiss, MRIS respectfully requests the court to grant MRIS's Motion for Leave to file a Surreply.

Respectfully submitted,

Dated:  June 29, 2012         By:  /s/Margaret A. Esquenet
                              John T. Westermeier (Bar No. 04364)
                              (jay.westermeier@finnegan.com)
                              Margaret A. Esquenet (Bar No. 27775)
                              (margaret.esquenet@finnegan.com)
                              Whitney D. Cooke (admitted *pro hac vice*)
                              (whitney.cooke@finnegan.com)

                              FINNEGAN, HENDERSON, FARABOW,
                                GARRETT & DUNNER, L.L.P.

                              *Attorneys for Plaintiff*
                              Metropolitan Regional Information
                              Systems, Inc.

## **CERTIFICATE OF SERVICE**

     I, Margaret A. Esquenet, hereby certify that on June 29, 2012 a copy of the foregoing Reply in Support of Motion for Leave to File Surreply to Defendants' Replies in Support of Their Rule 12(B) Motions to Dismiss was served using the Court's CM/ECF system upon:

Richard S. Toikka
L. Peter Farakas
FARKAS & TOIKKA, L.L.P.
1101 30th Street N.W., Suite 500
Washington, DC 20007
rst@farkastoikka.com
lfp@farkastoikka.com

Christopher Ralph Miller
AMERICAN HOME REALTY NETWORK INC.
222 7th Street, Second Floor
San Francisco, CA 94103
c.miller@neighborcity.com

                                                  /s/Margaret A. Esquenet
                                                  Margaret A. Esquenet