**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| **METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN HOME REALTY NETWORK, INC. and JONATHAN J. CARDELLA**<br><br>Defendants. | **CIVIL ACTION NO. 12-cv-0954** |

**MOTION FOR MODIFICATION OF ORDER**

Pursuant to this Court's August 27, 2012 Order (Dkt. 35) granting Plaintiff Metropolitan Regional Information Systems, Inc.'s ("MRIS") Motion for Preliminary Injunction (Dkt. 9), Defendants American Home Realty Network, Inc. and "all persons acting under its direction, control, or authority" are enjoined from "unauthorized copying, reproduction, public display, or public distribution of copyrighted content from the MRIS Database, and from preparing derivative works based upon the copyrighted content from the MRIS Database." Dkt. 35 at 2. MRIS respectfully brings to this Court's attention that the Court's Order does not refer to Fed. R. Civ. P. 65(c) which states:

> (c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained . . . .

Fed. R. Civ. P. 65(c).

To confirm that the Court's Order complies with Fed. R. Civ. P. 65(c), MRIS offers a bond of $5,257.50, the total of AHRN's referral fees from Maryland real estate brokers in 2011,

as stated in AHRN's Rule 12(b) Motion to Dismiss (Dkt. 24) ("For example, AHRN, Inc.'s referral fees from Maryland-brokers totaled $5,257.50 or 2.4 percent of revenue in 2011 . . . ."). Dkt. 24-1 at 17.  In light of the fact that AHRN did not request a bond in its opposition to MRIS's Motion for Preliminary Injunction, nor identify any damages that AHRN may suffer following the issuance of a preliminary injunction, this amount is more than sufficient under Fourth Circuit precedent.  *See Candle Factory, Inc. v. Trade Associates Group, Ltd.*, 23 Fed. Appx. 134 (4th Cir. 2001) ("The evidence of record amply supports the court's finding that [plaintiff] possessed a valid copyright upon which [defendants] infringed . . . In this context, the district court's decision to fix a bond in the sum of $500 was an appropriate exercise of its discretion, and its finding that [defendant] would suffer little harm if enjoined from further selling its infringing [products] is not clearly erroneous"); *see also Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,* 174 F.3d 411, 421 n. 3 (4th Cir.1999).

Accordingly, MRIS respectfully requests that the Court's Order (Dkt. 35) be modified to reflect a security in the amount of $5,257.50.

          Respectfully submitted,

Dated:  September 4, 2012        By:  /Margaret A. Esquenet/
        John T. Westermeier (Bar No. 04364)
        (jay.westermeier@finnegan.com)
        Margaret A. Esquenet (Bar No. 27775)
        (margaret.esquenet@finnegan.com)
        Whitney D. Cooke (admitted *pro hac vice*)
        (whitney.cooke@finnegan.com)

        FINNEGAN, HENDERSON, FARABOW,
         GARRETT & DUNNER, L.L.P.

        *Attorneys for Plaintiff*
        Metropolitan Regional Information
        Systems, Inc.

## CERTIFICATE OF SERVICE

I, Margaret A. Esquenet, hereby certify that on September 4, 2012 a copy of the foregoing Motion for Modification of Order using the Court's CM/ECF system upon:

Richard S. Toikka
L. Peter Farakas
FARKAS & TOIKKA, L.L.P.
1101 30th Street N.W., Suite 500
Washington, DC 20007
rst@farkastoikka.com
lfp@farkastoikka.com

Christopher Ralph Miller
AMERICAN HOME REALTY NETWORK INC.
222 7th Street, Second Floor
San Francisco, CA 94103
c.miller@neighborcity.com

/s/Margaret A. Esquenet