**[Counsel identified on signature page]**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC.** | § § § § |
| Plaintiff, | § |
| **v.** | § Civil Action No.: AW 12-cv-00954 § |
| **AMERICAN HOME REALTY NETWORK, INC. and JONATHAN J. CARDELLA** | § § § § |
| Defendants. | § § |

## STIPULATED PROTECTIVE ORDER

Plaintiff Metropolitan Regional Information Systems, Inc. ("Plaintiff") and Defendant, American Home Realty Network, Inc. ("Defendant"),[1] through their counsel of record, and in compliance with Local Rule ("L.R.") 104(13), hereby stipulate to and jointly request that the Court enter a Stipulated Protective Order as follows:

All Parties recognize that discovery in the instant action may require the production or disclosure of sensitive or confidential information; and

WHEREAS, Plaintiff and Defendant have, either directly or through counsel, stipulated to the entry of this protective order (the "Order") pursuant to mutual agreement;

IT IS HEREBY STIPULATED AND ORDERED THAT:

1.      This Order applies to: (i) the Parties; and, (ii) any non-party witness in this action who may be provided access to Confidential Material, as that term is defined below.

2.      This Order applies to and governs any record of testimony given at any deposition in this action, as well as all documents, tangible things, or other material and information, including but not limited to financial documents, or proprietary information, produced, supplied or otherwise made available in any manner or media for inspection or review by any Party in this action (collectively, the "Discovery Material").

3.      Any Party (the "Designating Party") has the right to designate as "CONFIDENTIAL," or "ATTORNEY'S EYES ONLY" any Discovery Material which it believes in good faith constitutes confidential information, financial documents, or proprietary information, or other material which is not publicly known and which the Designating Party would normally cause third parties to maintain in confidence.  Such Discovery Material is hereinafter referred to as "Confidential Material."  Failure to designate Confidential Material at the time of production does

---

[1] Plaintiff and Defendant may also sometimes be referred to herein as a "Party" or together as the "Parties".

not waive a Party's right to add a "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation later.  However, no party will be deemed to have violated this Protective Order if, prior to any later designation, Confidential Material has been disclosed or used in a manner inconsistent with such later designation.  Once a "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation is made, the Confidential Material will be treated, respectively, as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as the case may be unless the designation is successfully challenged pursuant to the procedure in paragraph 17 of this Order, or the Designating Party agrees to withdraw the designation.

4.     The Designating Party may only make an "ATTORNEY'S EYES ONLY" designation only with respect to Confidential Material constituting highly sensitive employment records, personnel records, financial documents or information, certain emails involving personal information, or other proprietary information which the Designating Party believes in good faith will harm its competitive position if it becomes known to any person, entity, or Party other than the Designating Party.

5.     It is the intention of this Order that the following categories of Discovery Material should not be designated as Confidential Material:  (a) any Discovery Material that, at the time of its disclosure to any other Party to this action (the "Receiving Party"), said other Party can show is available to the general public by reason of prior publication or otherwise; (b) any Discovery Material that, after its disclosure in this action, the Receiving Party can show has become available to the general public by reason of prior publication or otherwise through no act, omission or fault on the part of the Receiving Party; (c) any Discovery Material that, at the time of its disclosure in this action, the Receiving Party can show is rightfully in its possession or in the possession of any other person retained by or for it and under no obligations of confidence to any Party or non-party with respect to that Discovery Material; or (d) any Discovery Material that, after its disclosure in this

action, the Receiving Party can show is rightfully received by the Receiving Party, under no obligations of confidence with respect to that Discovery Material from any non-party having the right to make such disclosure.   If any Designating Party designates any such materials as Confidential Material, the any Receiving Party may challenge such designation pursuant to the procedures set forth in Section 17 below.

6.      To designate any documents or things as  Confidential Material the Designating Party must prominently stamp, label, or otherwise affix to the Confidential Material the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" at the time of its disclosure to counsel of record for the Receiving Party.   In the event that a stamp or like affixation is not practical with respect to any such Confidential Material, the designation may be made by a writing accompanying the Confidential Material, and identifying it with sufficient particularity.

7.      Deposition  transcripts,  in  whole  or  in  part,  may  be  designated "Confidential Material."   The Designating Party has the right to have all persons who are not entitled to receive such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" material, respectively, except the deponent, counsel for any Party or counsel for the deponent, court reporter, videographer, and/or translator, excluded from a deposition before the taking therein of testimony which the Designating Party designates as Confidential Material subject to this Order.

8.      Confidential Material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," or information taken therefrom, may not be provided or disclosed by the Receiving Party to any person who is not expressly entitled to receive such Confidential Material under this Order.  If a Party desires or is required to file designated Confidential Material with the Court in connection with this action, counsel will simultaneously submit a motion and accompanying order pursuant to L.R. 105.11. The Clerk of this Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to the Court pursuant to this

paragraph or any other provision of this Order.  Materials that are the subject of the motion to seal shall remain temporarily

sealed pending a ruling by the Court. If the motion is denied, the party making the filing

will be given an opportunity to withdraw the materials. Upon termination of the action,

sealed materials will be disposed of in accordance with L.R. 113.  Any interested member of the

public may challenge any attempt by any Party to have documents filed with the Court under seal.

An interested member of the public may make such a challenge by contacting this Court's Clerk and

filing an appropriate motion.  If an interested member of the public or a Non-Designating party

makes such a challenge, the Designating Party may oppose any such challenge before any

Confidential Material is unsealed or otherwise disclosed.

      9.      Confidential Material designated "CONFIDENTIAL" may be disclosed only to the following:

      a.      A Party, and up to five employee or independent contractor representatives of each Party, not to include in-house counsel or members of a Party's legal department, who have executed the declaration in the form of Exhibit A hereto pursuant to paragraph 11 and have delivered the declaration to the Party's counsel prior to disclosure of such Confidential Material;

      b.      This Court and its staff and to court reporters and their staff in the performance of their duties in connection with this action;

      c.      Outside counsel of record in this action for the Receiving Party, their partners and associates and their office staffs, as well as outside vendors retained to provide litigation support services to those attorneys;

      d.      Independent experts or consultants of the Receiving Party or Parties who are not employees, consultants, or representatives of any Receiving Party, who have been retained by counsel to provide technical or expert advice and consultation in connection with the preparation and

trial of this action, and who have executed the declaration in the form of Exhibit A hereto pursuant to paragraph 11 herein and have delivered the declaration to the Party's counsel prior to disclosure of such Confidential Material.  .

e.      Any person to whom the Designating Party agrees in writing; and

f.      Any person expressly permitted by a Court Order.

10.    Confidential Material designated "ATTORNEY'S EYES ONLY" may be disclosed only to the following persons:

a.      This Court and its staff and to court reporters and their staff in the performance of their duties in connection with this action;

b.      Outside counsel of record in this action for any Receiving Party or Parties, their partners and associates and their office staffs, as well as outside vendors retained to provide litigation support services to those attorneys;

c.      Independent experts or consultants of the Receiving Party or parties who are not employees, consultants, or representatives of any Receiving Party, who have been retained by counsel to provide technical advice and consultation in connection with the preparation and trial of this action, and who have executed the declaration in the form of Exhibit A hereto pursuant to paragraph 11 herein;

d.      Any person to whom the Designating Party agrees in writing; and

e.      In-house counsel or members of a Party's legal department, where the counsel in good faith believes that disclosure of the ATTORNEY'S EYES ONLY Confidential Material to such person is otherwise necessary to this action (provided that such disclosure is limited to only that Confidential Information which counsel in good faith believes is relevant to the preparation and/or testimony of such person or is otherwise necessary to this action);

f.      Any person expressly permitted by Court Order.

11.     Each person entitled to receive Confidential Material under the terms of paragraphs 9(a), 9(d), 9(e), 9(f) 10(c), 10(d), 10(e), and/or 10 (f) of this Order (hereinafter referred to as "Qualified Person") will, prior to receiving any such Confidential Material, execute a written declaration as set forth in the form of Exhibit A ("Written Declaration") acknowledging that he or she has read a copy of this Order and agrees to be bound thereby, or, in the case of a deposition, the third party witness, counsel for the third party witness, if any, and the court reporter, videographer and translator have so acknowledged and agreed on the record of the deposition.  The attorneys and Parties also hereby represent and warrant that all Confidential Material provided to any Qualified Person under this Order, including any documents prepared by the Qualified Person that recite, copy, or otherwise include the Confidential Material disclosed to him or her, will be returned to the attorneys from whom they received the Confidential Material, deleted, or destroyed and, at the conclusion of this litigation, the attorneys will provide an acknowledgment to each other that such actions have been taken.  Counsel for the Receiving Party will retain the original of all Written Declarations.

12.     No person may use any Confidential Material that is subject to this Order for any purpose other than for the preparation, trial, and/or appeal of this action.

13.     Except with the prior written consent of the Designating Party, Confidential Material may not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.  If Confidential Material is disclosed to any person not entitled to receive disclosure of such material under this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, and, without prejudice to other rights and remedies of any Party, make a reasonable, good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such material.  The Parties hereto do not waive whatever rights they may have against any Party or person responsible in whole or in

part for any authorized disclosure hereunder, including the right to apply for immediate injunctive relief.  The Parties also do not waive their right to oppose any such application made by any non-party.

14.     At a deposition, a Party may disclose Confidential Material that it received pursuant to this Order (a) to any officer, director, employee, attorney or agent of the Designating Party; (b) to any former officer, director, employee, attorney or agent of that Designating Party provided that (i) the document or thing includes indicia that the former officer, director, employee, attorney or agent had authored or received it or (ii) a foundation is first laid that the person likely would have had access to the Confidential Material in the course of the person's employment or consultancy; or (c) if the Designating Party permits such disclosure.

15.     The designation of any Discovery Material in accordance with this Order as Confidential Material constituting or containing medical records, employment records, personnel records, financial documents or information, or proprietary information is intended solely to facilitate the preparation and trial and any appeals of this action, and treatment of such Discovery Material by persons entitled to receive Confidential Material in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated Confidential Material constitutes or contains any proprietary or relevant information.

16.     Nothing herein prevents disclosure beyond the terms of this Order if the Party whose material has been designated Confidential Material consents in writing to such disclosure, or if the Court, after notice to the Parties, orders such disclosure.

17.     No Party is obligated to challenge the propriety of any designation, and a failure to do so at any time will not preclude a subsequent challenge on the propriety of such designation.  Upon duly noticed motion by any Party to the Designating Party, and for good cause shown, this Order may be modified or made inapplicable to specific Discovery Material.  At any time after the

designation of Confidential Material, either Party may challenge a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation of all or any portion thereof by providing written notice to all Parties.  If the Parties are unable to agree as to whether the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation is appropriate, then the Receiving Party can seek from the Court an order permitting it to modify or remove the designation of the documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with the burden remaining on the Designating Party to justify the designation under the terms of this Order and Fed. R. Civ. P. 26(c).

18.    Nothing in this Order bars or otherwise restricts counsel for a Party from rendering advice to the Party he or she represents in this action, solely with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Confidential Material, provided, however, that in rendering such advice and in otherwise communicating with the Party he or she represents, such counsel will not directly or indirectly disclose the content of any Confidential Material to anyone who is not authorized to receive such disclosure under the terms of this Order.

19.    The Parties recognize that there may be produced Confidential Material originating with a non-party as to which there exists an obligation of confidentiality.  Such material that a Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Confidential Material and will be subject to the restrictions on disclosures specified in this Order.  In addition, consistent with the terms of this Stipulated Protective Order, any non-party may designate its document production or deposition testimony in response to a subpoena as Confidential Material pursuant to this Stipulated Protective Order.

20.    Upon the final determination of this action, except as provided below and unless otherwise agreed to in writing by counsel for the Designating Party, each Receiving Party will either (1) assemble and return to each Designating Party all Confidential Material received therefrom under this Order, including all copies thereof, with a certification that no copies remain with such party; or

(2) destroy or delete all Confidential Material received therefrom under this Order, including all paper and/or electronic copies thereof, with a certification that no copies remain with such party. Each Party receiving such material pursuant to subsection (1) of this paragraph will acknowledge receipt of such material in writing.  Counsel for each Party is entitled to retain one copy of all pleadings and motions (including exhibits) and discovery requests and responses.

21.    Nothing herein imposes any restriction on the use or disclosure by a Party of its own documents, information, or other Discovery Material.


**AGREED TO AS TO FORM AND CONTENT:**

Dated: December 17, 2012                            FINNEGAN, HENDERSON, FARABOW,
                                                    GARRETT & DUNNER LLP


                                                    /s/Margaret A. Esquenet
                                                    John T. Westermeier (Bar. No. 04364)
                                                    (jay.westermeier@finnegan.com)
                                                    Margaret A. Esquenet (Bar. No. 27775)
                                                    (margaret.esquenet@finnegan.com)
                                                    Whitney D. Cooke (admitted *pro hac vice*)
                                                    (whitney.cooke@finnegan.com)

                                                    *Attorneys for Plaintiff*
                                                    Metropolitan Regional Information Systems,
                                                    Inc.

1

2

Dated: December 17, 2012                                    FARKAS+TOIKKA, LLP

3

4                                                          /s/Richard S. Toikka
                                                           Richard S. Toikka (Bar No. 13543)
5                                                          (rst@farkastoikka.com)
                                                           L. Peter Farkas (admitted *pro hac vice*)
6                                                          (lpf@farkastoikka.com)

7

8                                                          Attorneys for Defendant American Home
                                                           Realty Network, Inc.

9

10   **SO ORDERED:**

11

     DATED: _____, 2012

12

13

14   _____
                                                           Alexander Williams, Jr.
15                                                         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3

I, Margaret A. Esquenet, hereby certify that on December 17, 2012 a copy of

4

the foregoing Stipulated Protective Order was served using the Court's CM/ECF

5

system upon:

6

7       Richard S. Toikka
        L. Peter Farakas
8       FARKAS & TOIKKA, L.L.P.
        1101 30th Street N.W., Suite 500
        Washington, DC 20007
9       rst@farkastoikka.com
        lpf@farkastoikka.com
10

11      Christopher Ralph Miller
        AMERICAN HOME REALTY NETWORK INC.
12      222 7th Street, Second Floor
        San Francisco, CA 94103
13      c.miller@neighborcity.com

14      Matthew D. Krueger
        SIDLEY AUSTIN LLP
15      1501 K Street, NW
        Washington, DC  20005
16      mkrueger@sidley.com

17      Jack R. Bierig
        Tacy F. Flint
18      SIDLEY AUSTIN LLP
        One S. Dearborn Street
19      Chicago, IL  60603
        jbierig@sidley.com
20      tflint@sidley.com

21                                  /s/Margaret A. Esquenet

22

23

24

25

26

27

28