**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC.,** | **CIVIL ACTION NO. 12-cv-0954-AW** |
| **Plaintiff,** | |
| **v.** | |
| **AMERICAN HOME REALTY NETWORK, INC. and JONATHAN J. CARDELLA,** | |
| **Defendants.** | |
| **and** | |
| **AMERICAN HOME REALTY NETWORK, INC.** | |
| **Counterclaim Plaintiff,** | |
| **v.** | |
| **METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., NATIONAL ASSOCIATION OF REALTORS, AND DOES 1-25,** | |
| **Counterclaim Defendants.** | |

**PLAINTIFF-COUNTERCLAIM DEFENDANT MRIS'S MEMORANDUM IN
<u>SUPPORT OF ITS MOTION FOR CONTEMPT</u>**

## I.   INTRODUCTION

Despite this Court's Order enjoining Defendant American Home Realty Network ("AHRN") from "unauthorized copying, reproduction, public display, or public distribution of," and "preparing derivative works" from copyrighted content, i.e., photographs, from Plaintiff Metropolitan Regional Information Systems, Inc. ("MRIS")'s MRIS Database (Dkt. 64 and 65), AHRN continues to copy and distribute MRIS's copyrighted photographs.

Upon review of AHRN's NeighborCity.com website, it appears that thousands of photographs from the MRIS Database bearing a "© MRIS" notice currently are displayed on the website, in violation of this Court's November 13, 2012 Memorandum Opinion and Order, as demonstrated below and in the evidence attached hereto.  AHRN's continuing infringement of the MRIS Database in flagrant violation of this Court's Order has caused MRIS further irreparable harm, and continues to deprive MRIS of the right to control the distribution of its copyrighted works.

MRIS respectfully requests that this Court find AHRN in contempt of its November 13, 2012 Order and grant MRIS its requested relief, specifically, (1) an accounting conducted by an independent auditor paid for by AHRN identifying each photograph bearing the MRIS copyright notice, that has appeared or currently appears on the neighborcity.com website since November 16, 2012; (2) a coercive fine in the amount of at least $750 per photograph, based on the statutory damages provision of the Copyright Act, 17 U.S.C. 504(c)(1)[2]; (3) reasonable attorneys' fees associated with this contempt motion; (4) an order releasing the $10,000 bond

---

[2] MRIS's proposed fine of $750 per photograph is solely for the purpose of this Motion for Contempt.  Pursuant to 17 U.S.C. § 504(c)(1), MRIS has not yet elected whether it will pursue statutory or actual damages and reserves all rights in connection with this issue and the value of the photographs in other proceedings in this action.

required by the November 13 Order; (5) conversion the preliminary injunction to a permanent

injunction, and (6) any other relief the Court deems appropriate.

## II.    FACTUAL BACKGROUND

Through the various filings by the parties in this action (e.g., Dkts. 1, 9, 24-1, 25, 26, 27,

29, 32, 33, and 63-1) and as detailed in the Court's Memorandum Opinions and Orders, the

Court is familiar with the parties and many of the facts and contentions in this matter.  For the

sake of conciseness, MRIS will not repeat all of the background information available in these

earlier proceedings.

In short, MRIS provides one of America's largest Multiple Listing Services ("MLS"),

facilitating real estate transactions in the Mid-Atlantic region.  MRIS maintains and provides

authorized, licensed subscribers and other authorized licensees access to and use of the MRIS

Database.  The MRIS Database provides timely and accurate real estate information to thousands

of real estate professionals, including agents, brokers, and appraisers.  Subject to the terms and

commitments detailed in the applicable contractual agreements with MRIS (e.g., the MRIS

Subscription Agreements, MRIS Database Access and Use Agreements, and Terms of Use

Agreements) and payment of the applicable fees, each real estate professional subscribing to

MRIS's services is given access to the MRIS Database through the various products, services,

and programs offered by MRIS.  MRIS's selection, arrangement, and coordination of

copyrightable content and facts that make up the MRIS Database and the compliance and other

services provided by MRIS makes the database a valuable tool to real estate professionals and

consumers.

On August 27, 2012, this Court issued a Memorandum Opinion and Order, granting

MRIS's Motion for Preliminary Injunction.  In its Memorandum Opinion, this Court found that

MRIS established, among other things, that it "owns the copyrights of the underlying parts of the

MRIS Database, as "© MRIS" notices are prominently displayed on photographs of properties."

(August 27, 2012 Memorandum Opinion ("Aug. 27 Mem. Op.") at 25.)  The August 27 Order

stated in relevant part:

> MRIS's Motion for Preliminary Injunction, Doc. No. 9, is **GRANTED**.
> Defendant AHRN and all persons acting under its direction, control or
> authority are hereby enjoined from unauthorized copying, reproduction,
> public display, or public distribution of copyrighted content from the
> MRIS Database, and from preparing derivative works based upon the
> copyrighted content from the MRIS Database.
>
> (Aug. 27 Order at ¶ 4.)

AHRN filed a Motion to Clarify, Reconsider, or Suspend the August 27 Order ("Motion

to Clarify") on September 10, 2012, stating that "the Order is insufficiently specific in the scope

of the injunction and the act(s) sought to be restrained under Rule 65(d) of the Federal Rules to

permit AHRN to be certain of its compliance with the Court's Order."  (Motion to Clarify; Dkt.

42 at 4.)  This Court granted AHRN's Motion to Clarify in part in its November 13 Order,

revising the August 27 Order to read as follows:

> AHRN and all persons acting under its direction, control or authority are
> hereby preliminarily enjoined from unauthorized copying, reproduction,
> display, or public distribution of MRIS's copyrighted photographs and
> from preparing derivative works based upon MRIS's copyrighted
> photographs.

(Nov. 13 Order; Dkt. 65.)  The November 13 Order became effective on November 16, 2012,

when MRIS submitted the $10,000 bond required by the Order (Nov. 13 Order; Dkt. 64 at 15.)

Notwithstanding the unambiguous language of this Court's November 13 Memorandum Opinion

and Order, AHRN's NeighborCity.com website continues to feature thousands of photographs

bearing a "© MRIS" notice.  Accordingly, AHRN continues to engage in the activities expressly

enjoined by the November 13 Order, namely, "unauthorized copying, reproduction, public

display, or distribution of MRIS's copyrighted photographs" and "preparing derivative works

based upon MRIS's copyrighted photographs."  AHRN's ongoing violations flout this Court's

authority and constitute contempt.

**A.  Significant Volumes of Photographs Bearing a "© MRIS" Notice Continue to Appear on NeighborCity.com**

MRIS's preliminary, manual analysis of AHRN's NeighborCity.com website has located

hundreds of real estate listings displaying thousands of photographs from the MRIS Database

bearing a "© MRIS" notice that have appeared on NeighborCity.com since this Court's issuance

of the November 13 Order.  A representative sample of such listings, taken from 26 zip codes in

the MRIS Territory, is attached to the Declaration of Danielle Blanchard filed in herewith

(Blanchard Decl.) and includes the following specific examples:

- 112 Alexandria Ave. E, Alexandria, VA 22301, available at www.neighborcity.com/property/112-ALEXANDRIA-Ave-EAST-Alexandria-VA-22301-AX7980368-30759218/ (Blanchard Decl. ¶ 2; Exhibit 1).





- 2516 17ᵗʰ St. NW #4, Washington DC 20009, available at www.neighborcity.com/property/2516-17TH-ST-NW-4-Washington-DC-20009-DC7971843-30362815/ (Blanchard Dec. ¶ 3; Exhibit 2):





- 1750 16th St. NW # 34, Washington DC 20009, available at
  www.neighborcity.com/property/1750‑16TH‑St‑NORTHWEST‑‑34‑Washingt
  on‑DC‑20009‑DC7977362‑30738421/ (Blanchard Decl. ¶ 4; Exhibit 3):





- 717 Pleasant Dr., Rockville, MD 20850, available at
  www.neighborcity.com/property/717-PLEASANT-Dr-Rockville-MD-20850-M
  C7967697-30311215/ (Blanchard Decl. ¶ 5; Exhibit 4):



- 10165 Treble Ct., Rockville MD 20850; available at www.neighborcity.com/property/10165‑TREBLE‑Ct‑Rockville‑MD‑20850‑M C7976345‑30738274/ (Blanchard Decl. ¶ 6; Exhibit 5):





- 12408 Rambling Lane, Bowie, MD 20715, available at www.neighborcity.com/property/12408-RAMBLING-Ln-Bowie-MD-20715-P G7975292-30710979/ (Blanchard Decl. ¶ 7; Exhibit 6):



Lists containing representative samples of real estate listings appearing on

NeighborCity.com that display MRIS's copyrighted photographs bearing a "© MRIS" notice in

Washington, D.C. (zip codes 20011, 20001, 20019, 20018, 20020, 20009, 20002, 20003, 20012,

20015); Maryland (zip codes 20906, 20850, 20910, 20854); and Virginia (zip codes 22303,

22304, 22302, 22206, 22041, 22311, 22312, 22310, 22305, 22301, 22314, and 22315) are

attached hereto as Exhibits 7-9 to the Blanchard Declaration.  (Blanchard Decl. ¶¶ 8-10.)  MRIS

generated these lists by manually searching the NeighborCity.com website for listings located in

these zip codes that display MRIS's copyrighted photographs bearing a "© MRIS" copyright notice.  (*Id*. ¶ 11.)

## III.    ARGUMENT

### A.    Legal Standard for Motion for Contempt

The purposes of civil contempt are to coerce obedience to a court order and to compensate a party for losses sustained as a result of the contumacy.  *In re General Motors*, 61 F.3d 256, 258 (4th Cir. 1995) (citing *Connolly v. J.T. Ventures,* 851 F.2d 930, 932 (7th Cir.1988)).  To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) the decree was in the movant's favor; (3) the alleged contemnor by his conduct violated the terms of the decree, and had knowledge of such violations; and (4) the movant suffered harm as a result.  *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2001) (quoting *Colonial Williamsburg Found. v. The Kittinger Co*., 792 F. Supp. 1397, 1405-06 (E.D. Va. 1992)).

If contempt is found, the remedy to be imposed lies within the court's broad discretion.  *General Motors*, 61 F.3d at 259.  However, "a compensatory sanction 'may not exceed the actual loss to the complainant caused by the actions of respondent, lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding.' " *Id.* (internal citations omitted).  Remedies include ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorneys' fees.  *See Axiom Resource Management, Inc. v. Alfotech Solutions, LLC*, No. 1:10-cv-1011, 2011 WL 2559806 at *2 (E.D. Va. June 27, 2011) (granting motion for contempt and awarding complainant attorneys' fees as well as disgorged funds obtained in violation of temporary restraining order and preliminary injunction); *Consolidated HVAC, Inc. v. All State Plumbing, Inc*., No. CCB-04-2741, 2006 WL 2563367 at

*7-8 (D. Md. Aug. 30, 2006) (granting motion for contempt following repeated violation of preliminary injunction order and awarding plaintiff $136,000 in actual damages and reasonable attorneys' fees and costs).

Other forms of relief include: converting a preliminary injunction into a permanent injunction; releasing the bond posted by plaintiff in connection with the preliminary injunction order; and/or requiring the contemnor to install safeguards against future infringing activities. *Axiom*, 2011 WL 2559806 at *2 (ordering that terms of the preliminary injunction be converted into permanent injunction and that the bond posted by plaintiff in connection with preliminary injunction order be released); *Consolidated HVAC*, 2006 WL 2563367 at *7 (ordering defendants to implement at their expense a telephone intercept system for period of one year to redirect all incoming calls from telephone number used in connection with infringing advertisement).

As explained below, MRIS satisfies the elements for civil contempt.

### B.     AHRN Has Actual Knowledge of this Court's November 13 Preliminary Injunction Order which was in MRIS's Favor

There is no question that AHRN has actual knowledge of this Court's November 13 Order.  AHRN submitted the November 13 Memorandum Opinion and Order as "supplemental authority" under Federal Rule of Appellate Procedure 28(j) in its appeal of the August 27, 2012 Order currently pending before the United States Court of Appeals for the Fourth Circuit. AHRN subsequently appealed the November 13 Order in a supplemental opening brief, filed on December 7, 2012, and these appeals have been consolidated.  Moreover, AHRN repeatedly refers to the November 13 Order in its Opposition to MRIS's Motion to Dismiss AHRN's First Amended Counterclaim.  (See, e.g., Dkt. 87 at 15-16.)

12

Although the November 13 Order narrowed the scope of the August 27 preliminary injunction order from "copyrighted content" to "copyrighted photographs" from the MRIS Database, it was issued in MRIS's favor.  This Court's November 13 Memorandum Opinion and Order denied AHRN's request for reconsideration of the August 27 Order, and emphasized that the "revised Order does not imply that MRIS's copyright interests in the MRIS Database end with the photographs."  (Nov. 13 Mem. Op.; Dkt. 64 at 4.)  This Court found that "[t]o the contrary, MRIS has demonstrated a likelihood of success on the merits that the MRIS Database exhibits the requisite originality for copyright protection," and reaffirmed its findings that "AHRN had copied constituent, original content from the MRIS Database" based on the "undisputed evidence that MRIS's copyrighted photographs were featured on NeighborCity.com."  (Nov. 13 Mem. Op; Dkt. 64 at 4-5.)  Accordingly, the November 13 Order was issued in MRIS's favor.

### C.  AHRN Has Knowingly Violated the November 13 Preliminary Injunction Order

Copyrighted photographs do not appear on NeighborCity.com by accident.[3]  Rather, AHRN relies what it alleges to be "novel technology" to copy and display copyrighted real estate listing content on NeighborCity.com.  As MRIS has repeatedly demonstrated, for photographs bearing "© MRIS" originate from the MRIS Database.  Further, AHRN is not a licensee of MRIS and has received no authorization from MRIS to use any photographs or other

---

[3] Neither can AHRN excuse its continued infringement on the grounds that it has appealed the November 13 Order to the United States Court of Appeals.  This Court expressly denied AHRN's request to stay the order pending its appeal to the Fourth Circuit, stating "AHRN has not made a sufficient showing that the preliminary injunction should be stayed" and "has not established that it will suffer irreparable harm if the revised injunction is not stayed" or "presented any argument as to why the public interest will be served by granting the stay." (Nov. 13 Mem. Op.; Dkt. 64 at 14-15.)  Accordingly, AHRN is well aware that the November 13 Order remains in effect despite its Fourth Circuit appeal.

informational content from the MRIS Database.  (*See* Motion for Preliminary Injunction (Dkt. 9 at 9); Reply in Support of Preliminary Injunction (Dkt. 27 at 24); Opposition to AHRN's Motion to Clarify, Reconsider, or Suspend the Preliminary Injunction Order (Dkt. 48 at 4-6).)  The prominent "© MRIS" notice on each photograph leaves no doubt as to the source and owner of each  photograph.  Any representation by AHRN to the contrary—i.e., stating that AHRN does not copy from the MRIS Database or MRIS RETS feed, or is not aware of the ownership of such photographs—should be given no weight in light of the overwhelming evidence that demonstrates AHRN has not complied with this Court's Order.  Indeed, on October 15, 2012 AHRN's CEO, Jonathan Cardella, declared under oath to this Court that AHRN has replaced MRIS's photographs with Google StreetView photographs by "modify[ing] the way it obtains listing information in the states in which MRIS operates by using the MLS# to make this determination."  (Declaration of Jonathan J. Cardella, Dkt. 54-1 at ¶ 8.)  AHRN and its CEO have full control of NeighborCity.com, and are responsible for adding and removing content from that site in compliance with this Court's Order.  From Mr. Cardella's statement, it is also apparent that there was no misunderstanding on AHRN's part as to the purpose, scope, or intent of the revised Order.  Indeed, it is difficult to conceive of a circumstance in which AHRN could claim that it did not, or should not have known, that its current actions violate this Court's Order.

### D.    MRIS Has Suffered Harm as a Result of AHRN's Violations of the November 13 Preliminary Injunction Order

AHRN's deliberate failure to comply with the Court's preliminary injunction Order and is causing further irreparable harm to MRIS, which continues to be deprived of the right to control the distribution of its copyrighted works, and has had to incur costs and divert efforts to monitor AHRN's compliance.  The continued display of photographs bearing the "© MRIS" notice on AHRN's NeighborCity.com website may lead customers to believe mistakenly that

MRIS approves of such display by AHRN, sponsors AHRN's website, or is otherwise affiliated with AHRN.  Moreover, MRIS has no way to confirm that the MRIS photographs AHRN chooses for display on the NeighborCity.com website are accurate (e.g., are properly associated with the correct listing, are of sufficient resolution, etc.) or to force AHRN to comply with MRIS's quality control measures, causing irreparable harm to MRIS and its subscribers and compromising MRIS's reputation.  AHRN's failure to comply further harms MRIS by forcing MRIS to manually determine and document AHRN's non-compliance with this Court's Order. Accordingly, this Court should compensate MRIS for the harm caused by its actions.

> **E.**     **MRIS is Entitled to Compensation and Sanctions for AHRN's Failure to Comply with the November 13 Order**

> **1.**     **MRIS's Compensation Should Be Grounded in Statutory Damages**

As stated above, the purposes of civil contempt are to coerce obedience to a court order and to compensate a party for losses sustained as a result of the contumacy.  *In re General Motors*, 61 F.3d 256, 258 (4th Cir. 1995).  In addition, this Court has broad discretion to fashion a remedy to serve the purposes of coercion and compensation.  *Id.* at 259 ("If contempt is found, the remedy to be imposed lies within the court's broad discretion.")

To compensate MRIS for the losses it has sustained as a result of AHRN's contempt of this Court's November 13 Order, MRIS requests an Order requiring AHRN to pay MRIS's reasonable attorneys' fees associated with bringing this Motion for Contempt.  AHRN should be required to pay more than attorneys' fees, however.  MRIS respectfully requests that this Court impose a fine upon AHRN to refocus AHRN's attention on its continuing obligations under the November 13 Order and coerce AHRN to comply.  Accordingly, MRIS proposes that this Court rely upon the statutory damages provisions in the Copyright Act, 17 U.S.C. 504(c)(1), to set this fine at $750 per infringed photograph.  Courts have regularly relied upon the statutory damages

provision of the Copyright Act to determine the proper remedy for an infringer's contempt of a preliminary injunction order. *See*, *e.g.*, *Denny Mfg. Co., Inc. v. Drops & Props, Inc.*, 2011 WL 941358, at * 9 (S.D. Ala. March 17, 2011) (adopting the statutory damages provision of the Copyright Act to fashion an equitable remedy to compensate plaintiff for violation of preliminary injunction); *Yash Raj Films (USA) Inc. v. Bobby Music Co. & Sporting Goods, Inc.*, 2006 WL 2792756, at *14 (E.D.N.Y. Sept. 27, 2006) (calculating penalty for violation of preliminary injunction based on statutory damages provision and awarding plaintiff $30,000 for defendant's eleven violations).

Because it is impossible for MRIS to determine how many of its photographs have been on the neighborcity.com website since November 16, 2012, MRIS requests that AHRN be ordered to submit to an audit of the neighborcity.com website at AHRN's expense and order AHRN to pay MRIS $750 per infringed photograph as a proper coercive fine against AHRN. Such an award is needed to bring AHRN's attention to the terms of the November 13 Order and coerce it to comply. Otherwise, AHRN will continue to violate MRIS's copyright and willfully ignore this Court's Order.

## 2. Converting the Preliminary Injunction to a Permanent Injunction is an Appropriate Sanction

In addition to the reasonable attorneys' fees and coercive fine described above, MRIS respectfully requests that this Court issue an Order converting the preliminary injunction to a permanent injunction prohibiting AHRN from any further use of any MRIS photographs. *Axiom Resource Management,* WL 2559806 at *2 (converting temporary restraining order and preliminary injunction into permanent injunction).

As is obvious from the number of MRIS photographs on the AHRN website, AHRN has at best disregarded its obligation to comply with this Court's Order. As previously noted, AHRN

cannot excuse its failure to comply on the grounds that it has appealed the November 13 Order to the United States Court of Appeals for the Fourth Circuit. AHRN's ongoing violation flouts this Court's authority and continues the irreparable harm already suffered by MRIS. Accordingly, MRIS respectfully requests that this Court convert the preliminary injunction set forth in its November 13 Order into a permanent injunction enjoining AHRN from any further use of any MRIS photographs. Considering the pervasiveness of MRIS photographs on the NeighborCity.com website despite the clear and instructions of this Court, such relief is necessary to bring AHRN's attention to the terms of the November 13 Order and coerce it to comply with its legal obligations. MRIS requests that the permanent injunction remain in effect during the pendency of any appeal of the judgment entered by this Court, and until any such judgment is satisfied by AHRN.

## IV.    CONCLUSION

This Court's November 13 Order enjoins AHRN from "unauthorized copying, reproduction, public display, or public distribution of MRIS's copyrighted photographs and from preparing derivative works based upon MRIS's copyrighted photographs." Despite the clarity of this Order, AHRN has continued its infringement of copyrighted photographs from the MRIS Database, causing further irreparable harm to MRIS and flouting this Court's authority. For the reasons provided herein, MRIS respectfully requests that the Court granted MRIS's Motion for Contempt and award MRIS the relief requested herein, namely:

1)    an accounting conducted by an independent auditor paid for by AHRN identifying each photograph bearing the MRIS copyright notice appearing on the neighborcity.com website since November 16, 2012;

2)    a coercive fine in the amount of at least $750 per photograph, based on the statutory damages provision of the Copyright Act, 17 U.S.C. 504(c)(1);

3)    reasonable attorneys' fees associated with this contempt motion;

4)  an order releasing MRIS's $10,000 bond required by the November 13 Order;

5)  converting the preliminary injunction to a permanent injunction; and

6)  any other relief the Court deems appropriate.


Dated:  January 17, 2013             By:  /s/Margaret A. Esquenet
                                     John T. Westermeier (Bar No. 04364)
                                     (jay.westermeier@finnegan.com)
                                     Margaret A. Esquenet (Bar No. 27775)
                                     (margaret.esquenet@finnegan.com)
                                     Whitney Devin Cooke (*pro hac vice*)
                                     (whitney.cooke@finnegan.com)

                                     FINNEGAN, HENDERSON, FARABOW,
                                      GARRETT & DUNNER, L.L.P.

                                     *Attorneys for Plaintiff*
                                     Metropolitan Regional Information Systems, Inc.

## CERTIFICATE OF SERVICE

I, Margaret A. Esquenet, hereby certify that on January 17, 2013 a copy of the

Plaintiff-Counterclaim Defendant MRIS's Memorandum in Support of its Motion for Contempt

was served using the Court's CM/ECF system upon:


Richard S. Toikka
L. Peter Farakas
FARKAS & TOIKKA, L.L.P.
1101 30th Street N.W., Suite 500
Washington, DC 20007
rst@farkastoikka.com
lpf@farkastoikka.com


Christopher Ralph Miller
AMERICAN HOME REALTY NETWORK INC.
222 7th Street, Second Floor
San Francisco, CA 94103
c.miller@neighborcity.com


Matthew D. Krueger
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
mkrueger@sidley.com


Jack R. Bierig
Tacy F. Flint
SIDLEY AUSTIN LLP
One Dearborn Street
Chicago, IL  60603
jbierig@sidley.com
tflint@sidley.com


/s/Margaret A. Esquenet