IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> AMERICAN HOME REALTY NETWORK, INC. <br><br>  Defendant, <br><br> AMERICAN HOME REALTY NETWORK, INC., <br><br>  Counterclaimant, <br><br> v. <br><br> METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br><br> and <br><br> NATIONAL ASSOCIATION OF REALTORS, <br><br> and <br><br> Does Nos. 1 – 25, <br><br>  Counterclaim Defendants. | Civil Action No. 12-cv-954-AW |

**AHRN'S MOTION FOR LEAVE TO FILE A SURREPLY
TO MRIS'S MOTION FOR CONTEMPT**

I. INTRODUCTION

American Home Realty Networks, Inc. ("AHRN") hereby moves pursuant to Local Rule 105.2(a) for leave to file a surreply to Metropolitan Regional Information Systems, Inc. ("MRIS") Reply Brief (D.E. 108) in support of its Motion for Contempt (D.E. 92) because MRIS's Reply Brief turns 180 degrees away from MRIS's theory, in response to which the Court granted MRIS a preliminary injunction. Leave to file a surreply may be granted when the movant otherwise would be unable to contest matters presented for the first time in the opposing party's reply. *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D. Md. 2003), *see e.g. Hamdan v. Rumsfeld*, 546 U.S. 1166 (2006) (Motion for leave to file surreply granted).

First, MRIS now claims that the Court can hold AHRN in contempt, without valid registered copyrights and without linking a valid registered copyright covering the time when photographs temporarily appeared on AHRN's website and were immediately removed. Second, MRIS has, for the first time, produced three applications for copyright registrations that contain false certifications that the text and photographs in MRIS's Database are works for hire by MRIS employees. Third, MRIS argues, for the first time, that the Court should award damages for contempt without a need to coerce remedial action, when inadvertence has long been corrected, and without proof of pecuniary loss.

## II. ARGUMENT

### A. MRIS CANNOT OBTAIN A CONTEMPT CITATION ON UNASSERTED OR UNREGISTERED COPYRIGHTS

MRIS's Reply Brief argues, for the first time, that the Court may cite AHRN for contempt even though MRIS does not have copyright registrations for some time periods and has not asserted registrations for other time periods during which MRIS claims that AHRN violated the Court's November 13, 2012 injunction Order. MRIS's litigation by reply brief ambush should either result in outright denial of its motion for contempt or leave for AHRN to file a surreply.

MRIS brought its motion for preliminary injunction based on its registered compilation copyrights. Memorandum In Support Of Plaintiff's Motion For Preliminary Injunction [D.E. 9-1] at 10.

Relying on MRIS's arguments, the Court on August 24, 2012, enjoined AHRN from unauthorized copying of MRIS's "copyrighted content." [D.E. 35 at 2, ¶ 4]. The Court's Opinion relied (1) on the Copyright Office's issuance of registrations as *prima facie* evidence of validity of MRIS's compilation copyrights [D.E. 34 at 17] and (2) on *Xoom, Inc. v. Imageline, Inc.,* 323 F.3d 279, 283–84 (4th Cir. 2003) regarding the sufficiency of those registrations "to provide copyright protection to the underlying works." [D.E. 34 at 18].

On November 13, 2012, the Court issued a "revised" preliminary injunction Order, limiting the injunction to "MRIS's copyrighted photographs" [D.E. 65 at 2, ¶ 3] because, according to the companion Opinion, "'copyrighted content from

2

the MRIS Database'—is not sufficiently specific given that the basis of the Court's Order was AHRN's copying of MRIS's copyrighted photographs." [D.E. 64 at 2].

Clearly, MRIS's motion for preliminary injunction and the Court's Orders were premised on the presumption of the validity and the scope, as represented by MRIS, of MRIS's registered copyrights and the Court's rejection of the authorities that disagree with its interpretation of *Xoom*. AHRN has shown that the registrations are not asserted for relevant periods, have not even been issued by the Copyright Office and are otherwise invalid. Instead, for the first time in this case, MRIS argues that whether the photographs on MRIS's and its customers' websites are covered by a valid copyright is irrelevant because the "Court did not limit its injunction to registered copyrighted works." Reply Brief at 7.

MRIS cites no authority for its proposition that courts can find infringement of an unregistered copyright or a copyright that, while registered, is not asserted in a plaintiff's complaint, let alone that a Court can hold a party in contempt for such alleged infringement.

### B.  ANY REGISTRATION ISSUING FROM MRIS'S APPLICATIONS ARE INVALID, THUS CANNOT SUPPORT ANY CONTEMPT CITATION

, For the first time in this case, MRIS's Reply Brief discloses an application to register a compilation copyright. No wonder MRIS waited for a reply brief. The applications attached to the Declaration of Danielle Blanchard reveal that MRIS's claims in its Complaint, MRIS's allegations in support of its motion for preliminary injunction adopted by the Court's preliminary injunction Order, and the allegations in support of its motion for contempt, rest on invalid registrations

that contradict MRIS's claims and allegations.

MRIS's Complaint [D.E. 1, ¶¶ 15, 18], Motion for Preliminary Injunction [D.E. 9-1 at 1] and Opposition Brief on Appeal [4th Cir. D.E. 46 at 7-8] have repeatedly represented that its broker listings are "assigned" to MRIS, citing its Terms of Use, as concerns the photographs. However, MRIS's Application to the Copyright Office for registration for the period "7/1/2012-9/30/2012" instead attests to the facts that MRIS is the author of the real estate listing "text and photograph(s) as "Work: made for hire." *See* Attachments to Blanchard Decl.

Section 101 of the Copyright Act, 17 U.S.C. § 101, provides the pertinent definition: "A 'work made for hire' is—a work prepared by an employee within the scope of his or her employment."

"To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author, (as opposed to copied from other works)…." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) (internal citation omitted).

Applications for copyright registration contain the following certification: "I certify that the statements made by me in this application are correct to the best of my knowledge." See Exhibit A to AHRN's Proposed Surreply attached hereto. The certification on the application excerpted above is by Danielle Blanchard, dated November 20, 2012. [D.E. 108-1].

Thus, while MRIS has been representing to this Court and the Fourth Circuit that MRIS is an assignee from third party brokers, it has been certifying to

the Copyright Office that it is the "author" of the "text, photograph(s)," by virtue of its employment of the author. Those two propositions cannot both be true.

Either way, this new evidence changes everything on the motion for contempt.

### C. MRIS MUST PROVE PECUNIARY LOSS

MRIS's Reply Brief argues that "compensatory" damages on a motion for contempt, "need not always be dependent upon a demonstration of actual pecuniary loss." Reply Brief at 17, citing *JTH Tax, Inc. v. Fein*, 2:08-cv-21, 2009 U.S. Dist. LEXIS 132216 at *18 (E.D. Va. Oct. 7, 2009) (internal citations omitted). MRIS's new argument warrants a denial of MRIS's motion for contempt or the consideration of AHRN's proposed surreply. Should the Court decline to consider the surreply, it should treat MRIS's Motion for Contempt as one for an order to show cause and schedule a hearing requiring, among other things, MRIS to present evidence of pecuniary loss during the relevant time.

### III. CONCLUSION

For the reasons set forth above, AHRN respectfully requests the Court to grant AHRN leave to file a surreply and consider its proposed Surreply.

5

Dated: March 15, 2013

Respectfully submitted,

FARKAS+TOIKKA, LLP

_____/S/ Richard S. Toikka_____
Richard S. Toikka, Fed Bar No.13543
L. Peter Farkas (pro hac vice)
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)
lpf@farkastoikka.com (email)

Of Counsel:

Christopher R. Miller (pro hac vice) Chief Legal Officer and General Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California 94103
800-357-3321 (phone)
C.Miller@NeighborCity.com (email)

*Counsel for Defendant and Counterclaimant*
*American Home Realty Network, Inc.*

**CERTIFICATE OF SERVICE**

      I, Richard S. Toikka, herby certify that on this the 15th day of March, 2013, a copy of the foregoing Motion for Leave to File a Surreply in opposition to MRIS's Motion for Contempt was served by electronic means using the Court's CM/ECF system upon:

Matthew Krueger (Bar No. 28386)
mkrueger@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Jack R. Bierig
jbierig@sidley.com
Tacy F. Flint
tflint@sidley.com
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, IL 60603
(312) 853-7000

*Counsel for Counterclaim-Defendant*
*National Association of Realtors®*


John T. Westermeier, Esquire
Margaret A. Esquenet, Esquire
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413

*Counsel for Plaintiff and Counterclaim Defendant*
*Metropolitan Regional Information Systems, Inc.*

                                <u>/S/ Richard S. Toikka</u>
                                Richard S. Toikka