# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HOME REALTY NETWORK, INC. and JONATHAN J. CARDELLA, <br><br> Defendants. <br> and <br><br> AMERICAN HOME REALTY NETWORK, INC. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., NATIONAL ASSOCIATION OF REALTORS, AND DOES 1-25, <br><br> Counterclaim Defendants. | CIVIL ACTION NO. 12-cv-0954-AW |

**PLAINTIFF MRIS'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH**
**DEFENDANT'S DEPOSITION NOTICE AND FOR A PROTECTIVE ORDER**

I.      **INTRODUCTION**

Plaintiff Metropolitan Regional Information Systems ("MRIS") respectfully requests that this Court quash Defendant American Home Realty Network's ("AHRN") 30(b)(6) Notice of Deposition of MRIS, served on May 17, 2013 (and reissued on May 20, 2013).

After discovering yet more of its copyrighted material displayed on websites owned and operated by AHRN, specifically mike.neighborhubs.com, bonet.neighborhubs.com, and stage.neighborhubs.com (the "NeighborHubs Websites"), in direct violation of this Court's November 13, 2012 injunction, MRIS filed a Motion for Leave to File Supplemental Evidence in Support of its Motion for Contempt ("Motion for Leave"). (Dkt. 126). Three days later, AHRN served MRIS with a Notice of Deposition under Rule 30(b)(6) ("Deposition Notice") (Declaration of Whitney Cooke ("Cooke Decl."), Exhibit 1-3), scheduled for May 27, 2013, which is both a federal holiday (Memorial Day) and a mere ten days after the notice was served. After receiving an objection to the Deposition Notice from MRIS's counsel, on May 20, 2013 AHRN reissued the Deposition Notice, acknowledging that May 27 is a federal holiday and noticing the deposition for May 28, 2013 instead. (Cooke Decl., Ex. 5.)

AHRN's Deposition Notice violates Guideline 4 of the Local Rules, which requires that the parties coordinate the date noticed for a deposition, as well as Guideline 9(b), which states that "[u]nless otherwise ordered by the Court or agreed upon by the parties, fourteen (14) days' notice should be deemed to be reasonable notice within the meaning of Fed. R. Civ. P. 30(b)(1) for the noting of depositions" L.R. Guidelines 4 and 9(b).

Although AHRN's Deposition Notice alleges that the deposition is necessary to allow AHRN to respond to MRIS's Motion for Leave, the topics noticed therein do not relate to any information that will help the Court determine whether to grant MRIS's Motion for Leave.

Instead, AHRN's topics relate only to *how* MRIS became aware of AHRN's ongoing contempt of the Court's Order. But MRIS has already volunteered that information. In an effort to resolve the dispute and moot any need for this unnecessary and burdensome deposition, MRIS provided facts in response to AHRN's primary line of inquiry via letters sent to AHRN's counsel on May 20 and 21, 2013, namely, MRIS informed AHRN that the documents in question were discovered by conducting a basic search on Google. (Cooke Decl., Exs. 4, 6.) Despite MRIS's disclosure of how it located AHRN's ongoing infringing activities, AHRN is still not satisfied. Additionally, AHRN's Deposition Notice demands that MRIS produce documents responsive to topics listed in Exhibit B of the Deposition Notice by May 24, 2013, a mere four days after the service of the Deposition Notice.

AHRN's persistence constitutes harassment, and serves only to distract from the real issue: that even in the face of a pending Motion for Contempt AHRN continues to display MRIS's copyrighted photographs on its websites. The deposition sought by AHRN will not yield evidence relevant to whether the Court should consider the supplemental evidence of contempt and at best is a fishing expedition. Moreover, it will impose a completely unnecessary and heavy burden on MRIS. Notably, AHRN has "reserved" the right to notice additional 30(b)(6) depositions of MRIS at a later date. AHRN thus believes that it has the right to subject MRIS to the burden of a 30(b)(6) deposition multiple times and at its whim.

Accordingly, MRIS respectfully requests that this Court exercise its authority to limit discovery and quash AHRN's deposition notice.

## II. ARGUMENT

### A. The Federal Rules of Civil Procedure Grant the Court the Authority to Limit the Scope of Discovery

Under Federal Rule of Civil Procedure 26(b)(2)(C), a court must limit the extent of discovery if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case…and the importance of the discovery in resolving the issues." Fed. R. Civ. P 26(b)(2)(C)(iii). And under Rule 26(C) the Court may enter a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(C). The party seeking a protective order bears the burden of demonstrating that "the discovery sought lacks relevance 'to the extent that the likelihood and severity of the harm or injury caused by the deposition outweighs any need for the information.'" *Baron Financial Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md 2006)(citing *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188,191 (M.D.N.C. 1988). Yet, "even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." *Sharp v. Baltimore City Police Dept.*, No. CCB-11-2888, 2013 WL 937903 (D. Md. March 1, 2013). Given the substantial burden on MRIS and that the information AHRN seeks is not relevant to its response to MRIS's Motion for Leave, it is appropriate under these circumstances for the Court to exercise its power to control the scope of discovery.

### B. The Local Rules Define "Reasonable Notice" as "Fourteen (14) Days," Not Ten

AHRN's Deposition Notice violates several Guidelines set forth in the Local Rules. Specifically, AHRN's Deposition Notice violates Guideline 4, which states that "Attorneys are expected to make a good faith effort to coordinate deposition dates with opposing counsel, parties, and non-party deponents, before noting a deposition." L.R. Guideline 4. In addition, AHRN's Deposition Notice violates Guideline 9(b) of the Local Rules, which states that

"[u]nless otherwise ordered by the Court or agreed upon by the parties, fourteen (14) days' notice should be deemed to be reasonable notice within the meaning of Fed. R. Civ. P. 30(b)(1) for the noting of depositions" L.R. Guideline 9(b).  AHRN has provided no explanation for its failure to make any effort to coordinate the scheduling of the deposition with MRIS as prescribed by Guideline 4, except for its acknowledgement on May 20, 2013 that the noticed date, May 27, 2013 is Memorial Day.  (Cooke Decl., Ex. 5.)  Nor did AHRN provide MRIS with the "reasonable notice" prescribed by Guideline 9(b).

    **C.**    **Even Though the Requested Discovery is not Relevant, MRIS has Already Willingly Provided AHRN Answers**

The topics in Exhibits A and B to AHRN's Deposition Notice (Cooke Decl. Ex. 2-3) cover topics largely irrelevant to whether the Court should consider supplemental evidence of AHRN's contempt.  For example, AHRN seeks information regarding the duties of the declarant, Danielle Blanchard, as "Contract Manager" at MRIS.  (*Id*.)  Other topics seek information regarding how MRIS became aware of the NeighborHubs Websites, and who created the screen shots of these sites shown in Exhibits 1-7 to the Blanchard Declaration.  (*Id*.)  Answers to these questions will not provide AHRN with any basis for opposing the consideration of more direct evidence that AHRN continues to violate the Court's injunction.

In an effort to resolve this dispute, MRIS's counsel sent to AHRN's counsel emails on May 20 and 21, 2013 substantially answering the key issues raised by the deposition topics. (Cooke Decl., Exs. 4, 6.)  The correspondence explained the publicly-accessible[1] NeighborHubs Websites were discovered using a Google search for "neighborhubs" and "neighborhubs.com." This search was performed after a reference to "Neighbor Hubs" was found in the May 10, 2013 Declaration of Christopher Miller, AHRN's General Counsel, filed in the *Travelers v. AHRN*

---

[1] MRIS notes that since the filing of its Motion for Leave, AHRN has made the NeighborHubs Websites password-protected.

litigation, Case No. 3:13-cv-984, currently pending before the United States District Court for the Northern District of California. A cursory review of the NeighborHubs Websites revealed that AHRN continued to post MRIS's copyrighted photographs on websites it owns and operates. That MRIS has already voluntarily provided this information to AHRN further vitiates AHRN's need for a deposition, making the burden and expense to be placed on MRIS unreasonable.

### D. Producing Documents and Preparing For a Deposition in Less ThanOne Week Would Place a Significant Burden on MRIS not Shared by AHRN

The burden of preparing for and defending a 30(b)(6) deposition falls solely on MRIS, particularly in light on AHRN's demand that MRIS bear this burden without the benefit of the "reasonable notice" period prescribed by the Local Rules. Moreover, AHRN's Deposition Notice includes six broad document requests (Cooke Decl. Ex. 3) and demands that MRIS produce the responsive documents by May 24, 2013, only seven days after AHRN first served the notice on MRIS and only four days from the revised notice. The burden and expense of collecting, reviewing, and producing the documents requested, assuming *arguendo* that such documents even exist, falls exclusively on MRIS.

These burdens are heightened by the fact that AHRN has "reserved" the right to notice an unspecified number of additional 30(b)(6) depositions of MRIS at a later date. AHRN thus believes that it has the right to subject MRIS to the burden of a 30(b)(6) deposition multiple times.

### E. AHRN's Deposition Notice is a Fishing Expedition Designed to Harass MRIS

The nature of AHRN's requests suggests that it believes MRIS somehow unlawfully accessed its Neighborhubs Websites to locate additional evidence of contempt. (*See* Cooke Decl. Ex. 2-3.) As explained above, MRIS found the new evidence of contempt through a Google search. AHRN's mere suggestion that it seeks such information indicates that AHRN

will use this 30(b)(6) deposition to explore topics far beyond the information relating to MRIS's awareness of AHRN's ongoing contempt.  Given that MRIS has already explained how it came across the NeighborHubs Websites and the additional evidence cited in its Motion for Leave, the only reason for AHRN to pursue a Rule 30(b)(6) deposition on these topics is to harass MRIS, and "fish" for other unrelated information.  This is wholly improper, and MRIS should not have to bear the burden for such a fishing expedition.

## III.   CONCLUSION

For the reasons and authorities discussed above, MRIS respectfully requests that the Court quash AHRN's Notice of Deposition and enter a protective order relieving MRIS of any obligation to appear for the noticed deposition or produce the requested documents.

Respectfully submitted,

Dated:  May 21, 2013                                By:  */s/*  Margaret A. Esquenet
                                                                John T. Westermeier (Bar No. 04364)
                                                                 (jay.westermeier@finnegan.com)
                                                                Margaret A. Esquenet (Bar No. 27775)
                                                                 (margaret.esquenet@finnegan.com)
                                                                Whitney D. Cooke (admitted *pro hac vice*)
                                                                 (whitney.cooke@finnegan.com)

                                                                FINNEGAN, HENDERSON, FARABOW,
                                                                   GARRETT & DUNNER, L.L.P.

                                                                *Attorneys for Plaintiff*
                                                                Metropolitan Regional Information
                                                                Systems, Inc.