FARKAS + TOIKKA LLP
ATTORNEYS

Richard S. Toikka, Esquire
Direct Dial:
Tel.  202.337.7802
Fax. 202.337.7808

May 31, 2013

**By Electronic Service via CM/ECF**
The Honorable Jillyn K. Schulze
District Court Magistrate Judge
U.S. District Court for the District of Maryland
Greenbelt Division
6500 Cherry Wood Lane
Greenbelt, MD  20770

Re:   Metropolitan Regional Information Systems, Inc. v. American Home Realty Network, Inc. et al., No. 8:12-cv-954-AW

Dear Judge Schulze:

We represent Defendant and Counterclaimant American Home Realty Network, Inc. ("AHRN") in the above-referenced litigation involving Plaintiff and Counterclaim Defendant Metropolitan Regional Information Systems, Inc. ("MRIS") and Counterclaim Defendant National Association of Realtors® ("NAR").  We write in response to the letter from MRIS counsel Margaret Esquenet dated and filed on May 30, 2013.

   A.  *Lack of Direction to AHRN*

As an initial matter, AHRN has received no "direction" from the Court to contact you by letter or any other means, as stated by MRIS counsel in the first paragraph of her letter.  In response to our inquiry, MRIS counsel stated that your clerk advised her to send her letter apparently without prior notice to MRIS.  AHRN respectfully requests that you intervene to resolve this discovery dispute, but for the reasons set out below we think MRIS's counsel letter inappropriately argues an unfiled motion.

   B.  *MRIS's "Motion by Letter" Is Improper*

AHRN strongly objects to this attempt by MRIS to skirt the Federal Rules of Civil Procedure and this Court's Local Rules to bring a motion for a protective order by letter.  In her letter MRIS counsel requests that its opposed, as yet not-ruled-on motion for a protective order in relation to AHRN's Fed. R. Civ. P. 30(b)(6) amended deposition notice of May 20, 2013 be applied to a more recent AHRN deposition notice dated May 29, 2013.  This request violates Fed. R. Civ. P. 26(c)(1), which requires that a protective order be sought by a motion that includes a certification of

counsel that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. MRIS's counsel's letter is not a motion and contains no certification as required by the Rule. Moreover, her letter violates Local Rule 105.1 which states that a motion shall be filed with the Clerk and be accompanied by a memorandum setting forth reasoning and authorities in support. While MRIS counsel's letter was filed through the Court's CM/ECF system, it is a "communication" not a motion and lacks the supporting memorandum required by the Local Rule.

### C. MRIS's Pending Motion to Quash and For a Protective Order is Moot

Moreover, MRIS's pending motion to quash and for a protective order in relation to AHRN's amended Rule 30(b)(6) deposition notice is mooted by the failure of MRIS to appear at the deposition noticed for May 28. AHRN the next day re-noticed MRIS's deposition to begin at 9:30 am on June 12, at AHRN's counsel's offices, or "at another time, date and place mutually agreed to by the parties." *See* Deposition Notice attached to Ms. Esquenet's May 30 letter.

### D. MRIS's Proposed Unfiled Motion is Totally Without Merit

AHRN reserves its right to respond in full to any properly made motion for a protective order in relation to the June 12 deposition. However, AHRN notes here that MRIS has no grounds for objection as the deposition notice served 14 days prior to the date set for the deposition fully complied with this Court's Discovery Guidelines, as MRIS concedes. The other bases for MRIS's objections to the deposition are totally without merit and are being made purely to prevent or delay AHRN from obtaining the discovery to which it is entitled under Fed. R. Civ. P. 26 and 30 to aid in its response to MRIS's Motion for Leave to File Supplemental Evidence in Support of its Motion for Contempt [D.E. 126].

First, there can be no undue burden on MRIS to produce witnesses to attest to facts that have been set forth in Ms. Blanchard's conclusory declarations. MRIS counsel's proffered answers to questions she devised are no substitute for AHRN's right to depose a witness or witnesses with knowledge.

Second, MRIS's continuing baseless allegation that MRIS somehow violated Discovery Guideline 4 by not conferring about scheduling the deposition is absurd and hypocritical. It is absurd because AHRN's notice itself advises that the deposition may be taken "at another time, date and place mutually agreed to by the parties," and AHRN earlier offered more time if MRIS would agree to extend the deadline for MRIS to respond to MRIS's motion for leave to supplement the record. *See* AHRN's Opposition to MRIS's Motion to Quash and for a Protective Order [D.E. 138]. Furthermore MRIS has made it clear they will not produce a witness on any date so it would be pointless to confer about a schedule. It is hypocritical because on January 25, 2013 MRIS served five deposition notices on MRIS setting deposition dates without prior consultation with AHRN counsel. These notices were later

withdrawn when the discovery cut-off date was extended.  A copy of MRIS's Rule 30(b)(6) deposition notice on MRIS is attached.

We look forward to hearing from you on how you wish the parties to proceed.

Respectfully submitted,
*/s/ Richard S. Toikka*
Richard S. Toikka, Federal Bar No. 13543
FARKAS+TOIKKA, LLP
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (main phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)

cc:   John T. Westermeier, Esquire (by electronic service)
      Margaret A. Esquenet, Esquire (by electronic service)

## CERTIFICATE OF SERVICE

I, Richard S. Toikka, herby certify that on this the 31st day of May, 2013, a copy of the foregoing letter to Magistrate Judge Jillyn K. Schulze was served by electronic means using the Court's CM/ECF system upon all counsel or record.

                                        */s/ Richard S. Toikka*
                                        Richard S. Toikka