IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC. | * | |
| v. | * | Civil No. AW 12-954 |
| AMERICAN HOME REALTY NETWORK and JONATHAN J. CARDELLA | * | |
| and | * | |
| AMERICAN HOME REALTY NETWORK | * | |
| and | * | |
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, NATIONAL ASSOCIATION OF REALTORS, and DOES 1-25 | * | |

## REPORT AND RECOMMENDATION

Presently pending are a Motion for Contempt filed by Plaintiff Metropolitan Regional Information Systems, Inc. (MRIS), ECF No. 92, and a Motion for Leave to File a Surreply by Defendant American Home Realty Network, Inc. (AHRN). ECF No. 113. The issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6.

**I.   Background**

The relevant background is set out in the Court's August 27, 2012 opinion, *Metro. Reg'l Info. Sys. v. Am. Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 696-97 (D. Md. 2012), granting MRIS's Motion for Preliminary Injunction:

> MRIS facilitates real estate transactions in the mid-Atlantic region by operating and maintaining an automated database consisting of compiled property listings and related informational content. To use the database, real estate brokers and agents are required to execute a subscription agreement. Subscribers agree to upload their real estate listings to the MRIS Database and to assign to MRIS the copyrights in each photograph included in those listings. Upon payment to MRIS

and subject to terms and conditions, subscribers are granted access to all the real estate listings in the MRIS Database and the right to display those listings on their own websites via a licensed data feed. MRIS oversees the use and content of the listings to ensure that subscribers are complying with MRIS's rules and regulations and information quality standards. In addition to the services provided to subscribers, MRIS makes limited content available to consumers through a free website, www.homesdatabase.com.

MRIS files its claims of copyright ownership in the MRIS Database with the U.S. Copyright Office each quarter, in accord with the registration procedures applicable to automated databases. The copyright registrations for the MRIS Database list "text" and "photographs" as pre-existing material and the basis of the copyright claims. To protect its intellectual property, MRIS affixes its mark and copyright notice—i.e., "© 2012 MRIS"—to photographs in the MRIS Database.

\* \* \* \* \* \*

AHRN owns and operates the website NeighborCity.com, a national real estate search engine and provider of real estate agent ratings and rankings. . . . Users of the NeighborCity.com website can find nationwide real estate listings using search parameters such as geographic region and price range. If users find a real estate agent or a property that interests them, NeighborCity.com connects the user with the local agent of choice or a recommended agent for the requested property. NeighborCity.com is compensated for its agent matching and referral services if the lead turns into a sale.

AHRN has not acquired a license or permission from MRIS to reproduce, display, or otherwise use the MRIS Database. However, NeighborCity.com has displayed Maryland real estate listings containing photographs from the MRIS Database.

On March 28, 2012, MRIS filed a complaint against AHRN alleging, *inter alia*, direct copyright infringement against AHRN resulting from the reproduction of photographs from the MRIS Database. The Court issued a preliminary injunction in MRIS's favor. AHRN then filed a motion to clarify the injunction, and the court refashioned the injunction into its present form:

> AHRN and all persons acting under its direction, control or authority are hereby preliminarily enjoined from unauthorized copying, reproduction, public display, or public distribution of MRIS's copyrighted photographs and from preparing derivative works based upon MRIS's copyrighted photographs.

ECF No. 65 at 2.

MRIS filed the instant Motion for Contempt alleging that "thousands of photographs from the MRIS Database bearing a '© MRIS' notice currently are displayed on the [NeighborCity.com] website" in violation of the preliminary injunction. ECF No. 92-1 at 2. AHRN does not dispute that it displayed photographs on its website containing a "© MRIS" image, but argues that it did so unintentionally, and insists that it corrected the oversight within hours of receiving MRIS's Motion for Contempt.

## II.   Analysis

### A. Civil Contempt

"The purposes of civil contempt are to coerce obedience to a court order and to compensate a party for losses sustained as a result of the contumacy." *Wagner v. Bd. of Educ.*, 340 F. Supp. 2d 603, 619 (D. Md. 2004) (citing *In re GMC*, 61 F.3d 256, 258 (4th Cir. 1995)). To establish civil contempt, a movant must show the following by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor;" (3). . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) . . . that [the] movant suffered harm as a result.

*Wagner*, 340 F. Supp. 2d at 619-20 (citing *JTH Tax, Inc. v. H&R Block Eastern Tax Services, Inc.*, 359 F.3d 699, 705 (4th Cir. 2004)); *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000).

MRIS has made the required showing as to each element of civil contempt.[1] There is no dispute that AHRN had actual knowledge of this Court's preliminary injunction and that it was

---

[1] AHRN asserts that MRIS should have first moved for an Order to Show Cause. ECF No. 97. None of the cases cited by AHRN stands for this proposition, nor does AHRN cite any authority requiring this procedure. MRIS's motion is not defective.

issued in MRIS's favor. However, the parties dispute whether AHRN violated the injunction, and if so, whether AHRN had actual or constructive knowledge of the violation.

AHRN argues that it did not violate the Court's order because MRIS has not proven a valid copyright and alleges infringement of its database rather than a compilation copyright registration. AHRN also claims that a violation occurs only when "the copyright holder [can] link the allegedly infringing photograph to the copyright registration." ECF No. 97 at 11. This argument may be relevant to the merits of the underlying case, but it is not relevant to whether the preliminary injunction has been violated. That order enjoins AHRN from the unauthorized reproduction of *copyrighted* photographs from MRIS's database. ECF No. 64 at 6. A violation of the order does not depend on whether the copyrights have also been registered with the Copyright Office.[2] The question, for purposes of this contempt motion, is whether AHRN reproduced MRIS's *copyrighted* photographs, regardless of their ultimate status.

The Court has found that "[t]o protect its intellectual property, MRIS affixes its mark and copyright notice—i.e., '© 2012 MRIS'—to photographs in the MRIS Database." *Metro. Reg'l*, 888 F. Supp. 2d at 696. The Court has also held that MRIS files its claims of copyright ownership quarterly in accordance with registration procedures, that "the registration of compilations is 'sufficient to provide copyright protection to the underlying works which those [compilations] encompassed,'" *id.* at 696-97 (quoting *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283-84 (4th Cir. 2003)), and that MRIS has a registered copyright of the MRIS Database, *see id.* at 705 (MRIS is "the owner and registrant of the MRIS Database compilation."). The Court based the preliminary injunction on "persuasive evidence of AHRN's direct copying of *photographs containing the MRIS mark and copyright notice* from the MRIS database onto

---

[2] MRIS does not dispute that it must eventually register the relevant copyrights to ultimately succeed on its infringement claims. ECF No. 108 at 11 (citing *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010)).

NeighborCity.com." *Id*. at 711 (emphasis supplied). Indeed, Mr. Tilman Thederan, AHRN's lead software architect, attests that he "understood that the preliminary injunction enjoined AHRN from copying copyrights content, particularly photographs bearing the MRIS watermark," ECF No. 97, Ex. 7, and AHRN argues that it complied with the preliminary injunction by using a program designed to prevent such photographs from being displayed on its website. In short, the Court's preliminary injunction applies to all photographs in MRIS's database that bear its mark and was so understood by AHRN. AHRN violated the terms of the preliminary injunction by reproducing such photographs on its NeighborCity.com website.[3]

AHRN also disputes that it had knowledge, actual or constructive, of the violation. Mr. Thederan explained in a declaration that, after he was instructed that AHRN had been enjoined from using MRIS's copyrighted photographs, he "programmed the website logic to filter out MRIS photographs by targeting certain identifiers that were included in each property listing acquired from a third party website that publishes MRIS listings." ECF No. 97, Ex. 7. Upon learning that "MRIS photographs had reappeared on AHRN's NeighborCity website, in violation of the Court's November 13 Order," Thederan "immediately investigated the situation and quickly learned" that a third party website had "unbeknownst to [Thederan] . . . changed the identifier for MRIS, and thus AHRN's website logic no longer recognized the new identifier for MRIS." *Id.* This, according to Thederan, allowed "MRIS photographs to bypass AHRN's website logic . . . and display unintentionally on NeighborCity.com." *Id.*

The Court should charge AHRN with constructive knowledge of the contents of its NeighborCity.com website. AHRN makes no claim that it checks its websites for MRIS

---

[3] AHRN's request that this Court order briefing regarding the identity of the individuals who took the offending photographs, ECF No. 121, should be denied because that issue is not relevant to the present motion for contempt. In addition, the request is accompanied by neither authority nor explanation of why it was not made timely in AHRN's opposition. AHRN simply states that this Court should order such briefing because another court did so in a similar case.

copyrighted photographs, and even accepting that AHRN fixed one programming error, it did so only after MRIS filed the current motion. The preliminary injunction requires AHRN to make diligent and good faith efforts to comply or face sanctions for failing to do so. *Happy Sumo Sushi, Inc. v. Yapona, Inc.*, 2008 U.S. Dist. LEXIS 77715, *3-4 (D. Utah Oct. 3, 2008) ("[A] district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered."); *Aqua Grill v. S.T.F.B. Corp.*, 1997 U.S. Dist. LEXIS 13590, *13 (S.D.N.Y. Sept. 4, 1997) (supporting a finding of contempt when "the party has not diligently attempted in a reasonable manner to comply with the Court's order").

Finally, MRIS has shown that it suffered harm as a result of AHRN's violation of the preliminary injunction. The Court found that MRIS's reputation will suffer harm in the real estate market because "NeighborCity.com real estate listings that display MRIS's copyrighted content . . . contain inaccuracies regarding the listed properties" and these "inaccuracies are likely to affect the credibility and integrity of the content published and disseminated by MRIS . . . ." 888 F. Supp. 2d at 712. The Court also found that "NeighborCity.com's use of informational content from the MRIS Database is . . . likely to divert traffic from www.homesdatabase.com, a publicly available website that MRIS operates and uses to generate leads with potential subscribers." *Id.* AHRN argues that MRIS must provide proof of "commercial injury," ECF No. 97 at 13, but "[a] civil contempt fine, although compensatory, need 'not always be dependent on a demonstration of "actual pecuniary loss."'" *JTH Tax*, 2009 U.S. Dist. LEXIS 132216 at *18 (quoting *Manhattan Indus., Inc. v. Sweater Bee By Banff, Ltd.*, 885 F.2d 1, 5 (2d Cir. 1989) (citing *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 455-56 (1932)). MRIS has adequately shown that it has been harmed by AHRN 's violation of

the court's preliminary injunction.

## B. Remedy

The appropriate remedy for civil contempt is within the Court's broad discretion. *In re GMC*, 61 F.3d 256, 259 (4th Cir. 1995). "Remedies include ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees." *Id.* (citation omitted). "However, the remedies and sanctions must be remedial and compensatory and, unlike criminal contempt, nonpunitive." *Id.* (citation omitted). "Before awarding attorney's fees, however, a finding of 'willful disobedience' may be required," and a contemnor's actions must at least rise to the level of "obstinacy, obduracy or recalcitrance." *Wagner*, 340 F. Supp. 2d at 620, 620 n.8 (citations omitted).

In this case, the actual losses suffered by MRIS are difficult to determine. In such cases, "'the statutory damage values may be used to estimate the value of actual damage.'" *Yash Raj Films, Inc. v. Bobby Music Co. & Sporting Goods, Inc.*, 2006 U.S. Dist. LEXIS 96376, *39 (E.D.N.Y. July 5, 2006) (quoting *Time Warner Cable v. U.S Cable T.V.*, 920 F. Supp. 321, 329 (E.D.N.Y. 1996)). Section 504(c)(1) of the Copyright Act, which provides for damage awards in cases of copyright infringement, provides the relevant measure of damages in the context of this motion for contempt. It provides in relevant part:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $ 750.00 or more than $ 30,000.00 as the court considers just.

17 U.S.C. § 504(c)(1). The victimized copyright owner is entitled to one award per "work" infringed. Thus, the appropriate award depends on what constitutes a "work" for purposes of § 504(c)(1).

7

MRIS contends that the Court should order AHRN to pay MRIS $750 per infringed *photograph*, *see* ECF No. 92 at 16, whereas AHRN asserts that the facts warrant only a single award per infringed *compilation*. *See* ECF No. 97 at 16. In *Costar Group, Inc. v. Loopnet, Inc.*, 164 F. Supp. 2d 688, 709-12 (D. Md. 2001), the court discussed at length the question whether photographs on a real estate website should be considered subparts of one compilation or independent works for purposes of awarding damages under § 504(c)(1). The court found the critical issue to be whether the photographs are registered as part of a compilation or registered as individual copyrights separately from a compilation. The court resolved this issue by noting that (1) the language on the registration form read "REVISED COMPILATION OF DATABASE INFORMATION; SOME ORIGINAL TEXT AND PHOTOGRAPHS"; and (2) "[t]he registration makes no mention of the number or any specific features of the photographs." The court concluded that the photographs on the real estate database were "registered only as the components of a compilation." *Id.* at 712.

Here, too, MRIS filed its claims of copyright ownership only with regard to its Database, the copyright registrations for the MRIS Database list "text" and "photographs" as pre-existing material, and the registrations make no mention of any specific features of the photographs. *Id*. at 711. Metro *Reg'l*, 888 F. Supp. 2d at 696. Thus, for purposes of assessing damages, the photographs do not constitute separate "works" but rather are parts of a compilation. *See Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 285 (4th Cir. 2003) ("Although parts of a compilation or derivative work may be regarded as independent works for other purposes, for purposes of statutory damages, they constitute one work.") (citation and quotation marks omitted). MRIS may only recover one statutory damage award for each registered compilation. *See Costar Group*, 164 F. Supp. 2d at 712 ("CoStar will only be eligible for 13 statutory damage awards,

corresponding to the number of registered compilations . . . ."). Here, given the attempt to correct the violation, it is recommended that AHRN be ordered to pay MRIS a compensatory award of $1,000 per week for reproducing MRIS's copyrighted photographs in violation of the preliminary injunction. *See Walpole Woodworkers v. Atlas Fencing*, 218 F. Supp. 2d 247, 255 (D. Conn. 2002) (explaining that contemnor will be subject to a fine of $2,500 each time it violates the court order preventing it from using copyrighted photographs in its catalogue); *Marshall v. Marshall*, 2012 U.S. Dist. LEXIS 45700 (E.D.N.Y. Mar. 30, 2012) (awarding $3,125 per infringed instructional hairstyling video). AHRN admits that the photographs were displayed from November 30, 2012 until January 17, 2013. ECF No. 97 at 5-6. It is thus recommended that AHRN be ordered to pay MRIS $7,000 for this seven week period.

MRIS also argues that it is entitled to attorney's fees associated with filing its motion for contempt. As stated earlier, attorney's fees should only be awarded if the contemnor's actions "rise at least to the level of 'obstinence or recalcitrance,'" *see Capital Source Fin., LLC v. Delco Oil, Inc.*, 520 F. Supp. 2d 684, 687 (D. Md. 2007), which often requires a showing of wilful conduct on behalf of the contemnor. *Columbia Gas Transmission Corp. v. Mangione Enters.*, 964 F. Supp. 199, 204 (D. Md. 1996) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975)). MRIS has not at this time presented sufficient evidence to show that AHRN's behavior was recalcitrant or wilful. This is AHRN's first violation and it was corrected only a few hours after MRIS gave AHRN notification of the problem.[4] The request for attorney's fees should be denied at this time.

MRIS also asks the court to convert the preliminary injunction into a permanent

---

[4] MRIS has moved for leave to supplement its motion for contempt with evidence of a subsequent violation of the preliminary injunction. ECF No. 126. The Court should grant that motion and treat it as a request for additional damages. In this context, if MRIS shows violations of the preliminary injunction occurring after the present motion was filed, it is quite possible that these violations would be deemed wilful for purposes of awarding attorneys' fees and costs.

injunction and to release MRIS's $10,000 bond. To obtain a permanent injunction, a plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007). MRIS has not even attempted to justify its request for a permanent injunction with an analysis of these four factors. Regardless, the court should deny the request: MRIS cannot show that monetary damages are inadequate to compensate for its injury at this time. Likewise, the request to release MRIS's $10,000 bond should be denied as MRIS has not presented any supporting argument or justification.

Also pending is AHRN's Motion for Leave to File a Surreply. ECF No. 113. Surreplies are permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). AHRN claims that it must be given an opportunity to respond to allegedly new arguments in MRIS's reply brief. First, AHRN asserts that MRIS is arguing "for the first time" that AHRN can be liable for contempt based on unregistered copyrights. ECF No. 113 at 3. However, it was AHRN who alleged that MRIS must have copyright registrations to show that AHRN is in violation of the preliminary injunction. MRIS's reply brief merely responded to AHRN's suggested interpretation of the preliminary injunction.

To the extent that AHRN claims that MRIS inappropriately introduced new evidence of a copyright registration application for the fourth quarter of 2012, the motion for surreply is moot because that evidence plays no part in the decision on the motion for contempt. In any event, the

newly submitted application is no surprise because it is identical in all pertinent respects to the 2010 and 2011 applications filed in this Court on May 29, 2012. ECF No. 26-1.

Finally, AHRN claims that MRIS's reply brief newly argues that compensatory damages on a motion for contempt need not always be dependent upon a demonstration of actual pecuniary loss. ECF No. 113 at 6. Again, this is not a new argument. MRIS was simply responding to AHRN's assertion that MRIS must establish commercial harm to recover contempt damages. ECF No. 97 at 13. AHRN has not adequately supported its Motion for Leave to File a Surreply, and it thus should be denied.

## III. Conclusion

The Court should grant MRIS's Motion for Contempt in part, award MRIS a compensatory damage award of $7,000, and deny all other requests for relief.

Date: June 4, 2013 /s/
JILLYN K. SCHULZE
United States Magistrate Judge

11