

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON

LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

tflint@sidley.com
(312) 853 7875

FOUNDED 1866

June 6, 2013

**By CM/ECF**

Hon. Alexander Williams, Jr.
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

    Re:    *Metropolitan Regional Information Systems, Inc. v. American Home Realty Network, Inc.*, No. 8:12-cv-954-AW

Dear Judge Williams:

    I write on behalf of Counterclaim Defendant National Association of Realtors® ("NAR") in order to correct a misstatement made by counsel for Defendant-Counterclaimant American Home Realty Network, Inc. ("AHRN") during his rebuttal remarks at the hearing before the Court on May 29, 2013. Because the statement was made during Mr. Farkas's rebuttal, I did not have an opportunity to address it at the hearing.

    In his rebuttal, Mr. Farkas purported to describe the provisions of a consent decree entered into by NAR and the Department of Justice in 2008. *See United States v. Nat'l Ass'n of Realtors®*, 2008 WL 5411637 (N.D. Ill. Nov. 18, 2008). According to Mr. Farkas, "the consent decree did order NAR to allow their brokers to cooperate with outside brokers. Like AHRN." *See* Ex. A (May 29, 2013 Hrng. Tr.) at 54:2-4. However, Mr. Farkas's description of the consent decree was inaccurate.

    Contrary to Mr. Farkas's statement, the consent decree does not require NAR or its member MLSs or brokers to provide MLS database content to or otherwise "cooperate" with "outside brokers," much less entities "[l]ike AHRN" that provide broker referral services. Instead, the consent decree provides that NAR and MLSs shall not disadvantage *member brokers* who choose to operate a Virtual Office Website or VOW (*i.e.*, a website used by a broker to offer brokerage services). *See* 2008 WL 5411637, at *2-3 (prohibiting adoption of any rule or practice that restricts or disadvantages brokers' use of VOWs, and defining "VOW" to mean a website "operated by a Broker or for a Broker … through which the Broker is capable of providing real estate brokerage services"). Thus, the consent decree prohibits restricting access to listings for *real estate brokers* who are *participants* in MLSs—not for other entities like AHRN.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.



Hon. Alexander Williams, Jr.
June 6, 2013
Page 2

    Moreover, the consent decree expressly permits NAR and MLSs to limit MLS membership and participation to real estate brokers providing real estate brokerage services. *See id.* at *5 (expressly authorizing the NAR definition of "MLS Participant"), *14 (defining "MLS Participant" to include only those who "hold a current, valid real estate broker's license and *offer or accept* cooperation and compensation to and from other Participants or are licensed or certified by an appropriate state regulatory agency to engage in the appraisal of real property"). In other words, the consent decree does not require that MLSs be opened up to those, like AHRN, that provide broker referral services rather than real estate brokerage services within the MLS's service area. To the contrary, the consent decree expressly affirms that such entities need not be permitted to participate in the MLS.

    All counsel are being served with a copy of this letter through CM/ECF.

                      Very truly yours,

                      /s/ Tacy F. Flint

                      Tacy F. Flint

cc:    Jay Westermeier
        Margaret Esquenet
        Whitney Cooke
        L. Peter Farkas
        Richard Toikka
        Russell Paige
        Christopher Miller
        Jack R. Bierig
        Brian Morrissey

# EXHIBIT A

```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
                        SOUTHERN DIVISION


- - - - - - - - - - - - - - - -x
METROPOLITAN REGIONAL,          :
INFORMATION SYSTEMS, INC.,      :
                                :
            Plaintiff,           :
                                :    Case No.: 12-00954-AW
     v.                          :
                                :
AMERICAN HOME REALTY            :
NETWORK, INC., et al.           :
                                :    May 29, 2013
            Defendants.          :
- - - - - - - - - - - - - - - -x    Greenbelt, Maryland
```

**HEARING**

BEFORE:                THE HONORABLE ALEXANDER WILLIAMS, JR.,
                       Judge


APPEARANCES:           MARGARET ESQUENET, Esq.
                       WHITNEY D. COOKE, Esq.
                       Finnegan, Henderson, Farabow, Garrett
                       and Dunner LLP
                       901 New York Avenue, NW
                       Washington, DC 20001
                            On Behalf of the Plaintiff

                       TACY FLINT, Esq.
                       One South Dearborn
                       Chicago, IL 60603
                            On Behalf of Plaintiff National
                       Association of Realtors

                       RICHARD TOIKKA, Esq.
                       L. PETER FARKAS, Esq.
                       RUSSELL O. PAIGE, Esq.
                       Farkas and Toikka LLP
                       1101 30th Street, NW
                       Suite 500
                       Washington, DC 20007
                            On Behalf of the Defendants


Proceedings recorded by electric sound recording, transcript
produced by transcription service.

1 We MRIS satisfied the copyright offices requirements as to
2 their registration and to the validity of the registrations and
3 of the materials submitted to the office.
4     The other issue I wanted to point out was Mr.
5 Farkas' implication that the "guidance paper" the -- I am
6 sorry, the DOJ action lead to the guidance paper which lead to
7 this copyright claims.  I think it is really important to
8 understand the timing and issues surrounding that.  First of
9 all, as I think the NAR brief goes into some detail on the DOJ
10 action, there was no finding of fault, MRIS was not a party and
11 it only dealt with what are called VOWs which are Virtual
12 Office Websites.
13     In other words, brokers who operate on the internet
14 rather than having bricks and mortar offices.  So the DOJ --
15 first of all the DOJ action only relates to that and second,
16 the MRIS --- opinion on copyright practices well after that and
17 then years -- we are talking about 2006 and then the meeting in
18 Anaheim was years later and the papers that I mentioned earlier
19 was published well before AHRN even existed.  So Mr. Farkas'
20 chain can't possibly be accurate.  Thank you.
21     THE COURT:  All right, let me -- do you have a
22 statement of something short, Mr. Farkas -- I will give you --
23 I will exercise my discretion to let you respond for a couple
24 of minutes.
25     MR. FARKAS:  Your Honor, the settlement or the

1  consent decree in the DOJ case may not have found liability but

2  that is what consent decrees are and the consent decree did

3  order NAR to allow their brokers to cooperate with outside

4  brokers.  Like AHRN.  So, secondly, the statement that just

5  because there is a time lag between the guidance paper and the

6  actual initiation of the conspiracy -- the subset of the larger

7  conspiracy -- conspiracy against AHRN in 2011, that doesn't

8  violate any principles of anything.

9         They set the -- the guidance paper set the structure

10 of the copyright application process in place and it was there

11 for MRIS and NAR to go into action against AHRN in 2011.

12        THE COURT:  All right.

13        MR. FARKAS:  Thank you.

14        THE COURT:  All right, what I am going to do, ladies

15 and gentlemen is to go back and review your motions and all the

16 pleadings here.  And I will say this, I am inclined to dismiss

17 sua sponte this paper 129 which is the motion for leave to file

18 a second amended counter claim without prejudice to refiling it

19 pending the outcome of this -- of the pending motions.

20        I am going to take an in-depth look at what is

21 there, what is set forth in the first amended complaint and

22 look at the briefs and I will make a decision of what can

23 survive an what does not survive.  And then depending on my

24 rulings, you can then  decide whether you want to file a motion

25 for a second amended complaint.