IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **METROPOLITAN REGIONAL** * | |
| **INFORMATION SYSTEMS, INC.** * | |
| * | |
| v. * | **Civil No. AW 12-954** |
| * | |
| **AMERICAN HOME REALTY** * | |
| **NETWORK and JONATHAN** * | |
| **J. CARDELLA** * | |
| * | |
| and * | |
| * | |
| **AMERICAN HOME REALTY NETWORK** * | |
| * | |
| and * | |
| * | |
| **METROPOLITAN REGIONAL** * | |
| **INFORMATION SYSTEMS,** * | |
| **NATIONAL ASSOCIATION OF REALTORS,** * | |
| **and DOES 1-25** * | |

## MEMORANDUM OPINION

Presently pending are American Home Realty Network, Inc.'s (AHRN) Motion to Seal the unredacted version of its Opposition to Metropolitan Regional Information Systems, Inc.'s (MRIS) Motion for Contempt, ECF No. 98, MRIS's Motion to Remove "Attorney's Eyes Only" Designation, ECF No. 107, AHRN's Motion to Seal three exhibits to its Opposition to MRIS's Motion for Leave, ECF No. 146, MRIS's Motion to Seal its Reply in support of its Motion for Contempt, ECF No. 163, and MRIS's Motion to Seal its Opposition to AHRN's Motion to Vacate the Preliminary Injunction, ECF No. 171.  The issues have been fully briefed and no hearing is necessary.  *See* Local Rule 105.6.  For the reasons outlined below, all motions to seal (ECF Nos. 98, 146, 163 and 171) are denied, and the Motion to Remove "Attorneys Eyes Only" Designation (ECF No. 107 is granted.

AHRN asks the court to seal (1) the unredacted version of its Opposition to MRIS's Motion for Contempt and certain attached exhibits[1] and (2) three exhibits to its Opposition to MRIS's Motion for Leave to file Supplemental Evidence.[2]  AHRN contends that the documents in question contain "sensitive, confidential and proprietary information regarding its collection of data for its website" that "would harm AHRN's competitive position" in the marketplace if it were to become public.  ECF No. 98 at 2.  MRIS opposes only the request to seal the unredacted version of the opposition and exhibits to the Motion for Contempt, contending that AHRN offers only conclusory assertions that do not justify court ordered protection.  In a separate motion, MRIS claims that AHRN also should be required to remove the "Attorney's Eyes Only" designation from these documents.

The parties executed a Stipulated Protective Order (SPO), ECF No. 78, in accordance with Fed. R. Civ. P. 26(c) and Local Rule 104.13.  Paragraph 4 of the SPO states that:

> The Designating Party may only make an "ATTORNEY'S EYES ONLY" designation only [sic] with respect to Confidential Material constituting highly sensitive employment records, personnel records, financial documents or information, certain emails involving personal information, or other proprietary information which the Designating Party believes in good faith will harm its competitive position if it becomes known to any person, entity, or Party other than the Designating Party.

 "To establish that a document is entitled to protection from disclosure under Rule 26(c), a party must show that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 140 (D. Md. 2011) (citations and quotation marks omitted).  "Where the party seeking protection under Rule 26 is a business, it must show that disclosure would cause significant harm to its competitive and

---

[1] Specifically, the Declarations of Tilman Thederan and Zohar Israel.  ECF Nos. 97-6 and 97-7.

[2] Specifically, AHRN's Memorandum in support of its Opposition to MRIS's Motion for Leave, ECF No. 145, the Declaration of AHRN's CEO Jonathan J. Cardella, ECF No. 145-1, and MRIS's Revised and Supplemental Objections and Responses to AHRN's Interrogatory No. 11.  ECF No. 145-2.

financial position." *Id.* (citations and quotation marks omitted). Additionally, "[t]he party asserting confidentiality must make specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Id.* (citations and quotation marks omitted).

Here, without addressing the Rule 26(c) standard and without providing any affidavits or concrete examples or justification for not providing them, AHRN merely states that an "Attorney's Eyes Only" designation is proper because the materials disclose "AHRN's confidential trade secrets regarding the manner and process that AHRN uses to procure its data," ECF No. 111 at 5, and argues that the designation does not prejudice MRIS because it received virtually the same information in a letter from counsel. *Id*. at 6. AHRN does not identify the specific personal or proprietary information at issue nor any specific harm that it could suffer, as required by the SPO and Rule 26(c). MRIS's Motion to Remove the "Attorney's Eyes Only" Designation will be granted.

"Turning to the motions to seal, "[t]he common law . . . presumes a right of the public to inspect and copy all judicial records and documents." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quotation marks and citations omitted). This presumption can be rebutted if "'countervailing interests heavily outweigh the public interests in access.'" *Id*. (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); *see also Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978). Under this common law balancing analysis, "the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford*, 846 F.2d at 253.[3] "The common law right of access can thus be abrogated in 'unusual circumstances,' where

---

[3] The public also enjoys a First Amendment right of access to particular judicial records and documents. *Stone v. Univ of Md Medical Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Where the First Amendment applies, public access "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id*. Here, because the less rigorous common law standard is not met, the court need not decide whether the First Amendment standard applies.

'countervailing interests heavily outweigh the public interests in access.'" *Johnson v. Balt. City Police Dep't*, No. 12-2519, 2013 U.S. Dist. LEXIS 17763, at *4 (D. Md. Feb. 7, 2013) (quoting *Rushford*, 846 F.2d at 253). In addition, Local Rule 105.11 states that:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection.

Here, AHRN does not offer any specific factual representations to justify the sealing of these materials. With regard to its first motion to seal, ECF No. 98, AHRN merely asserts that the material "disclose[s] AHRN's confidential trade secrets regarding the manner and process that AHRN uses to procure its data" and that "[s]uch facts, if known to competitors . . . would most certainly be used to AHRN's severe detriment and . . . would jeopardize AHRN's very existence in the marketplace." ECF No. 112 at 4. The vague reference to "confidential trade secrets" is not a specific factual representation. AHRN's second motion to seal, ECF No. 146, also recites broad, conclusory assertions without any specific factual representations. *See id.* at 2 ("Mr. Cardella's Declaration . . . contain[s] sensitive, confidential and proprietary information regarding AHRN's developmental websites that is not publically known and which AHRN would normally not divulge to their parties and, [sic] if so, only under a requirement that they be maintained in confidence."). AHRN has not shown that its interest in confidentiality outweighs the public interest in access to judicial records, and the Motions to Seal will thus be denied.[4]

Date: July 5, 2013                                      /S/
                                            JILLYN K. SCHULZE
                                            United States Magistrate Judge

---

[4] Accordingly, MRIS's Motions to Seal, ECF Nos. 163 and 171, which were filed as a precaution in the event that the court granted AHRN's Motions to Seal, will be denied as MOOT.