**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| AMERICAN HOME REALTY NETWORK, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | Civil Action No. 12-cv-00954-AW |
| and | * | |
| | * | |
| AMERICAN HOME REALTY NETWORK, INC., | * | |
| | * | |
| Counterclaim Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., *et al.*, | * | |
| | * | |
| Counterclaim Defendants. | * | |
| | * | |

**************************************************************************

**MEMORANDUM OPINION**

Pending before the Court is Defendant American Home Realty Network, Inc. (AHRN)'s Objections to the Report and Recommendation of U.S. Magistrate Judge Schulze. Judge Schulze recommends granting Plaintiff Metropolitan Regional Information Systems, Inc. (MRIS)'s Motion for Contempt in part, awarding MRIS compensatory damages in the amount of $7,000 for AHRN's display of MRIS's copyrighted photographs on its website for the seven-week period from November 30, 2012 through January 17, 2013, and denying all other requests for relief. Judge Schulze also recommends denying AHRN's Motion for Leave to File a Surreply and granting MRIS's Motion for Leave to File Supplemental Evidence and treating it as a

request for additional damages.  For the reasons discussed herein, I will ADOPT Judge Schulze's Report and Recommendation in its entirety.

Pursuant to 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings (if necessary) and report proposed findings of fact and recommendations for action on a dispositive motion.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Local Rule 301.5(b).  A party who is aggrieved by a magistrate judge's report and recommendation must file "specific written objections to the proposed findings and recommendations" within fourteen days.  Fed. R. Civ. P. 72(b)(2).  The district judge must then "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3). As to those portions of the report for which there is no objection, the district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315-16 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).

In accordance with Rule 72(b), I have reviewed the Report and Recommendation for clear error with respect to the determination of the substantive issues as to which there was no objection. I find that Judge Schulze's proposed substantive rulings are correct in all respects. Accordingly, I adopt them as my own.

I consider de novo AHRN's specific objections to Judge Schulze's Report and Recommendation.  The objections are as follows:

> 1) A ruling on the Motion for Contempt would be premature while a Motion to Vacate the Preliminary Injunction is pending and while AHRN's appeal to the Fourth Circuit of the Court's preliminary injunction order is pending;
>
> 2) The Report erroneously assumes that the preliminary injunction applies to MRIS's copyrighted photographs even if copyrights in those photographs have not been properly registered with the Copyright Office;

3) The Report erroneously interprets and applies the holding in *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279 (4th Cir. 2003), to the MRIS Database;

4) The Report erroneously extends registration of compilation copyright to individual photographs for the purposes of a preliminary injunction despite properly refusing to extend registration of compilation copyright to the same photographs for the purposes of damages;

5) The Report erroneously and arbitrarily computes damages; and

6) The Report erroneously recommends the granting of MRIS's unsupported Motion for Leave to File Supplemental Evidence.

Doc. No. 165 at 2. The Court will address each objection in turn.

AHRN's first objection, that a ruling on MRIS's Motion for Contempt would be premature, is essentially moot. Concurrent with this Memorandum Opinion and accompanying Order, the Court will issue a separate Opinion and Order denying AHRN's Motion to Vacate the preliminary injunction. Furthermore, AHRN's appeal is no longer pending, as the Fourth Circuit affirmed the Court's issuance of the preliminary injunction on July 17, 2013. *See* Doc. No. 180, *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, Case Nos. 12-2102, 12-2432, 2013 WL 3722365 (4th Cir. 2013).

AHRN's second objection seizes upon Judge Schulze's statement in her Report and Recommendation that "[a] violation of the [preliminary injunction] order does not depend on whether the copyrights have also been registered with the Copyright Office." Doc. No. 150 at 4. Judge Schulze's conclusion is correct, as nothing in the preliminary injunction limits its terms to registered photographs. Indeed, the Court's power to grant injunctive relief in this case is not limited to registered copyrights. *See, e.g.*, *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 710 n.1 (9th Cir. 2007) ("Once a court has jurisdiction over an action for copyright infringement under section 411, the court may grant injunctive relief to restrain infringement of any copyright, whether registered or unregistered."); *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349

(8th Cir. 1994) ("The power to grant injunctive relief is not limited to registered copyrights, or even to those copyrights which give rise to an infringement action."). AHRN's attempts to distinguish these cases on their facts are unconvincing.

In its third objection, AHRN argues that Judge Schulze's reliance on *Xoom* was erroneous because that case applied to collective works, not to compilations such as the MRIS Database. However, the MRIS Database is a "collective work" within the definition provided by 17 U.S.C. § 101 and AHRN presents no authority or evidence to the contrary.[1]

Fourth, AHRN objects to the Report and Recommendation's treatment of photographs as independent works for the purposes of injunction analysis yet only as components of a registered compilation for the purposes of assessing damages. This alleged "dual treatment of copyright," Doc. No. 165 at 11, does not warrant rejection or modification of Judge Schulze's recommendations. "Although parts of a compilation or derivative work may be regarded as independent works for other purposes, for purposes of statutory damages, they constitute one work." *Xoom*, 323 F.3d at 285 (internal quotations omitted) (citations omitted). Furthermore, Judge Schulze properly used statutory damage values to estimate the value of MRIS's actual damages. *See, e.g.*, *Yash Raj Films (USA), Inc. v. Bobby Music Co. & Sporting Goods, Inc.*, No. 01 CV 8378 JFB CLP, 2006 WL 2792756, at *11-14 (E.D.N.Y. Sept. 27, 2006). Accordingly, AHRN's fourth objection is without merit.

AHRN's fifth objection is that Judge Schulze's recommended damages award is arbitrary and without a legally supportable basis. As discussed above, Judge Schulze's consideration of

---

[1] AHRN's remaining arguments related to the applicability of *Xoom* and whether the MRIS Database is copyrightable were thoroughly addressed and rejected by the Court in its August 24 Memorandum Opinion. *See* Doc. No. 34 at 16-20, 24-26. The Fourth Circuit affirmed the substance of the Court's rulings in its July 17 Opinion. 2013 WL 3722365, at *3 n.9 (rejecting AHRN's contention that the MRIS Database fails to merit copyright protection), *6 (agreeing with those courts, including those relying on *Xoom*, that recognized that collective work registrations are sufficient to permit an infringement action on behalf of component works where the registrant owns the rights to the component works as well).

statutory damages as a guide to MRIS's actual damages was not erroneous.  Indeed, Judge

Schulze's recommended remedy is compensatory in nature, and adopting her damages award is

well within the Court's discretion.  *See In re General Motors Corp.*, 61 F.3d 256, 259 (4th Cir.

1995) ("The appropriate remedy for civil contempt is within the court's broad discretion.").

AHRN's fifth objection is therefore without merit.

Finally, AHRN argues that MRIS's Motion for Leave to File Supplemental Evidence is

unsupported by admissible evidence, and that Judge Schulze's recommendation that the motion

be granted and treated as a request for additional damages is erroneous.  On May 14, 2013,

MRIS filed its Motion and attached evidence that its copyrighted photographs continued to

appear on AHRN-controlled websites beyond the seven-week period described above.  *See* Doc.

No. 126.  The Court has reviewed MRIS's Motion and attached Blanchard Declaration and finds

there is good cause to grant MRIS leave to file a request for additional damages.  AHRN's sixth

objection is without merit.

Accordingly, the Court will ADOPT the Report and Recommendation of Judge Schulze.

A separate Order follows.

   July 31, 2013   
Date

     /s/     
Alexander Williams, Jr.
United States District Judge