IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br> Plaintiff, <br><br> v. <br><br> AMERICAN HOME REALTY NETWORK, INC., *et al.*, <br> Defendants. <br><br> and <br><br> AMERICAN HOME REALTY NETWORK, INC., <br> Counterclaim Plaintiff, <br><br> v. <br><br> METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., *et al.*, <br> Counterclaim Defendants. | * * * * * * * * * * * * * * * * * * * * * * | Civil Action No. 12-cv-00954-AW |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending before the Court is Defendant and Counterclaimant American Home Realty Network, Inc. (AHRN)'s Motion to Vacate Preliminary Injunction *Nunc Pro Tunc* and Request for Award of Damages, Attorneys Fees and Costs.[1] Doc. No. 155. The factual and procedural background of this case has been thoroughly documented in the Court's prior Opinions, *e.g.* Doc. Nos. 34, 64, and 159, which are hereby incorporated by reference.

On August 24, 2013, the Court granted Plaintiff Metropolitan Regional Information Systems, Inc. (MRIS)'s Motion for Preliminary Injunction and entered the following order:

---

[1] Also pending is AHRN's Objections to U.S. Magistrate Judge Schulze's Report and Recommendation on MRIS's Motion for Contempt and related motions. *See* Doc. No. 150. The Court will issue a separate Memorandum Opinion and Order with respect to the Report and Recommendation.

1

"Defendant AHRN and all persons acting under its direction, control or authority are hereby enjoined from unauthorized copying, reproduction, public display, or public distribution of copyrighted content from the MRIS Database, and from preparing derivative works based upon the copyrighted content from the MRIS Database." Doc. No. 35. On November 13, 2012, the Court revised the order as follows: "AHRN and all persons acting under its direction, control or authority are hereby preliminarily enjoined from unauthorized copying, reproduction, public display, or public distribution of MRIS's *copyrighted photographs* and from preparing derivative works based upon MRIS's *copyrighted photographs*." Doc. No. 64 at 15 (emphasis added). The Court noted in its November 13 Opinion that MRIS had shown a likelihood of success on its infringement claims because it had presented "credible evidence" that it owned copyright in the photographs in the MRIS Database. *Id.* at 3. The Court's August 24 Opinion concluded that "MRIS has shown that it owns the copyrights in the underlying parts of the MRIS Database, as '© 2012 MRIS' notices are prominently displayed on the photographs of properties. . . . MRIS appears to have obtained these copyrights by assignment when the photographs were uploaded to the MRIS Database by subscribers." Doc. No. 34 at 25. On July 17, 2013, the Court of Appeals for the Fourth Circuit affirmed the Court's issuance of the preliminary injunction in a published opinion. Doc. No. 180, *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, Case Nos. 12-2102, 12-2432, 2013 WL 3722365 (4th Cir. 2013).

In its Motion to Vacate, AHRN argues that "(1) MRIS's 'work for hire' claim [in its copyright registrations] is knowingly false and was presumably made to the Copyright Office to avoid having to name the author/photographers of text and photographs in its Database; and (2) MRIS has no proof of the identity of the photographers and thus cannot establish a chain of title of any copyrights in the photographs from the photographer to MRIS." Doc. No. 156 at 8.

AHRN further maintains that "MRIS knew well before it filed its complaint and its motion for preliminary injunction that it could not honestly establish a likelihood of success on the merits." *Id.* The Court has reviewed the motion papers and concludes that AHRN's arguments are without merit.

First, AHRN claims that when MRIS stated in its copyright registrations that the MRIS Database was a "work made for hire," it attested that MRIS was the author of the photographs in the Database because they were shot by MRIS employees or by professional photographers commissioned and paid by MRIS. Doc. No. 156 at 4-5. AHRN maintains that MRIS "repudiated" its "work for hire" representations made to the Copyright Office when it represented to this Court that it obtained ownership in the copyrights of the photographs via assignment from its subscribers. *Id.* AHRN appears to misapprehend that MRIS's copyright registrations, including the "work made for hire" designation, apply to the MRIS Database *as a whole*. Indeed, collective works such as the MRIS Database may be works made for hire. *See* Compendium II of Copyright Office Practices § 308.02 ("The collective work as a whole is often a work made for hire, and in such cases, the author is the employer or other person for whom the work was prepared. See 17 U.S.C. 201(b)."). The Court cannot equate MRIS's designation of its Database as a work made for hire as an attestation that its employees or agents shot the photographs within the MRIS Database. Accordingly, the Court discerns no inconsistency between MRIS's representations to the Copyright Office and the evidence it has presented to this Court regarding its ownership of copyrights in the photographs.

Second, AHRN argues that "MRIS has now admitted it lacks evidence that it owns the copyright in the photographs in the MRIS Database." Doc. No. 156 at 7. AHRN contends that

such an admission is established by MRIS's supplemental response to Interrogatory 11. The pertinent interrogatory and response read as follows:

> **INTERROGATORY NO. 11**
>
> For each of the photographic images in the registered MRIS Database that MRIS claims AHRN has infringed through its NeighborCity.com website, identify the photographer, date of creation, any copyright assignment records and/or proof of ownership by MRIS of the respective photographic image.
>
> ….
>
> **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**:
>
> A MRIS subscriber uploading a photographic image to the MRIS Database must agree to the MRIS Terms of Use Agreement ("MRIS TOU"). The MRIS TOU states as follows:
>
>> By submitting an image, you hereby irrevocably assign (and agree to assign) to MRIS, free and clear of any restrictions or encumbrances, all of your rights, title and interest in and to the image submitted. This assignment includes, without limitation, all worldwide copyrights in and to the image, and the right to sue for past and future infringements. If and to the extent you retain any copyrights or other ownership rights in or to the image despite this assignment, you waive and agree never to assert any such rights against MRIS or its successors, licensees, or customers, including without limitation, any moral rights that you may have in or to the image. **You warrant that any image submitted is your sole property, that no third party owns the image or any rights in or to the image (or any rights that, to your knowledge would undermine this assignment), and that you are not submitting materials for which you do not have the right to make the assignment described above.**
>
> MRIS does not maintain records of "the photographer, date of creation, any copyright assignment records and/or proof of ownership" for photographic images in the MRIS Database. The Copyright Office does not require an owner of a compilation copyright like MRIS to provide such details. Proof of ownership of copyright in any photographic image uploaded to the MRIS Database is established by a party's assent to the MRIS TOU and submission of the image.

Doc. No. 156-1. Despite AHRN's assertions to the contrary, the Court cannot read MRIS's interrogatory response as an admission that it does not own valid copyrights in the underlying photographs of the MRIS Database. Furthermore, none of the cases cited by AHRN support the

conclusion that to show a likelihood of success on the merits, MRIS was required to produce a chain of title for each underlying photograph in the MRIS Database.  In conclusion, AHRN has failed to present evidence that would disturb the Court's previous determinations.

Accordingly, AHRN's Motion to Vacate Preliminary Injunction will be denied.  A separate Order will follow.

   July 31, 2013                                           /s/
         Date                                        Alexander Williams, Jr.
                                                        United States District Judge