**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| **METROPOLITAN REGIONAL**<br>**INFORMATION SYSTEMS, INC.,**<br><br>  **Plaintiff,**<br><br>**v.**<br><br>**AMERICAN HOME REALTY NETWORK, INC.**<br>**and JONATHAN J. CARDELLA,**<br><br>   **Defendants**<br>**and**<br><br>**AMERICAN HOME REALTY NETWORK, INC.**<br><br>   **Counterclaim Plaintiff,**<br><br>**v.**<br><br>**METROPOLITAN REGIONAL**<br>**INFORMATION SYSTEMS, INC., NATIONAL**<br>**ASSOCIATION OF REALTORS, AND**<br>**DOES 1-25,**<br><br>   **Counterclaim Defendants.** | **CIVIL ACTION NO.**<br>**12-cv-0954-AW** |

**METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC.'S SUBMISSION OF**
**SUPPLEMENTAL EVIDENCE OF CONTEMPT BY AMERICAN HOME REALTY**
**NETWORK, INC.**

I.       INTRODUCTION

Flaunting the Court's November 13, 2012 Order, AHRN continues to collect, reproduce, publicly display, and publicly distribute MRIS's copyrighted photographs, and to prepare unauthorized derivative works based on MRIS's copyrighted photographs.  Contrary to its various representations to this Court, AHRN has continued to violate the November 13 Order through to the date of this filing.  AHRN's knowing and deliberate acts constitute a willful violation of the November 13 Order.  Accordingly, MRIS respectfully requests the Court to order AHRN to compensate MRIS for the harm caused by AHRN's actions and to reimburse MRIS for the fees and costs related to the Motion for Contempt and all related proceedings and filings.

II.      PROCEDURAL STATUS

On July 31, 2013, this Court issued its Memorandum Opinion and Order (Dkt. 184 and 185) ("July 31 Mem. Op.") adopting the June 4, 2013 Report and Recommendation of Magistrate Judge Schulze (Dkt. 150) ("Report") in its entirety, and granting-in-part MRIS's Motion for Contempt (Dkt. 92), including MRIS's request for compensatory damages from AHRN for its display of MRIS's copyrighted photographs on its website for the period of November 30, 2012 through January 17, 2013.  (Dkt. 185 at ¶ 2.)  The Court further granted MRIS's Motion for Leave to File Supplemental Evidence of AHRN's Contempt (Id. at ¶ 4). Pursuant to the Court's Order, MRIS hereby submits supplemental evidence establishing that AHRN continued—indeed continues—to violate the terms of the November 13, 2012 Order.

III.     BACKGROUND

A.       AHRN Misrepresented its Compliance with the November 13 Order

MRIS filed its Motion for Contempt (Dkt. 92) on January 17, 2013.  On February 4, 2013, AHRN opposed, stating that the violation was inadvertent and immediately corrected. (Opposition to MRIS's Motion for Contempt, Dkt. 97 at 4-7.)  MRIS filed its Motion for Leave

to Submit Supplemental Evidence on May 14, 2013, following its discovery of photographs bearing a "© [DATE] MRIS" notice on the websites http://mike.neighborhubs.com, http://bonet.neighborhubs.com, and http://stage.neighborhubs.com.  As MRIS noted in its Motion for Leave, evidence of AHRN's ongoing violations of the November 13 Order stands in direct contrast to the statements made in its Opposition to MRIS's Motion for Contempt, including, for example, AHRN's claim that it has "acted with diligence to avoid any violation" of the Court's November 13, 2012 Order and claims from its employees that AHRN had taken various steps to comply with that Order.  (Dkt. 97 at 9; Declaration of Tilman Thederan (Dkt. 97-9), and Declaration of Zohar Israel (Dkt. 97-10).)  And again, on May 31, 2013 in support of its Opposition to MRIS's Motion for Leave (Dkt. 144), AHRN submitted testimony from its CEO testifying that AHRN had taken steps to ensure its compliance with the Order by making the so-called "developmental websites" cited above password protected.  (Declaration of Jonathan J. Cardella (Dkt. 144-2) ("Cardella Decl.") at ¶¶ 6-8).

Despite these representations, however, AHRN's "developmental websites" continue to feature MRIS photographs and remain publicly accessible to this day.  Moreover, to the extent that AHRN revised the alleged "website logic" that allegedly caused AHRN's initial violation of the November 13 Order, such alleged "revisions" still allow AHRN and its websites to collect, copy, store, use and display MRIS's photographs.  As AHRN's ongoing contempt reveals, even in August 2013 AHRN still has not met its obligations to monitor or ensure its ongoing compliance with the November 13 Order.  AHRN's violations accordingly rise to the level of "obstinence or recalcitrance" and entitle MRIS to attorneys' fees and costs, in addition to further compensatory damages.

**B.     AHRN'S Arguments in Opposition to MRIS'S Motion for Leave Are Equally Inapplicable Here and the Supplemental Evidence Casts Doubt on the Veracity of AHRN's Testimony**

In its Opposition to MRIS's Motion for Leave (Dkt. 144), AHRN notably did not deny that photographs bearing a "© [DATE] MRIS" notice appeared on http://mike.neighborhubs.com, http://bonet.neighborhubs.com, and http://stage.neighborhubs.com.  Instead, AHRN argued that (1) MRIS's proffered supplemental evidence of contempt, namely, the Declaration of Danielle Blanchard, was "unverified," and (2) that the NeighorHubs websites at issue, including the websites listed above as well as http://zohar.neighborhubs.com and http://tilman.neighborhubs.com, were developmental in nature and not "publicly displayed."[1]

AHRN also relied upon the Declaration of Jonathan Cardella, CEO of AHRN, in support of its claims that AHRN was not in contempt.  In his declaration, Mr. Cardella testified:

> 6.     AHRN owns and operates 5 websites ("developmental websites") that are exclusively dedicated to development of neighborcity.com, with the URLs http://mike.neighborhubs.com, http://stage.neighborhubs.com, http://bonet.neighborhubs.com, http://zohar.neighborhubs.com, and http://tilman.neighborhubs.com.

> 7.     The developmental websites are not publicly accessible, and AHRN includes no search engine optimization in the developmental websites.

> 8.     At my instruction, from their inception, access to the developmental websites was protected by login ID and password requirements because they were intended for use only by authorized personnel and contained sensitive trade secret information, including but not limited to, the new website design for Neighborcity.com.

---

[1] AHRN also argued that MRIS's "admission" in an interrogatory response "tainted" the November 13 Order because MRIS could no longer "prove assignment" and thus could not establish a likelihood of success on the merits.  The Court rejected these same arguments when it denied AHRN's Motion to Vacate.  (Dkt. 186 and 187, July 31, 2013 Memorandum Opinion and Order.)

(Cardella Decl. ¶¶ 6-8.)

Mr. Cardella further testified that after MRIS filed its Motion for Leave, he was "notified" that the "developmental websites had been accessed by non-AHRN personnel" and that "upon investigating and learning that the login ID and password protection had been disabled," he "immediately directed that those security features be re-established." (*Id.* at ¶¶ 9-10.) Mr. Cardella's declaration did not deny—or even address—AHRN's unauthorized collection, copying, use, display and creation of derivative works of MRIS's copyrighted photographs, as evidenced by their inclusion on these "developmental websites" or other unauthorized uses.

MRIS's supplemental evidence, as described below, reveals that a number of the "neighborhubs.com" websites remained publicly accessible and continued to display photographs bearing a "© [DATE] MRIS" notice, despite Mr. Cardella's representations to the contrary. In addition, MRIS has learned that another publicly-accessible AHRN website, not previously disclosed by AHRN, http://map.neighborcity.com, also displays MRIS's copyrighted photographs. Materials related to that website are also discussed below.

### C.    AHRN'S "Public Display" Argument is Frivolous and Without Merit

In its Opposition to MRIS's Motion for Leave, AHRN argued that "all of AHRN's developmental websites fall outside of the scope of the November 13, 2012 Order, since all of AHRN's developmental websites are expressly not public websites, and do not include the public display or public distribution of any content, least of all copyrighted content." (Dkt. 144 at 6-7.) AHRN's "public display" argument must be rejected as frivolous and without merit. The language of the November 13 Order, which details the prohibited acts in the disjunctive, is in direct opposition to AHRN's position:

> AHRN and all persons acting under its direction, control or authority are hereby preliminarily enjoined from unauthorized copying, reproduction, public display, _**or**_ public distribution of MRIS's copyrighted photographs and from preparing derivative works based upon MRIS's copyrighted photographs.

(Dkt. 65 at 2.) (emphasis added)

The Order contains no exception for internal or "non-public" unauthorized uses, but rather identifies "public display" as one of the enjoined activities.  AHRN can provide no explanation as to how _any_ unauthorized copying, reproduction, public display, public distribution, _or_ preparation of derivatives works based on MRIS's copyrighted photographs by AHRN—whether on publicly available websites, their alleged non-publicly displayed developmental sites, or otherwise—does not constitute a willful violation of the November 13 Order.

## IV.   SUPPLEMENTAL EVIDENCE OF AHRN'S ONGOING CONTEMPT OF THE NOVEMBER 13 ORDER

MRIS's supplemental evidence, described below, is only an illustrative sample of the infringing activities that AHRN continues to engage in despite the unambiguous terms of the November 13 Order.  MRIS believes that this sample represents only a fraction of the full scope of AHRN's unauthorized use of photographs and to further its business on its websites in violation of the Order, including but not limited to bonet.neighborhubs.com, mike.neighborhubs.com, zohar.neighborhubs.com, stage.neighborhubs.com, and maps.neighborcity.com.  Specifically, the evidence thus far shows that in addition  to the infringement which took place between November 30, 2012 and January 17, 2013 referred to by Judge Schulze, AHRN was in violation of the November 13 Order from at least May 2013 to the date of this filing.  MRIS believes that the evidence strongly indicates that AHRN was also in violation of the November 13 Order in the interim time period (i.e., in February, March, and

6

April 2013) the timeframe in which MRIS relied on AHRN/Cardella's representations of compliance, as there is no evidence that the various NeighborHubs or NeighborCity websites were not operational and using MRIS photographs during that time.  Moreover, MRIS's proffered evidence establishes that despite the fact that Magistrate Schulze found that "[t]he preliminary injunction requires AHRN to make diligent and good faith efforts to comply or face sanctions for failing to do so" (Dkt. 150 at 6, citations omitted), AHRN has made no such efforts and instead impermissibly shifts the burdens and costs of monitoring compliance to MRIS.

### MRIS Photographs on stage.neighborhubs.com and zohar.neighborhubs.com

MRIS incorporates by reference the evidence of AHRN's ongoing contempt referenced in its Motion for Leave to Submit Supplemental Evidence.  This evidence is further addressed in the attached Declaration of Danielle Blanchard in Support of MRIS's Supplemental Evidence of AHRN's Contempt ("Blanchard Decl.").  In light of its previous findings as outlined in the Motion for Leave, MRIS has continued to periodically monitor the NeighborHubs websites after the filing of its Motion for Leave on May 14, 2013.  MRIS has repeatedly found photographs bearing a "© [DATE] MRIS" notice on various AHRN websites in violation of the November 13 Order.

MRIS's supplemental evidence related to the NeighborHubs websites is summarized in the chart below, and detailed in the Declaration of Danielle Blanchard and accompanying exhibits submitted concurrently herewith:

| Date Found | NeighborCity Website | Publicly Available | Description of Evidence of Contempt | Blanchard Declaration Reference and Exhibit No. |
|---|---|---|---|---|
| June 5, 2013 | stage.neighborhubs.com | Website publicly accessible and did not require password. | Photographs bearing a "© 2011 MRIS" notice in connection with a property listing located at 4912 28th Street S. Apt. B1, Alexandria VA 22314. | Blanchard Decl. ¶ 11 Exhibit 9 |
| June 5, 2013 | zohar.neighborhubs.com | Website publicly accessible and did not require a password. | Photographs bearing a "© [DATE] MRIS" notice in connection with property listings for homes located in McLean, Bayse, and Falls Church, VA | Blanchard Decl. ¶ 12 Exhibit 10 |
| July 1, 2013 | zohar.neighborhubs.com | Website publicly accessible and did not require a password. | Photographs bearing a "© 2012 MRIS" notice in connection with a real estate listing for property located at 5573 Seminary Road # 304, Falls Church VA 22041. | Blanchard Decl. ¶ 15 Exhibit 12 |
| July 1, 2013 | zohar.neighborhubs.com | Website publicly accessible and did not require a password. | Photographs bearing a "© 2011 MRIS" notice in connection with a real estate listing for a property located at 10213 Silver Bell Terrace, Rockville MD 20850. | Blanchard Decl. ¶ 16 Exhibit 13 |

| Date Found | NeighborCity Website | Publicly Available | Description of Evidence of Contempt | Blanchard Declaration Reference and Exhibit No. |
|---|---|---|---|---|
| July 1, 2013 | zohar.neighborhubs.com | Website publicly accessible and did not require a password. | Photographs bearing a "© 2011 MRIS" notice in connection with a real estate listing for a property located at 7618 Meadow Way, Dundalk, MD 21222. | Blanchard Decl. ¶ 17 Exhibit 14 |
| July 1, 2013 | zohar.neighborhubs.com | Website publicly accessible and did not require a password. | Photographs bearing a "© 2011 MRIS" notice in connection with a real estate listing located at 2902 Woodwell Road West, Dundalk, MD 21222. | Blanchard Decl. ¶ 18 Exhibit 15 |
| July 1, 2013 | zohar.neighborhubs.com | Website publicly accessible and did not require a password. | Photographs bearing a "© 2011 MRIS" notice in connection with a real estate listing for a property located at 1000 Valleybrook Drive, Hagerstown, MD 21742. | Blanchard Decl. ¶ 19 Exhibit 16 |
| July 17, 2013 | zohar.neighborhubs.com | Website publicly accessible and did not require a password. | Photographs bearing a "© 2011 MRIS" notice in connection with a real estate listing for a property located at 609 Sterling Drive, Winchester VA 22601. | Blanchard Decl. ¶ 20 Exhibit 17 |

| Date Found | NeighborCity Website | Publicly Available | Description of Evidence of Contempt | Blanchard Declaration Reference and Exhibit No. |
|---|---|---|---|---|
| July 22, 2013 | zohar.neighborhubs.com | Website publicly accessible and did not require a password. | Photographs bearing a "© 2011 MRIS" notice in connection with a real estate listing for a property located at 8022 Lansdale Road, Baltimore MD 21224. | Blanchard Decl. ¶ 21 Exhibit 18 |

In addition to the sample evidence of the continued infringement of photographs collected by MRIS for purposes of this filing, MRIS notes that the zohar.neighborhubs.com website features a "Frequently Asked Questions" and "About Us" page, located at zohar.neighborhubs.com/faq/ and zohar.neighborhubs.com/about/, respectively.  (Blanchard Decl. ¶ 14, Ex. 11.)  The "Frequently Asked Questions" page provides the following description of NeighborCity:

> What exactly is NeighborCity?
>
> NeighborCity is a real estate search engine website and also a full service brokerage under American Home Realty Network.  **We host listings from the MLS across the U.S.** and connect homebuyers in touch with qualified and proven agent that have an agreement with us in the area of inquiry.
>
> Combining a result driven website and a team of hardworking agents to find the perfect piece of property for you is our ultimate goal.

(Blanchard Decl. ¶14.) (emphasis added.)

On this "About Us" page, AHRN also admits the following: "We put all real estate listings, foreclosure listings, and for sale by owner listings in the markets we serve in one place," and states that it has "MLS Listings: 3,892,989" on its site.  (Blanchard Decl. ¶ 14, Ex. 11.)

Taken together with Mr. Cardella's representations, these admissions and the continued presence of MRIS's copyrighted photographs on websites owned and operated by AHRN, AHRN cannot credibly maintain that it is not in contempt of the November 13 Order, or that its contempt is not willful.

**MRIS Photographs on maps.neighborcity.com**

In addition to the publicly available photographs on the stage.neighborhubs.com and zohar.neighborhubs.com sites, MRIS has located another website owned and operated by AHRN, www.map.neighborcity.com that features photographs bearing an "© [DATE] MRIS" copyright notice.[2]  Once again, the website was publicly accessible and did not require a password.  From July 26, 2013 when MRIS first located MRIS's photographs the site and the date of this filing, MRIS has regularly located property listings on this site that display photographs bearing  "© 2012 MRIS" and "© **2013** MRIS" notices, including at least the following photographs (Blanchard Decl. ¶ 22):

---

[2] Though this Court correctly found that "nothing in the preliminary injunction limits its terms to registered photographs," (July 31 Mem. Op. 3), MRIS notes that the photographs bearing a "© 2013 MRIS" featured on map.neighborcity.com must have been copied by AHRN following the issuance of the November 13 Order. These photographs are covered by MRIS's quarterly filings with the U.S. Copyright Office per the regulations regarding automated databases.  MRIS filed its copyright application for the MRIS Database covering the first quarter of 2013 on April 23, 2013.  MRIS filed its copyright application for the MRIS Database covering the second quarter of 2013 on July 10, 2013.  MRIS expects to file a copyright application covering the third quarter of 2013 on or about October 10, 2013.









13















True and correct copies of these screen shots from maps.neighborcity.com, and others,

are described in the Blanchard Declaration and shown in Exhibit 19 to that Declaration.

Notably, AHRN did not include map.neighborcity.com in the list of its "developmental

websites" described in its Opposition to MRIS's Motion for Leave to Submit Supplemental

Evidence and in the Cardella Declaration attached thereto.

MRIS's supplemental evidence demonstrates that AHRN's infringement of MRIS's

copyrighted photographs has continued unabated.

## V.    MRIS IS ENTITLED TO ADDITIONAL COMPENSATORY DAMAGES AND ATTORNEYS' FEES BASED ON AHRN'S WILLFUL AND CONTINUED V IOLATION OF THE NOVEMBER 13, 2012 ORDER

The appropriate remedy for civil contempt is within the Court's broad discretion.  *In re*

*GMC*, 61 F.3d 256, 259 (4th Cir. 1995).  In the Report and Recommendation, Magistrate Judge

Schulze correctly considered the statutory damages provisions of the Copyright Act as a guide to

determine MRIS's actual damages, and an award of $1,000 in compensatory damages per week

for reproducing MRIS's copyrighted photographs in violation of the preliminary injunction.

(Report and Recommendation (Dkt. 150) at 9).  This Court held that such calculations were not

"erroneous," and that "Judge Schulze's recommended remedy is compensatory in nature, and

adopting her damages award is well within the Court's discretion."  (July 31 Mem. Op. at 4-5.)

The Report and Recommendation noted that this Court should treat MRIS's Motion for

Leave "as a request for additional damages."  (Report at 9, n. 4.)  Accordingly, MRIS

respectfully requests that the amount of compensatory damages be increased at the rate of at least

$1,000 per week to include the period of AHRN's ongoing contempt following MRIS's Motion

for Leave to Submit Supplemental Evidence on May 14, 2013 and any other period during which

AHRN has violated the Order.  MRIS's evidence, as described above and in the attached

Declaration of Danielle Blanchard, shows that AHRN has continued to violate the Order for at

least the period of May 14, 2013 to the present date.  MRIS contends that the evidence of

AHRN's misrepresentations, together with AHRN's ongoing and willful violation of the Order

following this Court's finding contempt, merits an assessment of the $1,000/week compensatory

damages award to cover the full period.  Accordingly, MRIS requests additional compensatory damages covering the period from January 17, 2013 to August 9, 2013, which equals twenty-nine weeks for a total amount of $29,000, not including the $7,000 already assessed by the Court for November 30, 2012 through January 17, 2013.

The July 31 Order adopts the Report and Recommendation's finding that MRIS was not yet entitled to an award of attorney's fees associated with the filing of its motion for contempt. As noted in the Report and Recommendation, "attorneys' fees should be awarded only if the contemnor's actions 'rise at least to the level of 'obstinence or recalcitrance'."  (Report at 9) (citing *Capital Source Fin. LLC v. Delco Oil, Inc.*, 520 F. Supp. 2d 684, 687 (D. Md. 2007). Finding that a contemnor's actions "rise at least to the level of 'obstinence or recalcitrance'" often "requires a showing of willful conduct on behalf of the contemnor."  (*Id*.) (citing *Columbia Gas Transmission Corp. v. Mangione Enters.*, 964 F. Supp. 199, 204 (D. Md. 1996) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975)).

In finding that MRIS "has not at this time present sufficient evidence to show that AHRN's behavior was recalcitrant or willful," Magistrate Judge Schulze noted that the violation at issue was "AHRN's first violation and it was corrected only a few hours after MRIS gave AHRN notification of the problem."  (Report at 9.)  However, the Report and Recommendation specifically contemplated that "if MRIS shows violations of the preliminary injunction occurring after the present motion was filed, it is quite possible that these violations would be deemed willful for purposes of awarding attorneys' fees and costs."  (*Id*. at n. 4.)

As described herein, AHRN continued to violate the November 13 Order *even after* its CEO and other employees testified regarding its alleged efforts to comply with that Order and the violations continue to the present day.  The continued violation of the Order and the

misrepresentations to the Court underscore the recalcitrant and willful nature of AHRN's contempt.  Accordingly, AHRN's actions "rise at least to the level of obstinence or recalcitrance'" and MRIS is entitled to an award of its attorneys' fees associated with the filing of its motion for contempt, its motion for leave to submit supplemental evidence, and its present submission of supplemental evidence.  MRIS respectfully requests the opportunity to submit evidence of the attorneys' fees and costs associated with these filings.

## VI.    CONCLUSION

For the reasons discussed herein, AHRN must be held accountable for its continued and willful violations of the November 13 Order.  Accordingly, MRIS respectfully submits the supplemental evidence pursuant to this Court's July 31 Order and requests the additional compensatory damages and attorneys' fees described herein.

Respectfully submitted,

Dated:  August 9, 2013

By:   /s/ Margaret A. Esquenet
John T. Westermeier (Bar No. 04364)
(jay.westermeier@finnegan.com)
Margaret A. Esquenet (Bar No. 27775)
(margaret.esquenet@finnegan.com)
Whitney D. Cooke (admitted *pro hac vice*)
(whitney.cooke@finnegan.com)

FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP

*Attorneys for Plaintiff-Counterclaim Defendant*
Metropolitan Regional Information
Systems, Inc.

## CERTIFICATE OF SERVICE

I, Margaret A. Esquenet, hereby certify that on August 9, 2013, a copy of the foregoing MRIS's Supplemental Evidence of AHRN's Contempt was served via electronic means using the Court's CM/ECF system and hand delivery upon:

> Richard S. Toikka
> L. Peter Farkas
> Russell O. Paige
> FARKAS & TOIKKA, L.L.P.
> 1101 30th Street N.W., Suite 500
> Washington, DC 20007
> rst@farkastoikka.com
> lpf@farkastoikka.com
> rop@farkastoikka.com

I, Margaret A. Esquenet, hereby certify that on August 9, 2013, a copy of the foregoing MRIS's Supplemental Evidence of AHRN's Contempt was served via electronic means using the Court's CM/ECF system upon:

> Christopher Ralph Miller
> AMERICAN HOME REALTY NETWORK INC.
> 222 7th Street, Second Floor
> San Francisco, CA 94103
> c.miller@neighborcity.com

> Brian Morrissey, Jr.
> SIDLEY AUSTIN LLP
> 1501 K Street, NW
> Washington, DC  20005
> bmorrissey@sidley.com

I, Margaret A. Esquenet, hereby certify that on August 9, 2013, a copy of the foregoing MRIS's Supplemental Evidence of AHRN's Contempt was served via electronic means using the Court's CM/ECF system and FedEx upon:

> Jack R. Bierig
> Tacy F. Flint
> SIDLEY AUSTIN LLP
> One Dearborn Street
> Chicago, IL  60603
> jbierig@sidley.com
> tflint@sidley.com

                                     /s/ Margaret A. Esquenet