IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HOME REALTY NETWORK, INC. <br><br> Defendant, <br><br> AMERICAN HOME REALTY NETWORK, INC., <br><br> Counterclaimant, <br><br> v. <br><br> METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br><br> and <br><br> NATIONAL ASSOCIATION OF REALTORS, <br><br> and <br><br> Does Nos. 1 – 25, <br><br> Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 12-cv-954-AW |

## CERTIFICATE OF CONFERENCE

Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 104.7, undersigned counsel certifies that following service of American Home Realty Network, Inc.'s ("AHRN's") Motion to Compel Discovery (including Certificate of

Conference) and supporting Memorandum, Metropolitan Regional Information Services, Inc.'s ("MRIS's") Opposition thereto, and AHRN's Reply (copies of which are attached hereto[1]), on July 1, 2013, beginning at 2 pm edt, AHRN counsel conferred with MRIS counsel by telephone in an effort to resolve this discovery dispute.  In attendance on the call were: for AHRN, Richard Toikka, Russell Paige and Rachel Rodriguez, and for MRIS, Margaret Esquenet and Whitney Cooke.  Following the meet-and-confer conference, on July 15, 2013, MRIS served its second supplemental response to AHRN's Interrogatory No. 14.  As a result of the conference and MRIS's second supplemental response, the parties were able to resolve 5 of the 12 issues identified in AHRN's Motion to Compel and prior Certificate of Conference served on May 20, 2013 (copy attached).   The following 7 issues remain for this Court's attention:

In MRIS's revised and supplemental responses to AHRN's First Set of Interrogatories and First Set of Requests for Production:

1.     MRIS has raised general objections without adequate explanation and has not stated whether information or documents are or will be withheld based on any

---

[1] Exhibit B to MRIS's Opposition (AHRN's Objections and Responses to MRIS's Second Set of Interrogatories) was designated as Attorneys' Eyes Only by AHRN.  However, AHRN has withdrawn its AEO designation as to pages 1-6 of these Objections and Responses and has attached only those 6 pages plus the signature page, verification and certificate of service in Exhibit B.  AHRN believes the 6 page except should be sufficient for the Court's purposes in ruling on AHRN's Motion to Compel Discovery from MRIS as (1) the adequacy of these responses by AHRN are not a subject of AHRN's Motion to Compel; (2) MRIS cites only to pages 2 and 4-5 in its Opposition in support of its argument that AHRN raised the same type of discovery objections AHRN finds deficient in MRIS's responses; and (3) MRIS has indicated it has no problem in principal to including only the excerpt.  However, should the Court wish to review the entire document, AHRN will file it under seal.

of its general objections;

2.      MRIS has raised objections specific to interrogatories and requests for production but does not state whether information or documents are or will be withheld based on those objections;

3.      MRIS has without merit objected that AHRN has exceeded the limit of 25 interrogatories, including subparts, and has stated that it will not answer any future interrogatories without a court order increasing the limit;

4.      MRIS has inappropriately relied on Fed. R. Civ. P. 33(d) to state it will produce documents in lieu of interrogatory answers without meeting the requirements of the rule;

5.      MRIS has indiscriminately raised objections of attorney-client privilege and work product doctrine without substantiating its objections or stating whether information or documents are or will be withheld based on those objections;

6.      MRIS has asserted unsubstantiated boilerplate objections that various of AHRN's discovery requests are overly broad, unduly burdensome and seek irrelevant information or documents.

The foregoing issues are discussed in more detail in AHRN's Memorandum and Reply in support of its Motion.

Further, at the parties' initial meet and confer conference on April 3, 2013, AHRN agreed to withdraw and reissue Interrogatory No. 1. On April 18, 2013, AHRN served its reissued Interrogatory No. 1 with Exhibit A thereto (copies attached) (Exhibit A filed under seal). On May 24, 2013, MRIS served an unverified response followed by verification served on June 4, 2013 (copies

3

attached).  At the parties' subsequent meet and confer conference on July 1, 2013 AHRN stated that it found MRIS's responses deficient and confirmed this by letter transmitted that same day (copy attached).  MRIS's response was also discussed but not in any detail at the parties' July 25, 2013 meet and confer conference which was devoted chiefly to discovery disputes regarding AHRN's responses to MRIS's discovery responses.  Both at the conferences and in a subsequent email dated August 8, 2013 (copy attached), MRIS counsel refused to supplement its response to AHRN's reissued Interrogatory No. 1.  The substance of the dispute as stated in AHRN's July 1, 2013 letter is that: (1) whether MRIS intended its term "the various expressive pre-configured fields and descriptors" to mean "all fields."; (2) MRIS has not defined "the MRIS proprietary Keystone product" in sufficient detail to establish its relevance to the reissued Interrogatory; (3) whether MRIS's intended the term "the current MRIS Profile Sheet" to mean the Profile Sheet attached as Exhibit A to the reissued Interrogatory; and (4) MRIS did not respond to the part of the Interrogatory requesting MRIS to state whether each respective pre-configured field and descriptor and the content contained therein constitutes a copyrighted work distinct from the selection, coordination and arrangement of said fields and/or descriptors.

Dated: September 8, 2013　　　　　　　Respectfully submitted,

FARKAS+TOIKKA, LLP

　　*/S/ Richard S. Toikka*
Richard S. Toikka, Fed Bar No.13543
L. Peter Farkas (pro hac vice)
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)
lpf@farkastoikka.com (email)

Of Counsel:

Christopher R. Miller (pro hac vice) Chief Legal Officer and General Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California 94103
800-357-3321 (phone)
C.Miller@NeighborCity.com (email)

*Counsel for Defendant and Counterclaimant*
*American Home Realty Network, Inc.*

## CERTIFICATE OF SERVICE

I, Richard S. Toikka, herby certify that on this the 8th day of September, 2013, a copy of the foregoing Certificate of Conference was served by the Court's CM/ECF system upon:

John T. Westermeier, Esquire
Margaret A. Esquenet, Esquire
Whitney D. Cooke, Esquire
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413

*Counsel for Plaintiff and Counterclaim Defendant*
*Metropolitan Regional Information Systems, Inc.*

Brian P. Morrissey, Jr.
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005

Jack R. Bierig, Esquire
Tacy F. Flint, Esquire
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, IL 60603

*Counsel for Counterclaim Defendant*
*National Association of Realtors*

                                              */S/ Richard S. Toikka*
                                                Richard S. Toikka