**FARKAS + TOIKKA** LLP
ATTORNEYS

Russell O. Paige, Esquire
Direct Dial:
Tel.  202.337.7809
Fax. 202.337.7808

October 2, 2013

**By Electronic Service via CM/ECF**
The Honorable Jillyn K. Schulze
District Court Magistrate Judge
U.S. District Court for the District of Maryland
Greenbelt Division
6500 Cherry Wood Lane
Greenbelt, MD  20770

    Re:    Metropolitan Regional Information Systems, Inc. v. American Home Realty Network, Inc. et al., No. 8:12-cv-954-AW

Dear Judge Schulze:

We represent Defendant and Counterclaimant American Home Realty Network, Inc. ("AHRN") in the above-referenced litigation involving Plaintiff and Counterclaim Defendant Metropolitan Regional Information Systems, Inc. ("MRIS") and Counterclaim Defendant National Association of Realtors ("NAR").  We write to request your assistance in resolving a longstanding dispute regarding the content and use of search terms in the production of electronically stored information.

On December 17, 2012, this court entered a Stipulation on the Production of Electronically Stored Information ("ESI Stipulation"), D.E. 79.  Under the ESI Stipulation, the parties agreed to "discharge their production obligations with respect to all ESI using Search Terms to identify documents for production."  The relevant guidelines are as follows:

    a.    Search Terms proposed by a party requesting documents either in instructions in its Requests or otherwise will be included by the producing party in its search unless there is a reasonable basis for objecting, and the parties will endeavor in good faith to agree upon Search Terms that minimize the likelihood of non-responsive results.  Further, the Parties agree that:

    b.    Search terms need not be identical for both parties.

On February 1, 2013, MRIS and AHRN exchanged search terms.  MRIS has since objected several times to AHRN's list of search terms, on the basis that the sheer size of AHRN's list of search terms (864 search terms) is unduly burdensome—to the computer search engines employed to gather ESI—and will impose substantial costs on MRIS.  MRIS has demonstrated no basis for that position.  MRIS has further objected to the inclusion of broad search terms, which MRIS complains will lead to unnecessarily high costs to review the documents for privilege and responsiveness.

In response, AHRN has several times offered to relieve MRIS of its burden to remove non-responsive documents.  See e.g. February 27, 2013 Letter to Jay Westermeier; March 11, 2013 Letter to Jay Westermeier; together attached as Exhibit A.

Prior to negotiating the ESI stipulation, AHRN agreed to MRIS's proposal for minimal privilege logging requirements.  See October 9, 2012 e-mail from Margaret Esquenet to Richard Toikka, excerpted in Exhibit A at p. 4.

To protect MRIS further, beginning in April 2013 AHRN has serially offered to MRIS drafts of an increasingly protective stipulated Order under Federal Rule of Evidence 502(d) ("502(d) Stipulation") that as a practical matter (1) gives MRIS iron-clad protection against inadvertent waiver of privilege, (2) eliminates the need for responsiveness review through quickpeek provisions, and (3) guarantees clawback of privileged documents identified by either party.  See April 9, 2013 Letter to Jay Westermeier; April 30, Letter to Jay Westermeier; May 16, 2013 Letter to Jay Westermeier; and May 16, 2013 draft 502(d) Stipulation; together attached as Exhibit B.

AHRN sincerely believes that the above proposals will achieve the result ordered by this court in *In re Coventry Healthcare, Inc., ERISA Litigation.*  In that case, this court recognized that "a clawback order can protect Defendants against a claim of waiver, such that Defendants *need no longer bear the cost of reviewing the ESI for responsiveness and privilege.*"  *In re Coventry Healthcare, Inc., ERISA Litigation*, 2013 WL 1187909, *4 (D.Md.) (emphasis added).

Recently, AHRN attempted to allay some of MRIS's concerns by drastically reducing its list of search terms from 864 to 208.  By way of comparison, 200 search terms were used in the Regional Multiple Listing Service of Minnesota, Inc., d/b/a NorthStarMLS (RMLS) v. AHRN (D.Minn, Civil No. 12-CV-0965 JRT/FLN) litigation, despite the fact that the issues being litigated in that case are narrower than those in this case.

The parties have met and conferred on this issue, yet MRIS persists in its objections.  AHRN believes that, despite its efforts to accommodate the many and persistent roadblocks interposed by MRIS, MRIS's position is intractable, and thus external assistance is necessary in achieving resolution.  We look forward to hearing how the Court wishes the parties to proceed.

Respectfully submitted,

*/s/ Russell O. Paige*
Russell O. Paige, Federal Bar No. 16035
FARKAS+TOIKKA, LLP
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (main phone)
202-337-7808 (fax)
rop@farkastoikka.com (email)

cc:   John T. Westermeier, Esquire (by electronic service)
      Margaret A. Esquenet, Esquire (by electronic service)
      Whitney D. Cooke, Esquire (by electronic service)

## CERTIFICATE OF SERVICE

I, Russell O. Paige, hereby certify that on this the 2nd day of October, 2013, a copy of the foregoing letter to Magistrate Judge Jillyn K. Schulze was served by electronic means using the Court's CM/ECF system upon all counsel of record.

                                        */s/ Russell O. Paige*
                                        Russell O. Paige