IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HOME REALTY NETWORK, INC. <br><br><br> Defendant, <br>─────────────────────────── <br> AMERICAN HOME REALTY NETWORK, INC., <br><br> Counterclaimant, <br><br> v. <br><br> METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br><br> and <br><br> NATIONAL ASSOCIATION OF REALTORS, <br><br> and <br><br> Does Nos. 1 – 25, <br><br> Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 12-cv-954-AW ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**REPLY IN SUPPORT OF AHRN'S MOTION TO STRIKE MRIS'S SUBMISSION OF SUPPLEMENTAL EVIDENCE OF CONTEMPT OR, IN THE ALTERNATIVE, TO DENY MRIS'S REQUEST FOR ADDITIONAL DAMAGES AND ATTORNEYS' FEES**

COMES NOW Defendant and Counterclaimant American Home Realty Network,

Inc. ("AHRN") and for its Reply in support of its Motion to Strike Metropolitan Regional

Information Systems, Inc.'s ("MRIS's") Submission of Supplemental Evidence of

1

Contempt by AHRN, or in the Alternative, to Deny MRIS's Requests for Additional Damages and Attorneys' Fees, and in response to MRIS's Corrected Opposition ("MRIS Opp.") [D.E. 213], states as follows.

## I. INTRODUCTION

On August 24, 2012, MRIS obtained a preliminary injunction against MRIS covering "copyrighted content from the MRIS Database." Order [D.E. 35] at 2. MRIS's copyright infringement case against AHRN has grown steadily weaker since then. First, on November 13, 2013, the Court narrowed the scope of its preliminary injunction to include only "MRIS's copyrighted photographs." Order [D.E. 35] at 2. At that time the Court found that MRIS had not identified any original selection and arrangement of informational content in the MRIS database and MRIS had not shown a likelihood of success on its claims that AHRN copied (i) any original selection and arrangement of informational content in the MRIS Database, or (ii) particular, copyrightable textual elements owned by MRIS. Memorandum Opinion [D.E. 64] at 7. Subsequently, MRIS admitted in discovery that it "does not maintain records of 'the photographer, date of creation, any copyright assignment records and/or proof of ownership' for photographic images in the MRIS Database." MRIS supplemental answer to AHRN's Interrogatory No. 11, attached as Exhibit A. Thus for the only works for which Judge Williams found MRIS had a likelihood of success in proving copyright infringement – the photographs – MRIS has conceded that it cannot prove ownership of the copyrights, a critical element of its infringement claims. *See CoStar, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004).

As MRIS's copyright infringement case weakened, MRIS's interest in litigating contempt motions increased in part because of holdings by this Court that copyright ownership and registration issues were not relevant to a contempt motion for violation of the preliminary injunction.  *See* June 4, 2013 Magistrate Judge's Report and Recommendation ("Report") [D.E. 150] at 4 (violation of the injunction order does not depend on whether copyrights have been registered); July 31, 2013 Order [D.E. 186] at 5 (to show likelihood of success on merits as required for a preliminary injunction MRIS did not have to produce a chain of title for the photographs).  MRIS was also emboldened by the Court's reliance in the contempt context on Judge Williams' prior findings in granting MRIS's motion for a preliminary injunction that MRIS would suffer irreparable harm in the absence of an injunction.  *See* Report [D.E. 150] at 6.

A further indication that MRIS would prefer to litigate about contempt than about its infringement claims, is that MRIS has obstructed discovery on its infringement claims by not reasonably negotiating an agreement on search terms to be used in production of Electronically Stored Information ("ESI").  *See* October 2, 2013 letter from Russell Paige to Magistrate Judge Schulze [D.E. 218], attached as Exhibit B.  Clearly, MRIS seeks to drive AHRN out of business by piling on contempt damages and resisting and delaying discovery before AHRN has the opportunity to establish the bankruptcy of MRIS's claims on the merits.

## II.     BACKGROUND

On June 4, 2013 Magistrate Judge Jillyn K. Schulze recommended that MRIS be awarded $7,000 in compensatory damages on her holding that AHRN violated the Court's preliminary injunction by inadvertently displaying images bearing MRIS's

copyright notice on AHRN's public-facing website www.neighborcity.com ("NeighborCity.com") from November 30, 2012 to January 17, 2012. Report at 9. The Report was adopted in its entirety by Judge Williams in his Opinion [D.E. 184] and Order [D.E. 185]. Judge Schulze denied the overreaching relief sought by MRIS of an accounting, a fine of $750 per photograph and an award of attorneys' fees. There was no dispute that photographs bearing MRIS notices had appeared on NeighborCity.com or that AHRN had remedied the infraction within hours of learning of it.

Even before Judge Schulze made her recommendation, MRIS was seeking to bolster its contempt motion, this time alleging that images bearing MRIS copyright notices appeared not on AHRN's public-facing website NeighborCity.com, but on AHRN's non-public developmental sites: http://mike.neighborhubs.com, http://bonet.neighborhubs.com, and http://stage.neighborcity.com. *See* MRIS's May 14, 2013 Motion for Leave to File Supplemental Evidence on Plaintiff MRIS's Motion for Contempt [D.E. 126] ("MRIS Motion for Leave") at 2. Judge Schulze recommended and Judge Williams concurred that MRIS's Motion for Leave be granted and treated as a request for additional damages. Report at 9 n.4; Judge Williams' Opinion at 5, Order at 2. MRIS has now filed its Submission of Supplemental Evidence of Contempt by AHRN [D.E. 194] ("Submission") in apparent reliance on the Court's Opinion and Order, without a motion but nonetheless seeking additional damages of at least $29,000 and an award of attorneys' fees. *See* Submission at 19-20. MRIS does not explain how it was harmed by the alleged presence of photographs bearing its copyright notice on AHRN's private developmental websites that were not advertised or known to the public. Indeed MRIS cannot even show a violation of the preliminary injunction because all of

the MRIS-watermarked photographs that MRIS contends were present on AHRN's developmental websites [http://mike.neighborhubs.com, http://bonet.neighborhubs.com, and http://stage.neighborcity.com] date from 2011 and 2012 before the issuance of the Court's August 24, 2012 injunction order [D.E. 35], and were never publicly displayed.

As shown in AHRN's opening memorandum and further below, MRIS did not follow the procedure in the Court's Local Rules for seeking relief from the Court, and even assuming *arguendo* that it did, MRIS has not shown either a violation of the November 13, 2012 preliminary injunction order or any damages to MRIS by the required "clear and convincing" standard of proof.

AHRN further incorporates by reference herein the Background section of its Opening Memorandum [D.E. 201-2].

### III. ARGUMENT

**A. The Court Should Strike MRIS's Submission as Beyond the Scope of Court's Grant of Leave to File Supplemental Evidence in Support of MRIS's Motion for Contempt and in Violation of this Court's Local Rules**

In its Opposition, MRIS does not deny that (a) it included in its Supplemental Submission additional arguments of counsel that went beyond its arguments in support of its Motion for Leave to File Supplemental Evidence [D.E. __] and (b) neither Judge Schulze nor Judge Williams authorized additional briefing on contempt damages. *See* AHRN Opening Mem, at 12; MRIS Opp. at 5 (Judge Schulze suggested "the Court treat [MRIS's May 14, 2013 Motion for Leave to File Supplemental Evidence on Plaintiff MRIS's Motion for Contempt] as a request for additional damages…"). MRIS also acknowledges that it is seeking relief from the Court in its request for additional contempt damages and attorneys' fees but disputes that it needed to file a motion pursuant to Local Rules. MRIS Opp. at 4-5. Its only justification for not filing a motion is

5

that the Court was insufficiently clear, in not providing "specific direction" for how the supplemental evidence was to be filed.  *Id.*  But that is not a legitimate reason for ignoring the Local Rules which provide specific direction to litigants as to how to file papers with the Court.

In fact, MRIS played fast and loose with the rules to enable its attempted stealth unauthorized briefing on damages.  Not only did MRIS attempt to get a "second bite" of the proverbial apple in its additional arguments on damages, it sought a bigger bite the second time by expanding its arguments to cover evidence developed after its Motion for Leave was filed and briefed.  Not only did MRIS's Supplemental Evidence include a new private web site (www.map.neighborcity.com) on which MRIS alleges its watermarked photographs appeared, but this web site apparently became known to MRIS—through undisclosed means—only after its Motion for Leave had been fully briefed.  Further, MRIS has presented neither facts nor argument to demonstrate how the public might have knowledge of the private web site URL, or why the public would have any motivation to find it.

### B. In the Alternative, the Court Should Deny MRIS's Requests for Additional Damages and Attorneys' Fees

As explained in AHRN's Opening Memorandum, MRIS's Submission and its supplemental evidence do not meet the test for civil contempt.  AHRN Opening Mem. at 13-14.  MRIS has proved neither a violation of the Court's preliminary injunction or any resulting harm to MRIS by clear and convincing evidence.  In its Opposition MRIS does not respond to AHRN's assertion supported by the August 26, 2013 Declaration of its CEO Jonathan J. Cardella that all of the photographs MRIS alleges it found on AHRN's developmental web sites http://mike.neighborhubs.com, http://stage.neighborhubs.com

6

and http://zohar.neighborhubs.com with notices dated 2011 or 2012 all were copied prior to the entry of the Court's preliminary injunction order on August 27, 2012.  *See* AHRN Opening Mem. at 14.  MRIS argues that nonetheless there was public display of these photographs based only on the alleged fact that MRIS found a way to access the sites.  MRIS Opp. at 7-8.  Without more, MRIS has not shown public display by clear and convincing evidence.  MRIS has not even disclosed in Ms. Blanchard's declarations how it learned of the URLs for AHRN's developmental websites.  This fact is relevant to whether the public is likely to know of the URLs and have any reason to enter these URLs into a web browser.  Indeed MRIS does not assert that a single member of the public (outside its own litigation-driven efforts) was able to access these sites.  Moreover, MRIS introduces no new evidence of harm but relies exclusively on Judge Williams prior rulings made in the context of AHRN's acknowledged public display on www.neighborcity.com prior to August 27, 2012.  *See* MRIS Opp. at 6-7.  These rulings are not on point because they (1) were made on MRIS's motion for preliminary injunction, and Judge Williams' findings related to admitted public display on www.neighborcity.com and not AHRN's developmental sites; and (2) did not apply the contempt standard of clear and convincing evidence.  *See* AHRN Opening Mem. at 13.  Without MRIS showing by clear and convincing evidence that it has been harmed, no contempt compensatory damages may be assessed even if MRIS were to meet its burden to show by clear and convincing evidence a violation of the preliminary injunction order.  *See* AHRN Opening Mem. at 13.

  MRIS admits that at least some of the "evidence" presented by MRIS in its Submission falls outside of the scope of the evidence MRIS sought, and was granted

7

leave to submit, see AHRN Opening Mem. at 14-15, but argues without authority that the Court's grant of leave to submit additional evidence on its Motion for Contempt was without limit, MRIS Opp. at 5-6.

In arguing that its requested additional compensatory damages are not excessive, MRIS Opp. at 8-9, MRIS totally ignores Judge Schulze's holding upheld by Judge Williams that

> for purposes of assessing damages, the photographs do not constitute separate "works" but rather are parts of a compilation. … MRIS may only recover one statutory damage award for each registered compilation. (citations and quotations omitted)

Report [D.E. 150] at 8. MRIS in defending its damages calculation, does not even attempt to respond to AHRN's argument that "the allegedly infringed database compilations, which change daily, would certainly overlap and yet have been registered with the Copyright Office only once per quarter." AHRN Opening Mem. at 15. Thus, MRIS's supplemental evidence and motion-free motion essentially seek to double dip on alleged damages for which it has been fully and generously compensated under the original grant of its motion for contempt. *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 313, 320 (S.D.N.Y. 2011)("Plaintiffs are entitled to a single statutory damage award from Defendants per work infringed, regardless of how many individual users directly infringed that particular work.")

MRIS resorts to shrill hyperbolic rhetoric rather than a reasoned discussion of the facts in its continued accusations that AHRN and its CEO Jonathan Cardella misled the Court thereby allegedly calling into question Mr. Cardella's credibility as a witness and demonstrating alleged "obstinance and recalcitrance" by AHRN. MRIS Opp. at 9-10. MRIS questions AHRN's diligence in avoiding a violation of the injunction order "in light

of its numerous and ongoing violations." *Id.* at 9.  But this argument is circular and presumes that MRIS has proven any additional violations of the preliminary injunction, which it has not.  MRIS does not question the truth of any of the specific statements in Cardella's declaration which detail the actions taken by Mr. Cardella to assure compliance with the injunction.  *See* 8/26/13 Cardella Decl., ¶¶ 11-21.  His response is certainly reasonable and hardly indicative of obstinance or recalcitrance, particularly in view of the limited resources available to a small company such as AHRN.

MRIS also devotes a lengthy footnote to its argument that AHRN has not disclosed or qualified Mr. Cardella as an expert witness.  MRIS Opp. at 9 n.3.  This amounts to "protesting too much."  MRIS knows that the time for expert disclosures for trial witnesses has not yet arrived, this is a motions proceeding and not trial, and Mr. Cardella's impressive credentials are clear from his declaration, *see* 8/26/13 Cardella Decl., ¶ 3, and the sophisticated technical content contained therein.  It is clear that Mr. Cardella's expertise and experience in computer engineering far surpasses that of MRIS's declarant Danielle Blanchard and MRIS does not dispute this.

In response to AHRN's arguments that MRIS has not met its evidentiary burden to show violations of the preliminary injunction order through Danielle Blanchard's declaration, MRIS continues its shrill hyperbolic rhetoric, contending AHRN made false accusations.  MRIS Opp. at 10-13.  In response to various technical issues AHRN raised with some of the statements in Ms. Blanchard's declaration and the attached screenshots related to her alleged accessing of the sub domain www.map.neighborcity.com, MRIS over-reacts and falsely states that AHRN accused Ms. Blanchard and MRIS counsel of "falsify[ing] approximately 350 pages of

documents." *Id.* at 11. AHRN did nothing of the sort. Its comments were limited to the insufficiency of the evidence put forth by MRIS to prove that AHRN copied and put on public display photographs bearing MRIS copyright notices dated in 2013. AHRN Opening Mem. at 15-16 (pointing out "facial evidentiary failures and conflicts between the Cardella and Blanchard declarations"). In view of unresolved factual issues, the Court cannot on the record before it conclude that AHRN copied and put on public display the photographs bearing MRIS copyright notices dated 2013. As Judge Williams stated with respect to the proper scope of the injunction when faced with similarly conflicting evidence including as to whether AHRN accessed and copied material from the MRIS Database:

> Given these unresolved factual issues, the Court must decline to expand the scope of the injunction beyond MRIS's copyrighted photographs.

November 13, 2012 Mem. Op. [D.E. 64] at 6.

In response to AHRN's request for discovery, MRIS relies primarily on a prior ruling by Judge Schulze in denying AHRN a deposition of Ms. Blanchard. MRIS Opp. at 13. However, MRIS does not recognize that the context is very different here as AHRN has shown specific unresolved material factual issues, *see* AHRN Opening Mem. at 15-18, and has made a compelling argument that discovery as to how MRIS learned the identity of the URLs of AHRN's developmental sites is relevant to whether the general public would be motivated and able to obtain such information.

## IV. CONCLUSION

For the foregoing reasons, the Court should strike MRIS's Submission, or in the alternative, deny MRIS's requests for additional damages or an award of its attorneys' fees.

Dated: October 4, 2013               Respectfully submitted,


FARKAS+TOIKKA, LLP

_____/S/ Richard S. Toikka_____
Richard S. Toikka, Fed Bar No.13543
L. Peter Farkas (*pro hac vice*)
Russell O. Paige, Fed Bar No. 16035
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)
lpf@farkastoikka.com (email)
rop@farkastoikka.com (email)

Of Counsel:

Christopher R. Miller (*pro hac vice*)
Chief Legal Officer and General Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California 94103
800-357-3321 (phone)
C.Miller@NeighborCity.com (email)

*Counsel for Defendant and Counterclaimant American Home Realty Network, Inc.*

## CERTIFICATE OF SERVICE

I, Richard S. Toikka, hereby certify that on this the 4th day of October, 2013, a copy of the foregoing Reply in response to MRIS's Corrected Opposition to AHRN's Motion to Strike MRIS's Submission of Supplemental Evidence of Contempt by AHRN, or in the Alternative, to Deny MRIS's Requests for Additional Damages and Attorneys' Fees was served by electronic means using the Court's CM/ECF system upon:

Brian P. Morrissey, Jr.
bmorrissey@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Jack R. Bierig
jbierig@sidley.com
Tacy F. Flint
tflint@sidley.com
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, IL 60603
(312) 853-7000

*Counsel for Counterclaim-Defendant*
*National Association of Realtors®*


John T. Westermeier, Esquire
Margaret A. Esquenet, Esquire
Whitney D. Cooke, Esquire
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413

*Counsel for Plaintiff and Counterclaim Defendant*
*Metropolitan Regional Information Systems, Inc.*


           */S/ Richard S. Toikka*
           Richard S. Toikka