UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JILLYN K. SCHULZE
United States Magistrate Judge

6500 CHERRYWOOD LANE
SUITE 335A
GREENBELT, MARYLAND 20770
(301) 344-0630
Fax: (301) 344-0629

October 11, 2013

**FILED VIA**
<u>**CM/ECF**</u>

TO: Counsel of Record
RE: *Metropolitan Regional Information Systems, Inc., v. American Home Realty Network, Inc., et al.*
    Civil No. AW 12-0954

Dear Counsel:

     This letter will supplement the court's oral ruling of October 8, 2013, denying Defendant's motion to strike Plaintiff's submission of supplemental damages evidence, ECF No. 201, and granting in part and denying in part Defendant's motion to compel, ECF No. 202. As noted during the hearing regarding Defendant's motion to compel, no hearing on the motion to strike is necessary. Local Rule 105.6.

     In a Report and Recommendation, the undersigned previously found that the revised preliminary injunction, ECF No. 65, applied to all photographs in Plaintiff's database that bore Plaintiff's mark, and that Defendant violated the preliminary injunction by reproducing such photographs on its website. ECF No. 150 at 5. The court had previously found that Plaintiff would suffer harm in the form of potential diversion of traffic from its website and damage to its reputation due to inaccuracies in content in Defendant's displays. 888 F. Supp. 2d at 712.

     The undersigned further found that Plaintiff's actual losses were difficult to determine and, using the statutory damage values as a guide, awarded damages in the amount of $1,000 per week for the unauthorized use of Plaintiff's photographs. ECF No. 150 at 7-9. Judge Williams adopted the Report and Recommendation "in its entirety" on July 31, 2013. ECF No. 184.

     Plaintiff's evidence supporting the request for supplemental damages, ECF No. 194, indicates that Plaintiff's copyrighted photographs were displayed on several of Defendant's websites from May 14, 2013, through August 9, 2013. Plaintiff submitted copies of numerous photographs bearing Plaintiff's mark that were allegedly printed from Defendant's websites. ECF No. 194, Ex. 1-20.

     Defendant's motion to strike contends that the court's grant of Plaintiff's motion to submit supplemental evidence authorized only evidence and not "an additional brief." ECF No. 201-2 at 12, No. 222 at 5-6. It also contends that Plaintiff should not be allowed to present evidence of violations occurring after briefing was completed on Plaintiff's original motion for leave to submit supplemental evidence. However, implicit in an authorization to submit supplemental evidence is an

Counsel
*Metropolitan Regional Information Systems, Inc., v. American Home Realty Network, Inc., et al.*
Civil No. AW 12-0954
October 11, 2013

authorization to submit argument regarding the effect of that evidence, and no time perimeters were imposed on the supplemental evidence.  In addition, Defendant complains that it has been harmed because Plaintiff's request for additional damages was not stylized as a motion, but Defendant has fully exercised its right to submit opposing evidence and argument and thus is not procedurally harmed by Plaintiff's submission.

Defendant also submits that Plaintiff's supplemental evidence relates only to Defendant's "developmental websites," which it describes as "non-public."  Of course, whether the photographs were available to the public or not, the preliminary injunction also prohibited Defendant from copying or reproducing Plaintiff's photographs.  Regardless, Defendant does not deny that these photographs appeared on its websites on the dates alleged by Plaintiff.  Nor, despite its claim that these websites were not publicly available, does Defendant deny that Plaintiff's employee accessed them.  Indeed, Defendant acknowledges that these websites could be accessed by "non-AHRN personnel," ECF No. 201-1 at 4, and in its reply argues only that Plaintiff has not "demonstrate[d] how the public might have knowledge of the private web site URL, or why the public would have any motivation to find it." ECF No. 222 at 6.  Defendant's argument is thus, not that the infringing websites were not available to the public, but rather merely that the general public is not likely to access them.

Defendant also claims that some of the infringed compilations overlap with previously sanctioned violations, but damages are related to time periods and thus continue to accrue so long as the unauthorized material remains on Defendant's websites.  Similarly unavailing is Defendant's claim that it attempted to correct the problem after it learned of it:  Defendant's duty to comply with the preliminary injunction requires it to use all reasonable means to prevent violations, not merely correct them when they are exposed.  Indeed, the argument that *attempts* to correct noncompliance equal *actual compliance* has already been rejected.  ECF No. 150 at 5-6.  In addition, while the access issue was allegedly corrected in May of 2013, ECF No. 201-1 at 4, Defendant does not deny that Plaintiff's employee accessed these sites as late as August 9, 2013.  ECF No. 194-1 at 20.

Defendant also contends that some of the Plaintiff's exhibits do not clearly show Plaintiff's mark, and that the exhibits "cannot be presumed to be authentic representation[s] of a public display of a web page." ECF No. 201-2 at 16.  Aside from the fact that many of the exhibits clearly show Plaintiff's mark, it is significant that Defendant, despite its access to its own websites and presentation of a declaration from its web-savvy CEO, does not deny the authenticity of the representations, rather, it merely speculates that they *might* be inauthentic.  Plaintiff's evidence is clear and convincing because it is neither refuted nor denied.

Finally, Defendant was previously warned that violations of the preliminary injunction occurring after January 17, 2013, could be deemed wilful for purposes of awarding attorneys' fees

Counsel
*Metropolitan Regional Information Systems, Inc., v. American Home Realty Network, Inc., et al.*
Civil No. AW 12-0954
October 11, 2013

and costs. It is now clear that Defendant's continued violations are the result of "obstinence or recalcitrance," *Capital Sourse Finl, LLC v. Delco Oil, Inc.*, 520 F. Supp.2d. 684, 687 (D. Md. 2007), and justify such an award.

     Accordingly, Plaintiff is awarded damages and leave to file a fee petition as outlined in the paperless Order of October 8, 2013. ECF No. 223.

     This letter constitutes an Order of the court and shall be so docketed.

     Sincerely,

     /S/

     Jillyn K. Schulze
     United States Magistrate Judge