

Direct:
202-337-7809 (phone)
202-337-7808 (fax)
rop@farkastoikka.com (email)

TEL 202 337 7200
FAX 202 337 7808
www.farkastoikka.com

November 1, 2013

**By Electronic Service via CM/ECF**
The Honorable Jillyn K. Schulze
District Court Magistrate Judge
U.S. District Court for the District of Maryland
Greenbelt Division
6500 Cherry Wood Lane
Greenbelt, MD 20770

Re: Metropolitan Regional Information Systems, Inc. v. American Home Realty Network, Inc. et al., No. 8:12-cv-954-AW

Dear Judge Schulze:

Representing Defendant and Counterclaimant American Home Realty Network, Inc. ("AHRN") in the above-referenced litigation involving Plaintiff and Counterclaim Defendant Metropolitan Regional Information Systems, Inc. ("MRIS"), we write in response to your paperless order of October 8, 2013, regarding AHRN's list of 207 Search Terms proposed for use in the above-captioned matter. As you are aware, the current list containing 207 Search Terms was carefully culled from an earlier and much more extensive list of Search Terms. We reiterate that 200 Search Terms were used in the Regional Multiple Listing Service of Minnesota, Inc., d/b/a NorthStarMLS (RMLS) v. AHRN (D.Minn, Civil No. 12-CV-0965 JRT/FLN) litigation, despite the fact that the issues being litigated in that case are narrower than those in this case.

We originally wrote to you on September 25, 2013, requesting assistance in the matter of the list of 207 Search Terms that AHRN served on MRIS on September 5, 2013. *See* D.E. 218. On October 4, 2014, AHRN through its counsel responded with a letter, D.E. 220, including Exhibit E thereto comprising MRIS's proposed edits of, and annotations to, the list of 207 Search Terms. D.E. 220-5. In its editing and annotating, MRIS objects indirectly to the relevance of only four of the 207 Search Terms, and MRIS does not object that the ESI is not reasonably accessible. The vast majority of MRIS's annotations comprise complaints that the individual Search Terms do not specify to which discovery requests they are related.

AHRN objects to the unduly burdensome effect of MRIS's mostly unexplained and unjustified complaints included in its proposed edits of and annotations to the list of 207 Search Terms. Nothing in either the parties' Stipulation on the Production of Electronically Stored Information ("ESI Stipulation") or the Federal Rules of Civil




Procedure ("FRCP") requires a party to link each Search Term to individual discovery requests.

FRCP 26(b) governs the scope and limits of the discovery of ESI. Under FRCP 26(b)(1), a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Robert Bosch LLC v. Snap-On Inc.*, 2013 U.S. Dist. LEXIS 35145 ( E.D. Mich 2013), quoting *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006). Also under FRCP 26(b)(1), the ESI need not be admissible at the trial if it is reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(2)(B) permits limitation of discovery of relevant, nonprivileged ESI if the party from whom discovery is sought establishes that it is unreasonably cumulative or duplicative or that the burden or expense of the proposed discovery outweighs its likely benefit.

As an initial matter, under Federal Rule of Civil Procedure 34(b)(2)(E) MRIS "must *produce documents as they are kept in the usual course of business or* must organize and label them to correspond to the categories in the request." (italics added) AHRN has repeatedly offered to MRIS iron-clad protection through a stipulated Order under Federal Rule of Evidence 502(d) ("502(d) Stipulation") that as a practical matter (1) gives MRIS iron-clad protection against inadvertent waiver of privilege, (2) eliminates the need for responsiveness review through quickpeek provisions, and (3) guarantees clawback of privileged documents identified by either party. *See* April 9, 2013 Letter to Jay Westermeier; April 30, Letter to Jay Westermeier; May 16, 2013 Letter to Jay Westermeier; and May 16, 2013 draft 502(d) Stipulation; D.E 218-2. As we have consistently maintained, the above proposals will achieve the result ordered by this Court in *In re Coventry Healthcare, Inc., ERISA Litigation*. In that case, this court recognized that "a clawback order can protect Defendants against a claim of waiver, such that Defendants *need no longer bear the cost of reviewing the ESI for responsiveness and privilege*." *In re Coventry Healthcare, Inc., ERISA Litigation*, 2013 WL 1187909, *4 (D.Md.) (emphasis added).

In other words, MRIS can meet its obligation under FRCP 34(b)(2)(E) by copying its evidence custodians' ESI and producing it to MRIS as it is kept in the ordinary course of business. In more technical terms, MRIS can mirror the relevant hard drives and copy the relevant email server files, and turn all of that ESI over to AHRN in those formats. MRIS's rejection of AHRN's offer to extend protections under a 502(d) Stipulation means that MRIS is *choosing* to impose on itself the burden of reviewing its ESI for responsiveness and privilege, despite the fact that it can satisfy its obligation under FRCP 34(b)(2)(E) by agreeing to the 502(d) Stipulation proposed by AHRN. It is unreasonable for the Court to sustain MRIS's objection as unduly burdensome, a burden that MRIS chooses to impose on itself. This is especially true when a "just,




speedy, and inexpensive" solution is available that is consistent with the holdings of this Court.

Furthermore, even in the absence of such a simple and cheap solution, objections to Search Terms as unduly burdensome based solely on the breadth of Search Terms are properly overruled. See *Robert Bosch LLC v. Snap-On Inc.*, 2013 U.S. Dist. LEXIS 35145 ( E.D. Mich 2013). Given that there is no dispute the Search Terms are relevant, and furthermore that there is no allegation that the ESI is not reasonably accessible, MRIS has in no way made it "clear that the information sought can have no possible bearing" on AHRN's defenses in this case. *Id.*

Under Federal Rule of Evidence 502(d), "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court[.]" Nothing in Rule 502 or in the Explanatory Notes prohibits a court from entering a 502(d) order *sua sponte*. A Rule 502(d) order may also be entered on motion of a party. *See .e.g. Chevron Corp. v. The Weinberg Group*, No. 11-409 (JMF), (D.D.C. Oct. 26, 2012).

Attached as Exhibit A to this response is a chart including the following five columns of information:

1. Search Term Number
2. Search Terms originally proposed by AHRN;
3. MRIS's edited version of AHRN's proposed Search Terms;
4. MRIS's annotations and objections to individual Search Terms; and
5. AHRN's comments regarding individual Search Terms.

Many of the objections MRIS raised in its annotations to the list of Search Terms (that are reproduced in the fourth column of Exhibit A) are repetitious, and can be answered globally. For example, in Exhibit E to its counsel's letter dated October 4, 2013, D.E. 220-5, MRIS makes the following complaint for the 44 Search Terms listed below:

*Please identify the document request served by AHRN that this search term relates to, as this term appears to relate to AHRN's counterclaims.*

| No. | AHRN Search Term | MRIS Edited Search Term |
|---|---|---|
| 7 | anaheim or conferenc* | anaheim ~~or~~ & conferenc* |
| 8 | antitrust or anti-trust | antitrust or anti-trust |
| 19 | boston NEAR CMLS or Conference | boston ~~NEAR~~ w/10 (CMLS or Conference) |
| 20 | Boycott | Boycott |
| 22 | brian NEAR (mitch or mitchell or larson* or *sobotka* or laurie or NAR or janik or mosey or john ) | brian ~~NEAR~~ w/5 (mitch or mitchell or larson* or *sobotka* or laurie or NAR or janik or mosey or john ) |
| 25 | CarolinaMLS | CarolinaMLS |
| 29 | cmls* or council /10 (mls* or multiple listing service* | (cmls* or council) w/5 (mls* or "multiple listing service*" or "multiple listing services") |




| No. | AHRN Search Term | MRIS Edited Search Term |
|---|---|---|
| 31 | collective* NEAR (act* or work* or enforc* or litigat*) | collective* ~~NEAR~~w/5 (act* or work* or enforc* or litigat*) |
| 32 | compet* NEAR (MLS* or member* or broker or participant or unfair* or NAR or model) | compet* ~~NEAR~~ w/5 (MLS* or member* or broker or participant or unfair* or NAR or model) |
| 33 | compet* w/s (broker* or refer* or MLS* or member*) | compet* w/s (broker* or refer* or MLS* or member*) |
| 37 | conference NEAR anahiem or boston or dc or washinton or d.c. or washingtondc or nar or mls or legal | conference ~~NEAR~~ w/5 (anahiem or boston or dc or washinton or d.c. or washingtondc or nar or mls or legal) |
| 40 | coordinat* /30 (enforc* or act* or litigation or effort* or *suits or legal or lawyer* or complain* or effort* or strateg* or plan) | coordinat* ~~w/30~~ 3 (enforc* or action* or litigation or effort* or *suits or legal or lawyer* or complain* or effort* or strateg* or plan) |
| 47 | cove* | cove*<br>**Limitation needed.** |
| 48 | cows /5 barn | ~~cows w/5 barn~~ |
| 54 | dav* /50 (charron or charon or sharron or MLS or MRIS or Metropolitan or copyright* or data or NC or Neighbor* or *suit* or sue* or NAR or laurie or john or mosey or janik or HSA or bert or stark or galligan or johnson) | dav* w/~~50~~ 5 (~~charron or charon or sharron or MLS or MRIS or Metropolitan or copyright* or data or~~ NC or Neighbor* or *suit* or sue* or NAR or laurie or ~~john or~~ mosey or janik or HSA or bert or stark or galligan or johnson) |
| 58 | DOJ or Department NEAR Justice or Dept NEAR Justice or commerce or real estate | DOJ or (Department w/2 ~~NEAR~~ Justice) or (Dept w/2~~NEAR~~ (Justice or commerce or real estate)) |
| 59 | edina* | edina* |
| 75 | group NEAR action or litigation or *trust or illegal or anti | group ~~NEAR~~ w/10 (~~action or~~ litigation or *trust or illegal or anti) |
| 78 | HAR or (Houston /5 assoc* or realtor*) | HAR or (Houston w/5 assoc* or realtor*) |
| 79 | homelight or (home /5 light) | homelight or (home w/5 light) |
| 93 | janik* or laurie* | janik* or laurie*<br>**Limitation needed.** |
| 94 | John* /50 (assign* or copy* or data* or protect* or MLS or sue or RMLS or Northstar or mosey or Heithaus or cardella) | John* w/10~~50~~ (assign* or copy* or data* ~~or protect* or MLS~~ or sue or RMLS or Northstar or mosey ~~or Heithaus~~ or cardella) |
| 113 | Minnesota or MN or Minneapolis | Minnesota or MN or Minneapolis<br>**Limitation needed.** |
| 115 | mitch or mitchell NEAR (sue or file or lawsuit* or copyright* or data or RMLS* or Northstar* or north star* or brian* or laurie* or janik* or NAR* or MRIS*) or skinner | (mitch or ~~mitchell~~mitchell) & skinner w/20~~NEAR~~ (sue or file or lawsuit* or copyright* or data or RMLS* or Northstar* or north star* or brian* or laurie* or janik* or NAR* or MRIS*) ~~or skinner~~ |
| 121 | monopol* | monopol* |
| 122 | mosey* | mosey*<br>~~Limitation needed.~~ |
| 127 | "New Orleans Metropolitan" /3 Realtor! | "New Orleans Metropolitan" w/3 Realtor! |




| No. | AHRN Search Term | MRIS Edited Search Term |
|---|---|---|
| 128 | "Westchester Putnam" or "Empire Access" or "Greater Hudson Valley" | "Westchester Putnam" or "Empire Access" or "Greater Hudson Valley" |
| 130 | (C and D*) or Cease or Desist or C&D* or (C & D*) | ((“C and D*”) or “Cease &~~or~~ Desist” or C&D* or (“C & D*”)) & letter |
| 132 | (move /2 (inc* or web*)) or move.com) | (move w/2 (inc* or web*)) or move.com) |
| 133 | (Northwest or "South Central Wisconsin" "or "New Jersey" or "Long Island" or "Mid Florida") /3 MLS | (Northwest or "South Central Wisconsin" "or "New Jersey" or "Long Island" or "Mid Florida") /3 MLS |
| 138 | (theft or thief* or thiev* or pirate* or steal* or stole*) /10 (data* or content or list* or information or info or copyright*) | (theft or thief* or thiev* or pirate* or steal* or stole*) w/5 (data* or content or list* or information or info or copyright*) |
| 139 | *compet* /50 (anti* or group or illegal or trust) | *compet* w/50 (anti* or group or illegal or trust) |
| 142 | Northstar* OR north star* or nstar* or N star* or NS | Northstar* or~~OR~~ “north star*” or nstar* or “N star*” or NS<br>**Limitation needed.** |
| 153 | prohibit* NEAR referral or accept* | prohibit* ~~NEAR~~ w/5 (referral or accept*) |
| 154 | protect w/10 (work* or copyright* or data* or content* or industry or *mls* or NAR) | protect w/10 (work* or copyright* or data* or content* or industry or *mls* or NAR) |
| 155 | Prudential* OR Carolina* or "Prudential Carolinas" or pcr* | (Prudential* &~~OR~~ Carolina*) or "Prudential Carolinas" or pcr* |
| 160 | RBI* OR real estate business intelligence OR rbintel* | RBI* or~~OR~~ “real estate business intelligence” or~~OR~~ rbintel* |
| 164 | redplan* or red plan* | redplan* or “red plan*” |
| 171 | RMLS or "Regional Multiple" | RMLS or "Regional Multiple"<br>**Limitation needed.** |
| 185 | "strengthening the foundation" | "strengthening the foundation" |
| 191 | threat* /50 (MLS* or MRIS* or RMLS* or Northstar* or NAR* or north star or industry or broker* or data or revenue* or member* or participant*) | threat* w/2~~5~~0 (MLS* or MRIS* or RMLS* or Northstar* or NAR* or “north star” or industry or broker* or data or revenue* or member* or participant*) |
| 204 | workshop* or work shop* | workshop* or work shop*<br>**Limitation needed.** |
| 205 | world /6 hurt | ~~world w/6 hurt~~ |

The above Search Terms relate to, *inter alia*, AHRN's copyright misuse defense. Specifically, the above Search Terms relate to events, persons, publications, and public statements that reflect MRIS's involvement in a coordinated MLS industry-wide effort to expand illegally the scope of the limited rights conferred by the grant of compilation copyright in MRIS's automated electronic database. AHRN's Request for Production ("RfP") No. 9 is thus directly relevant, in that it asks MRIS to produce all written communications between MRIS and any Third Party relating to AHRN, copyright enforcement, cease and desist letters, notice of alleged policy violations or alleged breach of agreement, syndication agreements for data in the MRIS Database or databases of other multiple listing services, rules and regulations of NAR or any multiple listing service; and any multiple listing service’s or NAR’s threatening, terminating, or



withdrawing or refusing or rejecting their respective agreements or applications with any real estate brokerages or Third Party licensors, including but not limited to member agreements, access and license agreements.

Many of the 44 Search Terms above refer to specific Third Parties, who have communicated with NAR and MRIS regarding the activities recited in AHRN's RfP No. 9, according to evidence ARHN has obtained. For example, in an email NAR General Counsel Laurene Janik wrote the following:

> Neighborcity is displaying their listings with no authority and its response to the cease and desist letters has not resulted in an end to the objectionable conduct. I am working quietly with one MLS to prepare a suit against the company that runs the website for copyright infringement. If successful, other MLSs can bring similar cases to have their listing information removed from the site, too.
>
> NAR has no ability to bring a legal action against Neighborcity because it has not taken any of NAR's content.

NAR Document 000086, a non-confidential document produced to AHRN in the RMLS v. AHRN (D.Minn.) litigation, attached as Exhibit B.

AHRN's RfP No. 5 is also relevant, in that it requests "any and all Documents that you contend support your factual allegations in your Complaint or weaken AHRN's denials or defenses in its Answer, including AHRN's copyright *misuse defense*."

AHRN's RfP No. 1 requests from MRIS any and all Documents requested to be identified in AHRN's Interrogatories. The following Interrogatories are therefore relevant to the above 44 Search Terms:

Interrogatory No. 6: Identify all persons known to MRIS who sent or received *Communications*, or who were present during any *discussions*, regarding sending AHRN cease-and-desist letters or regarding or related to any allegations of copyright infringement by AHRN, and/or letters objecting to or repudiating referral agreements between AHRN and brokers and/or agents, and identify all Communications and other Documents relating to those Communications and/or discussions. For any discussions or oral Communications, provide the *dates, times and locations* of those oral Communications, as well as the *content* of such discussions."

Interrogatory No. 7: Identify all Persons known to MRIS who have knowledge of the facts relating to or bearing upon the subject matter of this lawsuit, including MRIS's claims and *AHRN's defenses*, and based on your knowledge and reasonable belief, provide a summary of the facts known or reasonably believed to be known by each such Person and the basis for such knowledge or reasonable belief.



Interrogatory No. 8: Identify all statements made by MRIS, whether written or oral, that are relevant to the claims in your Complaint or *AHRN's defenses*, including but not limited to *copyright misuse*.

Interrogatory No. 9: Identify all Communications, including but not limited to, speeches and presentations, by or between MRIS, or any of its employees, agents, contractors and representatives, on the one hand, and NAR or any Third Parties, including but not limited to, multiple listing services, and/or the media, or any of their employees, agents, contractors and representatives, on the other, concerning alleged infringement by AHRN of MRIS's copyrights or copyrights of any other multiple listing service, or the AHRN operations or business model or any related litigation, and provide a summary of the *substance of, state the time and date of, and identify each person receiving or making or with knowledge of each identified Communication*.

In addition, MRIS makes the following complaints for a total of 37 Search Terms, listed below:

*Please identify the individual that this search term refers to and the discovery request served by AHRN this term relates to*; and

*Please identify the organization that this search term refers to and the discovery request served by AHRN that this term relates to.*

| No. | AHRN Search Term | MRIS Edited Search Term |
|---|---|---|
| 5 | Allen Tate | ~~"Allen Tate"~~ |
| 11 | bareis or ("bay area" /3 "real estate") | bareis or ("bay area" w/3 "real estate") |
| 12 | beardsley | beardsley |
| 14 | bemis* | ~~bemis*~~ |
| 15 | bergeron* | ~~bergeron*~~ |
| 16 | berkowitz* | Berkowitz* |
| 24 | CAAR* | CAAR*<br>**Limitation needed.** |
| 50 | CREN* | CREN |
| 55 | deike* or CJ* or C.J.* | deike* &~~or~~ (CJ* or C.J.*) |
| 56 | Deutch | Deutch |
| 67 | First Weber | First Weber |
| 73 | gould* | gould* |
| 77 | Haag | Haag |
| 85 | huff | Huff |
| 98 | knautz | Knautz |
| 100 | Latter /3 Blum | Latter w/3 Blum |
| 108 | manos or marc | manos &~~or~~ marc |
| 109 | marlys* | marlys* |
| 117 | Fenwick | Fenwick |
| 118 | moermond | Moermond |
| 119 | moline | Moline |
| 120 | Mombach | Mombach |



| No. | AHRN Search Term | MRIS Edited Search Term |
|---|---|---|
| 123 | movoto* | movoto* |
| 124 | MRED | MRED |
| 141 | NNEREN | NNEREN |
| 145 | Peltier or (Ron NEAR HSA or HomeService* or Home Service*) | Peltier or (Ron ~~NEAR~~ w/5 (HSA or HomeService* or "Home Service*")) |
| 146 | perino | perino & michelle |
| 148 | Pharis | Pharis |
| 159 | ray* OR ewing* | ray* &~~OR~~ ewing* |
| 169 | RESO | RESO |
| 172 | samuelson* or errol* | samuelson* or errol* |
| 175 | saul or klein | saul ~~or~~ & klein |
| 180 | Sherrouse | Sherrouse |
| 190 | thomas OR Camp | thomas ~~OR~~ & Camp |
| 192 | Tisdel or Ouray | Tisdel or Ouray |
| 199 | victor* OR lund* | victor* ~~OR~~ & lund* |

The individuals and organizations included in the above 37 Search Terms include individuals and organizations who have sent Cease and Desist letters and/or letters objecting to or repudiating referral agreements between AHRN and brokers and/or agents. Also, many of the individuals and organizations are included in the email conversations disclosed by NAR in the emails attached as Exhibit B. Thus, the above 37 Search Terms are relevant to RfPs 9, 5 and 1, for reasons similar to those detailed above with respect to the 44 Search Terms.

With respect to 31 different Search Terms, MRIS asserts "Limitation needed" or "Additional limitation needed," without any explanation or justification of the demand for limitation. AHRN's repeated offer to relieve MRIS of the burden of removing non-responsive documents surely overcomes MRIS's unjustified demand for limitation of Search Terms.

Thirty-one (31) other Search Terms are simply stricken by MRIS, also without any explanation or justification. These Search Terms include the names of five of MRIS's twelve designated evidence custodians:

- Michael Belak;
- Danielle Blanchard;
- Eric Feig;
- Michelle Yam; and
- Yashira Ramirez

In fact, three of the above – Belak, Blanchard, and Feig – have signed Declarations or attested to Interrogatory Answers. The relevance of their names as Search Terms is beyond question. It is therefore unreasonable for MRIS to object to Search Terms comprising the names of its own designated evidence custodians. Again, if MRIS wishes to impose on itself the burden of removing non-responsive documents from




those custodians' ESI, that is MRIS's choice, and AHRN shouldn't be prejudiced as a result.

Thus in the list of annotations and edits that MRIS provided, we see a pattern whereby MRIS demands explanation from AHRN regarding AHRN's Search Terms – Search Terms AHRN has limited substantially – while at the same time, MRIS offers no explanation or justification for the Search Terms that it demands be removed or further limited.

It is also unreasonable and unduly burdensome for MRIS to demand that AHRN explain for each Search Term such simple concepts as why the Boolean search connector OR is appropriate for specific Search Terms where the Boolean search connector AND is inappropriate. For example, AHRN has proposed the Search Term "Ali* OR Vahab*" to capture documents wherein MRIS has communicated with or referred to AHRN's former President and Chief Operating Officer Ali Vahabzadeh. The OR connector will capture all documents where Ali Vahabzadeh is referred to by either his first OR his last name. MRIS has countered with the proposed Search Term "Ali* AND Vahab*". In the first place, it is entirely possible – in fact likely – that there are many documents referring to Ali Vahabzadeh that do not include both his first and last name. In the second place, it is unlikely that there are so many communications with persons named Ali or Vahab[anything] that use of the Boolean operator OR for this Search Term will impose an undue burden on MRIS. AHRN cannot reasonably be expected to offer such an explanation for each of the scores of Search Terms that MRIS has proposed editing or striking.

Given that there is tangible proof that a list of 200 similar Search Terms was used successfully in the similar – but narrower in scope – RMLS v. AHRN litigation in the District of Minnesota, there is no rational basis for sustaining MRIS's objections to AHRN's proposed list of 207 Search Terms.

Finally, further in the interest of assisting the Court in resolving this matter, AHRN has inserted comments relating to specific Search Terms in the chart attached as Exhibit A. AHRN has included in those comments its agreement to withdraw Search Term Nos. 111 and 193 Failure of AHRN to comment on any individual Search Term should neither be construed as acceptance of MRIS's proposed edits to that Search Term, nor admission by AHRN that MRIS's objection(s) to that Search Term have merit.

For the above reasons, AHRN respectfully requests that the Court overrule MRIS's objections to the Search Terms proposed by AHRN. AHRN further respectfully requests that the Court order MRIS to meet its obligation under FRCP 34(b)(2)(E) by searching its evidence custodians' ESI – as MRIS agreed in the parties' ESI Stipulation - and producing that ESI to MRIS as it is kept in the ordinary course of business. In the alternative, given that MRIS has made no irrelevancy objections to the list of Search




Terms, AHRN respectfully requests that the Court permit MRIS to accept its self-imposed burden to review its ESI for responsiveness and privilege and organize and label it to correspond to the categories in AHRN's RfPs, but without prejudicing AHRN by further limiting the list of Search Terms.

Sincerely,

Russell O. Paige

**CERTIFICATE OF SERVICE**

I, Russell O. Paige, hereby certify that on this the 1st day of November, 2013, a copy of the foregoing Response Letter to Magistrate Judge Jillyn K. Schulze was served by electronic means using the Court's CM/ECF system upon all counsel of record.

*/s/ Russell O. Paige*
Russell O. Paige