## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br>    Plaintiff, <br><br> v. <br><br> AMERICAN HOME REALTY NETWORK, INC., *et al.*, <br>    Defendants. <br><br> and <br><br> AMERICAN HOME REALTY NETWORK, INC., <br>    Counterclaim Plaintiff, <br><br> v. <br><br> METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., *et al.*, <br>    Counterclaim Defendants. | Civil Action No. 12-cv-00954-AW |

*************************************************************************

## ORDER

On November 1, 2013, the Court held in abeyance MRIS's Motion to Dismiss Counts II and IV of AHRN's Second Amended Counterclaims, held that the Motion would be treated as one for summary judgment, and granted AHRN an opportunity to obtain "limited discovery on the issue of whether MRIS uses CoreLogic software to arrange the MRIS Database." Doc. No. 241. The parties were ordered to submit a joint report stating their positions as to the scope of this limited discovery. *Id.*

The Court has reviewed the parties' submissions filed on November 22, 2013, and will adopt MRIS's proposal for limited discovery. The issue is a narrow one: whether MRIS uses CoreLogic—as opposed to its own proprietary software—to arrange the MRIS Database.

AHRN's attempts to gain discovery on the "functionality," "development" or "sale" of any software utilized by MRIS is overly broad and beyond the scope of what is necessary to oppose MRIS's Motion for Summary Judgment.  Accordingly, the subject matter of AHRN's requests for production, Rule 30(b)(6) deposition, and third party discovery must be limited to whether MRIS uses CoreLogic, as opposed to its own proprietary software, to arrange its Database.  Such discovery will permit AHRN a sufficient opportunity to oppose MRIS's Motion.

Accordingly, it is, this **26th day of November, 2013**, by the United Stated District Court for the District of Maryland, hereby **ORDERED** that:

1) MRIS's proposal for limited discovery, Doc. No. 260 at 2-4, is **ADOPTED**;

2) AHRN will be permitted six requests for production to MRIS concerning whether MRIS uses CoreLogic, as opposed to its own proprietary software, to arrange the MRIS Database.  Any search of ESI responsive to these requests will be limited to five narrow and properly limited search terms from MRIS custodian Darren Bailey, Director of Application Management Services;

3) AHRN will be permitted one Rule 30(b)(6) deposition of an individual at MRIS who is knowledgeable about whether MRIS uses CoreLogic, as opposed to its own proprietary software, to arrange the MRIS Database;

4) AHRN will be permitted to serve subpoenas on CoreLogic and T4B1 for documents relating to whether MRIS uses CoreLogic, as opposed to its own proprietary software, to arrange the MRIS Database.  Depositions of witnesses knowledgeable about these issues will be permitted after AHRN receives responses to the subpoenas.  The parties agree that AHRN will serve MRIS with a copy of any subpoena served on CoreLogic or T4B1,

share with MRIS all responses, objections, and/or documents received by AHRN, and coordinate with MRIS regarding the date, time, and location of any deposition;

5) The deadlines provided in the Court's November 5, 2013 and November 25, 2013 Orders, Doc. Nos. 249 and 262, remain in full force and effect; and

6) The Court shall TRANSMIT a copy of this Order to all counsel of record.

| November 26, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |