IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN REGIONAL | * | |
| INFORMATION SYSTEMS, INC., | * | |
|    Plaintiff, | * | |
| | * | |
|       v. | * | |
| | * | |
| AMERICAN HOME REALTY NETWORK, | * | |
| INC., *et al.*, | * | |
|    Defendants. | * | |
| | * | Civil Action No. 12-cv-00954-AW |
| and | * | |
| | * | |
| AMERICAN HOME REALTY NETWORK, | * | |
| INC., | * | |
|    Counterclaim Plaintiff, | * | |
| | * | |
|       v. | * | |
| | * | |
| METROPOLITAN REGIONAL | * | |
| INFORMATION SYSTEMS, INC., *et al.*, | * | |
|    Counterclaim Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

Pending before the Court is Defendant American Home Realty Network, Inc. ("AHRN")'s Objections to U.S. Magistrate Judge Schulze's Order on Plaintiff Metropolitan Regional Information Systems, Inc. ("MRIS")'s Submission on Supplemental Damages (hereinafter, "Objections").[1] Doc. No. 231. The procedural background in this case is well-documented. On June 4, 2013, Judge Schulze issued a Report and Recommendation on MRIS's Motion for Contempt. Doc. No. 150. Judge Schulze recommended, *inter alia*, that the Court should award MRIS damages in the amount of $7,000 based on AHRN's violations of the

---

[1] Also pending are the parties' respective motions to seal the briefs and exhibits on AHRN's Objections. Doc. Nos. 232, 265. AHRN's unopposed Motion to Seal will be granted pursuant to Local Rules 104.13 and 105.11. The Court will reserve ruling on MRIS's Motion until at least fourteen days after its entry on the public docket.

Court's preliminary injunction Order.  *Id.*  Judge Schulze also recommended that the Court treat MRIS's motion for leave to supplement its motion for contempt with evidence of subsequent violations as a request for additional damages.  *Id.* at 9 n.4.  On July 31, 2013, the Court adopted in full Judge Schulze's Report and Recommendation.  Doc. Nos. 184-185.

On August 9, 2013, MRIS filed its "Submission of Supplemental Evidence of Contempt" by AHRN (hereinafter, "Submission on Supplemental Damages"), arguing that it was entitled to additional compensatory damages and attorneys' fees based on AHRN's ongoing violations of the Court's preliminary injunction Order from at least May 14, 2013 through the date of its filing.  Doc. No. 194.  AHRN moved to strike MRIS's Submission on Supplemental Damages, arguing that it exceeded the scope of leave granted by Judge Schulze and adopted by the Court.  Doc. No. 201.  On October 8, 2013, Judge Schulze issued an oral order and paperless order denying AHRN's Motion to Strike and awarding MRIS damages in the amount of $1000/week from May 14, 2013 through August 9, 2013 for a total of $12,428.57.  Doc. No. 223.  Judge Schulze also ordered AHRN to pay MRIS's reasonable costs and fees associated with the request for supplemental damages and ordered submission of a fee petition within 30 days of the resolution of any objections to her rulings.  *Id.*  On October 11, 2013, Judge Schulze issued a letter order which supplemented her oral rulings.  Doc. No. 226.  AHRN filed the pending Objections to Judge Schulze's orders on October 25, 2013.

As a preliminary matter, AHRN's reliance on Local Rule 301.5(b) and Federal Rule of Civil Procedure 72(b) appears misplaced.  These provisions apply to a magistrate judge's proposed findings of fact and recommendations for action on a dispositive matter.  *See* Loc. R. 301.5(b) (D. Md. 2011); Fed. R. Civ. P. 72(b).  However, MRIS's "Submission on Supplemental Damages" was limited to requesting compensatory damages for AHRN's violation of the

2

preliminary injunction and attorneys' fees. Doc. No. 194. MRIS was not requesting any of the categories of relief enumerated in Local Rule 301.5(b) or 28 U.S.C. § 636(b), which would require a Report and Recommendation to the district judge. The Court noted in its September 11, 2013 referral Order that MRIS's Submission and AHRN's motion to strike would be resolved by Judge Schulze pursuant to Local Rule 301.5(a). Doc. No. 207. Accordingly, AHRN's Objections are properly analyzed under Local Rule 301.5(a) and Rule 72(a) of the Federal Rules.[2]

Rule 72(a) provides that a district judge must consider timely objections to a magistrate judge's ruling on a nondispositive pretrial matter and must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* Loc. R. 301.5(a) (D. Md. 2011); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cnty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010). Rather, the Court is "only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Id.*

The Court has reviewed the parties' briefs and concludes that Judge Schulze's Orders are not clearly erroneous or contrary to law. Judge Schulze determined, *inter alia*, that numerous photographs bearing MRIS's mark were displayed on AHRN's websites during the relevant time

---

[2] This stands in contrast to MRIS's original Motion for Contempt, which, *inter alia*, requested the conversion of the preliminary injunction into a permanent injunction. Doc. No. 92. Because MRIS was requesting injunctive relief, the Court referred the motion to Judge Schulze for proposed findings of fact and recommendations. Doc. No. 118 at 2 (citing 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)). MRIS did not request such relief in its Submission on Supplemental Damages.

3

period (May 14 – August 9), that the display was public because MRIS's employee accessed the photographs, and that the appropriate measure of damages was the same amount that had previously been determined by the Court ($1000/week). Doc. No. 226 at 1-2; Doc. No. 231 Ex. D, Tr. at 27-29, 40-41. Judge Schulze's award of $1000/week for the public display of the photographs—the same measure of damages previously upheld by the Court—is based on the statutory damages provision of the Copyright Act, and was a reasonable exercise of discretion to ensure compliance with the preliminary injunction and compensate MRIS for the violations. Accordingly, Judge Schulze had ample evidentiary support in concluding that MRIS had established contempt of the Court's November 13, 2012 Order prohibiting the public display or distribution of MRIS's copyrighted photographs. *See Wagner v. Bd. of Educ. of Montgomery Cnty.*, 340 F. Supp. 2d 603, 619-20 (D. Md. 2004) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)) (movant must establish each element of civil contempt by clear and convincing evidence). Judge Schulze also had ample support for her finding that AHRN's continued violations of the preliminary injunction order were the result of "obstinence or recalcitrance," and that the award of attorneys' fees and costs is justified. Doc. No. 226 at 2-3; *see also* Doc. No. 231 Ex. D, Tr. at 29-30. Most of the remaining arguments raised by AHRN— including MRIS's supposed failure to identify particular copyright registrations, MRIS's alleged failure to maintain ownership records, and the alleged invalidity of MRIS's copyrights, Doc. No. 231 at 17-20—have been addressed and rejected by the Court in previous memorandum opinions.

     The Court briefly notes that even if AHRN's Objections were brought under Rule 72(b) and Local Rule 301.5(b) as objections to a magistrate judge's report and recommendation, it would be denied. When such objections are timely filed, the district judge must "determine de

novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Even under de novo review, Judge Schulze correctly determined that MRIS had established each element of AHRN's civil contempt, and there was ample evidentiary support for her findings.

For the foregoing reasons, AHRN's Objections to Judge Schulze's rulings on MRIS's Submission on Supplemental Damages will be DENIED. A separate Order follows.

| December 3, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |