IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HOME REALTY NETWORK, INC. and JONATHAN J. CARDELLA, <br><br> Defendants. <br> and <br><br> AMERICAN HOME REALTY NETWORK, INC. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., NATIONAL ASSOCIATION OF REALTORS, AND DOES 1-25, <br><br> Counterclaim Defendants. | CIVIL ACTION NO. 12-cv-0954-AW |

PARTIES' JOINT SUBMISSION REGARDING
[PROPOSED] REVISED DISCOVERY PLAN AND SCHEDULING ORDER

Pursuant to the Court's November 1, 2013 (Dkt. 239) Order, Plaintiff and Counterclaim Defendant Metropolitan Regional Information Systems, Inc. ("MRIS"), Defendant American Home Realty Network, Inc. ("AHRN"), and Counterclaim Defendant National Association of Realtors ("NAR") (collectively, the "Parties") have met and conferred regarding a Revised Joint Discovery Plan and Proposed Scheduling Order. While the Parties have largely reached agreement on the terms of a revised proposed discovery plan and scheduling order, there are two

1

areas of dispute as to which AHRN, on the one hand, and MRIS and NAR, on the other, disagree.

For the Court's convenience, the Parties have attached AHRN's proposed discovery plan and scheduling order as Exhibit 1, and MRIS and NAR's proposed discovery plan and scheduling order as Exhibit 2.  The Parties are in agreement as to the terms of paragraphs 2, 3, and 5-13 of their respective orders, which are identical.  The Parties' dispute centers around Paragraphs 1 and 4 of their respective orders.  In the remainder of this submission, the Parties set forth their respective positions on these disputed provisions.

### I.     Paragraph 1 (Case Schedule)

#### A.     AHRN's Position

First, Fact Discovery must close much later than the May 30 date proposed by MRIS (AHRN proposes August 30 with other deadlines adjusted accordingly) because the parties must litigate not only MRIS's copyright infringement case but also an antitrust counterclaim, in which the parties had agreed to postpone discovery until motions to dismiss were decided.  Second, the deadline for AHRN to name and serve all Doe Counterclaim Defendants is more appropriate after some discovery.  Third, while AHRN believes the Parties should exchange certain materials without discovery requests, such exchange should occur by January 16, 2014 - later than MRIS/NAR propose – and should be narrower in scope.  Such exchange should be limited to: (a) materials from the copyright infringement cases in Minnesota and North Carolina and exclude the Travelers coverage litigation because AHRN's materials in that case merely duplicate the materials it has produced in the copyright infringement cases; and (b) NAR materials from agency enforcement actions.  AHRN also believes that any documents produced by MRIS/NAR in this case should be useable in the Minnesota and North Carolina case as they are relevant to

the common issue of copyright misuse. Finally, AHRN does not agree to an extension of time for NAR to plead; its responsive pleading was due by November 18, 2013 under Rule 12(a)(4)(A), *see* D.E. 268.

### B.     MRIS's and NAR's Position

#### 1.     Length of fact discovery

MRIS's and NAR's proposed schedule allows for six (6) months of fact discovery, while AHRN's proposed schedule calls for nine (9) months of fact discovery. Given that AHRN's counterclaims overlap substantially with MRIS's copyright claims, which already have been the subject of a substantial amount of discovery (although document production is ongoing), an additional six months should be more than sufficient.

#### 2.     Production of discovery materials from AHRN-related litigation

Both parties' proposals call for the parties to produce in *this* case certain discovery materials that they have produced in the Minnesota and North Carolina copyright cases that constitute the alleged "sham" litigation that substantially forms the basis of AHRN's antitrust claims in this case. *See, e.g.*, Counterclaim ¶¶ 5, 38, 93, 95, 131. The materials that the parties have already produced in those cases (either through party discovery or, in the case of NAR, via third-party subpoena) will, consistent with Federal Rule of Civil Procedure 1, facilitate the just, efficient, and inexpensive determination of AHRN's counterclaims in *this* case by avoiding the need to conduct duplicative and inefficient discovery regarding AHRN's antitrust theories. AHRN's proposal, however, differs from MRIS's and NAR's in two important respects.

First, AHRN asks this Court to authorize it to use any materials produced by NAR and MRIS in other cases in which neither NAR nor MRIS is a party. Discovery is closed in at least one of those cases (Minnesota), and AHRN does not explain why it could not have obtained any

materials it thought relevant through discovery available to it in those cases. This provision should not be included.

Second, AHRN excludes from the proposed automatic disclosures materials from *Travelers v. AHRN*, Case No. 3:13-cv-360 (N.D. Cal.), in which AHRN is seeking insurance coverage for the various copyright cases, including this one. But those materials are highly relevant. For example, in the Travelers litigation AHRN has asserted that Travelers must cover the claim because the website is "advertising" subject to the policy[1] -- a commercial use that is inconsistent with the argument AHRN makes in *this* case that its use of MRIS's listing content constitutes "fair use" under copyright law. (Dkt. 46.)

### 3. AHRN's Request for Unrelated NAR Documents

AHRN's proposal also would require NAR to produce "all documents that NAR produced to and received from" any governmental entity "in connection with anticompetitive conduct by NAR or any of NAR's officers, employees, directors, agents, or independent contractors," without regard to time period, the nature of the alleged anticompetitive conduct, or the relevance of the document. This proposal would require NAR to produce all documents in a Justice Department investigation of NAR's policy on so-called "Virtual Office Websites" – an investigation that concluded in 2008 and that focused on matters in the early 2000s. Those documents are utterly irrelevant to AHRN's claims in this case, *i.e.* that beginning in 2011, NAR facilitated "sham" lawsuits against AHRN and has encouraged MLSs and others not to deal with AHRN. A demand for document productions from unrelated matters which extend back years before AHRN even came into existence in 2007 is nothing but a fishing expedition that should not be countenanced by this Court.

---

[1] See, e.g., AHRN's Opposition to Plaintiff's Motion to Compel, Civil Action No. 3:13-CV-00360-SC, N.D. Cal., Dkt. 80 at 2.

## II.     Paragraph 4 (Additional Discovery)

### A.     AHRN's Position

Additional discovery is justified.  Local Rule 104 grants to a party thirty (30) Document Requests and (30) Requests for Admission, and the Federal Rules grant a party 25 Interrogatories.  Should AHRN's counterclaims survive MRIS's Motion to Dismiss – as they survived NAR's Motion to Dismiss similar counterclaims – then MRIS's posture will at minimum double, from a copyright infringement plaintiff to an antitrust counterclaim defendant.  Antitrust claims are invariably complex - *see e.g. Cloverleaf Enters. v. Md. Thoroughbred Horsemen's Ass'n,* 730 F. Supp. 2d 451 (D. Md.).  This case involves several claim elements and parties that are not included in AHRN's defenses.  Therefore, AHRN's proposal of an additional twenty-five (25) requests for production and twenty-five (25) interrogatories related to AHRN's counterclaims against MRIS is quite reasonable.

### B.     MRIS's and NAR's Position

Under the Federal Rule of Civil Procedure 33 and Local Rule 104, each party is entitled to serve on any other party thirty (30) requests for production, twenty-five (25) interrogatories, and thirty (30) requests for admissions.  AHRN has not proposed adjusting those limits as to NAR, and NAR agrees that no such adjustment is warranted with respect to AHRN's counterclaim against NAR.

MRIS and AHRN previously agreed that each may serve on the other fifty (50) requests for production and requests for admission, in recognition of the fact that MRIS and AHRN each are plaintiffs.  MRIS does not believe that any further expansion of these limits is warranted, or that if there's an expansion, it should be limited, given the substantial overlap between the subject matter of MRIS and AHRN's claims against each other, *i.e.* the copyright issues.

Accordingly, MRIS has proposed that MRIS and AHRN each may issue five (5) additional document requests and ten (10) additional interrogatories to each-other regarding AHRN's counterclaims in the event the Court denies MRIS's pending motion to dismiss. AHRN's alternative proposal of 25 document requests *in addition to* the 50 already agreed to with MRIS (for a total of 75), and 25 interrogatories to MRIS *in addition to* the 25 to which AHRN is entitled under Rule 33 (for a total of 50) is excessive.

Dated: December 6, 2013   Respectfully submitted,

/s/  Scott D. Stein

By:
Margaret A. Esquenet (Bar No. 27775)
margaret.esquenet@finnegan.com
John T. Westermeier (Bar No. 04364)
jay.westermeier@finnegan.com
Whitney D. Cooke (*pro hac vice*)
whitney.cooke@finnegan.com
 901 New York Ave, NW
Washington, DC 20001
(202)-408-4000 (phone)
(202)408-4400 (fax)

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.

*Attorneys for*
Metropolitan Regional Information
Systems, Inc.

By:
Richard S. Toikka, Federal Bar No.13543
rst@farkastoikka.com
L. Peter Farkas (*pro hac vice*)
lpf@farkastoikka.com
1101 30th Street, NW, Suite 500
Washington, DC 20007

202-337-7200 (phone)
202-337-7808 (fax)

FARKAS + TOIKKA LLP

Of Counsel:
Christopher R. Miller (*pro hac vice*)
Chief Legal Officer and General
Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California 94103
800-357-3321 (phone)
C.Miller@NeighborCity.com

*Attorneys for*
American Home Realty Network, Inc.

By:
Jack R. Bierig (*pro hac vice*)
jbierig@sidley.com
Scott D. Stein (*pro hac vice*)
sstein@sidley.com
Tacy F. Flint (*pro hac vice*)
tflint@sidley.com
One South Dearborn Street
Chicago, IL 60603
312-853-7520 (phone)

Brian P. Morrissey
bmorrissey@sidley.com
1501 K Street, N.W.
Washington, DC 20005
202-736-8798 (phone)


SIDLEY AUSTIN LLP

*Attorneys for*
National Association of Realtors

**CERTIFICATE OF SERVICE**

   I, Scott D. Stein, hereby certify that on December 6, 2013 a copy of the foregoing was served via the Court's CM/ECF system upon the following:

Richard S. Toikka
L. Peter Farkas
Farkas and Toikka LLP
1101 30th St. NW, Ste. 500
Washington, DC 20007
*Counsel for Defendant/Counterclaim-Plaintiff American Home Realty Network, Inc.*

Christopher Ralph Miller
American Home Realty Network, Inc.
222 7th St Second Fl
San Francisco, CA 94103
*Counsel for Defendant/Counterclaim-Plaintiff American Home Realty Network, Inc.*

John T. Westermeier
Margaret A. Esquenet
Whitney Devin Cooke
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
*Counsel for Plaintiff/Counterclaim-Defendant Metropolitan Regional Information Systems, Inc.*

                /s/  Scott D. Stein