**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **AMERICAN HOME REALTY NETWORK, INC. and JONATHAN J. CARDELLA,** <br><br> Defendants. <br> and <br><br> **AMERICAN HOME REALTY NETWORK, INC.** <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> **METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., NATIONAL ASSOCIATION OF REALTORS, AND DOES 1-25,** <br><br> Counterclaim Defendants. | CIVIL ACTION NO. 12-cv-0954-AW |

**[MRIS'S AND NAR'S PROPOSED]
<u>REVISED DISCOVERY PLAN AND SCHEDULING ORDER</u>**

1.   **Schedule.**

Subject to all current and future orders of the Court, including without limitation, Dkt. Nos. 249, 262, and 266, the following schedule shall govern further proceedings in this case:

1

| PROPOSED DEADLINE | ACTION |
|---|---|
| December 16, 2013 | Deadline for each Party to exchange all (a) documents of that Party that it has produced, (b) that Party's interrogatory answers, (c) sworn testimony (whether by affidavit, declaration, or deposition) of that Party's employees, agents, and experts; and (d) expert reports submitted by that Party in the following actions: *RMLS v. AHRN*, Case No. 12-cv-965 (D. Minn); *PCR v. AHRN*, Case No. 13-cv-00181-TDS-LPA (M.D.N.C); and *Travelers v. AHRN*, Case No. 3:13-cv-360 (N.D. Cal.) |
| December 20, 2013 | Deadline for NAR to Serve its Answer to AHRN's Counterclaims and NAR's Counterclaims, if any |
| January 9, 2014 | Deadline for AHRN to Serve its Answer or otherwise plead to Counterclaims asserted by NAR, if any |
| January 16, 2014 | Deadline to Submit revised proposed Order on Electronic Discovery or confirm all Parties' agreement to current ESI Order (Dkt. 79) |
| January 23, 2014 | Deadline to Submit Joint Report on Deposition Hours |
| January 23, 2014 | Deadline for NAR to serve FRCP 26(a)(1) Initial Disclosures and for AHRN and MRIS to serve updated FRCP 26(a)(1) Initial Disclosures |
| February 10, 2014 | Start of depositions for the purpose of fact discovery |
| May 30, 2014 | Close of fact discovery (all discovery requests and deposition notices must be served so that all responses are due and all depositions taken on or before May 30, 2014) |
| June 26, 2014 | Deadline for MRIS to serve expert disclosures on its affirmative claims and AHRN's to serve expert disclosures on its counterclaims pursuant to FRCP 26(a)(2) |
| July 24, 2014 | Deadline for MRIS and NAR to serve rebuttal disclosures to AHRN's expert disclosures, and for AHRN to serve rebuttals to MRIS's expert disclosures on MRIS's affirmative claims |
| August 22, 2014 | Close of expert discovery |
| September 18, 2014 | Deadline for all Parties to serve dispositive pretrial Motions |
| October 16, 2014 | Deadline for all Parties to serve Oppositions to dispositive pretrial Motions |
| November 4, 2014 | Deadline for all Parties to serve Replies in support of dispositive pretrial Motions |

All remaining dates (e.g., pretrial conference, motions in limine, and trial) will be determined pending outcome of dispositive pretrial Motions. For the avoidance of doubt, AHRN may not take any discovery of MRIS related to counterclaims asserted by AHRN until the Court

acts on MRIS's pending Motion to Dismiss/Motion for Summary Judgment of AHRN's counterclaims.

    2.    **Expert Discovery Stipulation**.

Expert-related discovery in these proceedings will be governed by the Federal Rules of Civil Procedure, except as modified by this Order. To the extent that this Order imposes limitations on discovery which otherwise would be available under the Federal Rules of Civil Procedure, the Parties have agreed to such limitations. This Order does not imply that any of the information restricted from discovery in this stipulation would otherwise be discoverable.

A. The Parties anticipate that they will retain experts for the purpose of presenting trial testimony ("Retained Testifying Experts") in the above-captioned lawsuit.

B. The Parties recognize that their Retained Testifying Experts' investigation and the development of their Retained Testifying Experts' opinions and inferences can become unnecessarily costly if their Retained Experts' drafts of reports, and communications with counsel and counsel's legal staff are discoverable. The Federal Rules exempt from discovery (1) drafts of expert disclosures and expert reports regardless of the form in which the draft is recorded, Fed. R. Civ. P. 26(b)(4)(B); and (2) communications between counsel and a Retained Testifying Expert except to the extent that the communications: (i) related to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Fed. R. Civ. P. 26(b)(4)(C). The Parties agree that with certain minor exceptions expressed below that the Federal Rules should govern the discoverability of expert disclosures and communications:

   i.     The exclusion from discovery expressed in Fed. R. Civ. P. 26(b)(4)(C) should also extend to communications between a Retained Testifying Expert and/or the Expert's staff and in-house and outside attorneys for the Party and/or the staff of the in-house or outside attorneys

  ii.     The restrictions set forth in this order apply to discovery directed to a Party, as well as to discovery directed to a Retained Expert.

 iii.     This order does not inhibit any Party's right to take discovery about the opinions to be offered by any Retained Testifying Expert, or the development, foundation, or basis of those opinions, and to challenge the admissibility of any Retained Expert's opinions, inferences, or contentions.  For example, a Party may question a Retained Expert about alternative analyses, testing methods, or approaches to the issues on which he or she is testifying, whether or not he or she relied on them in forming the opinions expressed.  Likewise, this order does not preclude questions at deposition going to the Retained Expert's compensation, time expended in preparing his or her report and testimony, the process by which the report and testimony were prepared, the identity of the people who prepared the report, and the frequency and duration of meetings with counsel.

 iv.     No subpoenas (for depositions or documents) need be served on any Retained Expert from whom a report is required to be provided.  Instead, the Party retaining that Expert will make him or her available for deposition, at a time and place mutually agreed to by the Parties, consistent with the Court's scheduling orders, and will produce all materials required to be disclosed by Rule 26 of the Federal Rules of Civil Procedure, as modified by this stipulation, within two (2) business

days of the provision of the report.  If the Parties cannot reach agreement on the location of the deposition, the deposition will be held within this District on in Washington, D.C.

    3.    **Service of Discovery Requests and Responses.**  The Parties agree that all discovery requests, including notices of deposition, and written discovery responses may be served by email to the Parties' respective counsel of record.

    4.    **Document Requests and Requests for Admission**. AHRN and MRIS have agreed to modify Local Rule 104 by increasing the number of document requests and requests for admission each may serve on the other to fifty (50).  AHRN represents that it does not consider Jonathan Cardella to be a "Party" for the purposes of this modification of Local Rule 104.  For the avoidance of doubt, any document requests and requests for admission already served by any Party are included in the limitation described above.

If the Court denies MRIS's pending Motion to Dismiss/Motion for Summary Judgment (Dkt. 181), MRIS and AHRN may each serve on each other an additional five (5) requests for production and ten (10) interrogatories related to AHRN's counterclaims against MRIS.

    5.    **Privilege Logs.** The Parties exempt from entry on any privilege log (1) any privileged document created on or after March 28, 2012 and (2) any privileged written communications (including any attachments, drafts, etc.) between outside counsel and their respective clients created before March 28, 2012.  All privilege logs must be produced in sortable/searchable spreadsheet form and include at least the following fields: date of creation; name(s) of author(s) or sender(s); names of recipient(s); brief description of document; and basis of privilege claim.  Documents may be grouped in "batch" descriptions where appropriate

6. **Third-Party Subpoenas.**  Any Party who issues a third-party subpoena *duces tecum* will provide copies of any and all responses, objections, and production documents and things received in response to any such subpoena within ten (10) days of receiving the response in the same format it received the materials from the third-party.  The expense of distribution will be incurred by the Party which issued the subpoena.  Any Party who issues a deposition/testimony subpoena to any third-party agrees to coordinate with the other Parties as to the date, time, and location of any such deposition.

7. **Service of Discovery and Court Filings.**

   **(a)** **Calculation of Time.**  The Parties will treat service of any document outside the ECF system (i.e., service by email or service by hand) as the equivalent of service by ECF for the purpose of computing response time.

   **(b)** **Service of Materials Containing Protected Information**. If any Party files with the Court any documents under seal, it will concurrently serve a complete, unsealed and/or unredacted version of each such filing to each of the other Parties by sending such filing(s) to all outside counsel of record by email.

8. **Stipulated Protective Order.**  The Parties agree to abide by the Stipulated Protective Order entered on December 17, 2012 (Dkt. 78.)

9. **Clawback.**   If a document that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of the content or information contained in the document should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production will in no way prejudice or otherwise constitute a waiver of, or estoppel

as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity, irrespective of the care taken by the Producing party.

- A. A claim of inadvertent production constitutes a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

- B. If a claim of inadvertent production is made pursuant to this Stipulation, the Party possessing the Inadvertent Production Material will:

    - i. refrain from any further examination or disclosure of the claimed Inadvertent Production Material;

    - ii. if requested, promptly make a good faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or delete or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and

    - iii. not use the Inadvertent Production Material for any purpose without a further order of the Court allowing such use.

- C. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question will be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering

such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

D. The production of any documents identified by any Party as Inadvertent Production Material does not constitute waiver of any privilege or protection afforded such Inadvertent Production Material in this Action or any other action in any other jurisdiction or proceeding.

E. For the avoidance of doubt, nothing in this Paragraph 10 or this Order constitutes a "quick-peek" agreement or otherwise contemplates or requires any Party to produce or disclose any privileged documents to any other Party. Moreover, nothing in this Paragraph 10 or this Order constitutes any agreement by any Party to negotiate or otherwise acquiesce to a "quick-peek" agreement at any time, except by express written agreement of the Parties.

10.  **Modification of ESI Stipulation**.  The Parties may modify the Stipulation on the Production of Electronically Stored Information (Dkt. 79).  Any such revised Stipulation will be filed with the Court by January 16, 2014.

11.  **Deposition Hours.** The Parties will submit a proposed report and stipulation regarding deposition hours by January 16, 2014.

12.  **Trial by a Magistrate Judge**.  The Parties do not consent to having the case tried by a magistrate judge.

13.     **Alternative Dispute Resolution.**  There have been no ADR efforts to date. Pursuant to Local Rule 607(2), the Parties agree to participate in Court's ADR process, including the assistance of a Magistrate Judge serving as a neutral, if the Court so orders.

MRIS and NAR support the early referral of this dispute to ADR.