IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., Plaintiff, | * * * * | |
| v. | * * | |
| AMERICAN HOME REALTY NETWORK, INC., *et al.*, Defendants. | * * * * | Civil Action No. 12-cv-00954-AW |
| and | * * | |
| AMERICAN HOME REALTY NETWORK, INC., Counterclaim Plaintiff, | * * * * | |
| v. | * * | |
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., *et al.*, Counterclaim Defendants. | * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

The Court has reviewed the parties' parties proposed discovery plans and scheduling orders submitted on December 6, 2013.  Doc. No. 275.  The Court will largely adopt MRIS and NAR's proposal, and notes the following with respect to the items on which the parties disagree:

1) A six-month fact discovery period is sufficient given that the parties have already engaged in extensive discovery and because there is substantial overlap between the infringement claims and the antitrust counterclaims. For good cause shown, the Court will entertain motions for a brief extension of the discovery deadline at the appropriate time.

2) The Court is not inclined to authorize the use of any materials produced by NAR and MRIS in this case for use in other cases in which they are not parties. AHRN has not adequately explained why it was or is unable to obtain relevant discovery materials available to it in those cases.

3) MRIS and NAR have made a sufficient showing that the materials from the California insurance coverage case are relevant to this litigation and therefore should be subject to automatic disclosures. *See* Doc. No. 275 at 4.

4) AHRN's request that NAR disclose all materials from agency enforcement actions appears to be overbroad. *See* Doc. No. 275-1 at 2. AHRN may obtain relevant discovery materials through more targeted discovery requests.

5) The parties have agreed that they may serve upon each other 50 document requests and 50 requests for admission, a modification of the limits set forth in Rule 104. In the event the Court denies MRIS's pending Motion to Dismiss/Motion for Summary Judgment, the Court believes that an additional five requests for production and ten interrogatories will be appropriate. As discussed above, the parties have already engaged in extensive discovery and there is substantial overlap between the infringement claims and the antitrust counterclaims. Therefore, the Court believes that AHRN's proposal for additional discovery is excessive.

6) The Court will adopt MRIS and NAR's proposed deadline for responsive pleading or counterclaims to AHRN's Counterclaims, and proposed deadline for any additional responsive pleading by AHRN. At the same time the Court denied NAR's Motion to Dismiss, it also ordered the parties to submit a joint proposed scheduling order with all relevant discovery deadlines. Doc. No. 241 at 5. It is therefore appropriate to include

MRIS and NAR's proposed deadlines as part of the discovery plan and scheduling order. The Court discerns no prejudice to AHRN as a result of adopting these deadlines.

7) The parties disagree as to the deadline for automatic disclosures. AHRN proposes January 16, 2014, while MRIS and NAR propose December 16, 2013. Disclosure of such materials does not appear to be too onerous, and the Court does not believe the January 16 deadline is appropriate. However, a one-week extension beyond MRIS and NAR's proposal should ensure both parties' compliance, and there Court will modify MRIS and NAR's proposal accordingly.

So Ordered.

  December 9, 2013             /s/
  Date                Alexander Williams, Jr.
                   United States District Judge