UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JILLYN K. SCHULZE
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
SUITE 335A
GREENBELT, MARYLAND 20770
(301) 344-0630
Fax: (301) 344-0629

December 16, 2013

**FILED VIA CM/ECF**

**TO: COUNSEL OF RECORD**

Re: *Metropolitan Regional Information Systems, Inc. v. American Home
Realty Network, Inc., et al.*
Civil No. AW 12-954

Dear Counsel:

Presently pending and ready for resolution is Defendant's motion to strike Plaintiff's submission of supplemental damages evidence. ECF No. 250. No hearing is necessary, Local Rule 105.6, and the motion is hereby denied.

In a Report and Recommendation, the undersigned previously found that the revised preliminary injunction, ECF No. 65, applied to all photographs in Plaintiff's database that bore Plaintiff's mark, and that Defendant violated the preliminary injunction by reproducing such photographs on its website. ECF No. 150 at 5. The court had previously found that Plaintiff would suffer irreparable harm in the form of potential diversion of traffic from its website, diversion of revenue from its subscribers, and damage to its reputation due to inaccuracies in content in Defendant's displays. *Metropolitan Regional Information Systems, Inc. v. American Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 712 (D. Md. 2012).

The undersigned further found that Plaintiff's actual losses were difficult to determine and, using the Copyright Act's statutory damage values as guidance, recommended damages in the amount of $1,000 per week for the unauthorized use of Plaintiff's photographs. ECF No. 150 at 7-9. Judge Williams adopted the Report and Recommendation in its entirety on July 31, 2013. ECF No. 184.

On August 9, 2013, Plaintiff submitted supplemental evidence outlining damages allegedly incurred from May 14, 2013, through August 9, 2013. ECF No. 194. Defendant's motion to strike, ECF No. 201, was denied orally on October 8, 2013, and by letter order on October 11, 2013. ECF Nos. 223 and 226. The undersigned found that Defendant had continued to violate the preliminary injunction and awarded additional damages of $1,000 per week. The court also ruled that Defendant's violations occurring after January 17, 2013, were wilful for purposes of awarding attorneys' fees and costs. On December 3, 2013, Judge Williams affirmed these rulings. ECF Nos. 270, 271.

Counsel
*Metropolitan Regional Information Systems, Inc. v. American Home
 Realty Network, Inc., et al.*
Civil No.  AW 12-954
December 16, 2013
Page 2


      Plaintiff's latest submission of supplemental damages evidence, ECF No. 228, indicates that Plaintiff's copyrighted photographs were displayed on Defendant's publicly available website www.neighborcity.com, from September 30, 2013, through October 10, 2013.  These allegations are supported by the sworn declaration of Danielle Blanchard, a Contract Manager for Plaintiff.  ECF No. 228-2.  Copies of the allegedly offending web pages and photographs are attached to the Blanchard declaration as Exhibits A-R.

      Defendant argues that Plaintiff's submission should be stricken because it contains legal arguments and evidence which go beyond the scope of leave granted to Plaintiff to seek supplemental damages.  These arguments have previously been rejected by the undersigned, have now been rejected by Judge Williams, and fail again for the same reasons.

      Defendant does not deny that Plaintiff's photographs appear on its website.  Instead, Defendant argues that the new evidence shows only *de minimus* harm because (1) it concerns only a very small percentage of the properties shown on Defendant's website, (2) there is no harm at all because Plaintiff's copyright notice can only be seen by opening a copy of the photograph, and (3) without opening the copy, the offending photographs appear as thumbnails in a format "seen by less than 1% of visitors" to the website. ECF No. 250-1 at 5-6.  Defendant also contends that because the volume of photographs that was before the court when it issued the preliminary injunction was so much greater than the volume presently alleged, Plaintiff cannot rely on the finding of a likelihood of irreparable harm which supported the preliminary injunction.  Defendant argues that such a small number of photographs cannot constitute clear and convincing evidence of resulting harm.

      Plaintiff responds that its damages are not *de minimus*.  Plaintiff argues, *inter alia*, that the photographs submitted are only a sample, and Plaintiff should not have to audit Defendant's entire photograph collection in order to obtain an award.  While I decline to speculate as to the existence of violations not detected by Plaintiff, I note that Defendant has been enjoined from displaying *any* of Plaintiff's copyrighted photographs, and admits, once again, having done so.  Defendant offers no authority for the rather startling suggestion that displaying a copyrighted photograph at a reduced size, which makes the mark more difficult to see, does not nevertheless constitute display of a copyrighted photograph.  In addition, the court has already rejected Defendant's contention that damages are not appropriate where the general public is "not likely" to view the offending photographs.

      Plaintiff's evidence of violations occurring from September 30, 2013, through October 10, 2013, is clear and convincing.  The harm to Plaintiff has been previously found to exist and is not *de minimus* or nonexistent merely because the number of offending photographs is smaller than it could be.  Nor, as also has been previously held, does the difficulty in quantifying actual damages mean that no actual harm has been suffered.  Rather, the court determined that damages

Case 8:12-cv-00954-DKC   Document 286   Filed 12/17/13   Page 3 of 3

Counsel
*Metropolitan Regional Information Systems, Inc. v. American Home*
 *Realty Network, Inc., et al.*
Civil No.  AW 12-954
December 16, 2013
Page 3

based on the statutory damage values are appropriate because actual damages could not be quantified.

As it has done in the past, Defendant attempts to excuse its violations by pointing to its efforts to bring itself into compliance after those violations are exposed.  Defendant now asserts that it does not have resources to comply and suggests that Plaintiff could make identification of its copyrighted photographs easier.  ECF No. 250-1 at 13; ECF No. 283 at 9.  Again, the attempt to equate correction of violations with actual compliance with the preliminary injunction fails, and it is Defendant's, not Plaintiff's, duty to comply with the preliminary injunction.  The court has already found that violations of the preliminary injunction occurring after January 17, 2013, are wilful for purposes of awarding attorneys' fees and costs, and nothing has been presented which would justify altering that finding.

Finally, as mentioned earlier, the court declines Plaintiff's request that it "assume" that the new evidence of violations is "only a narrow slice of contempt."  ECF No. 263 at 15.  Rather, because Plaintiff's actual losses continue to be difficult to determine, the damage value previously assessed, ECF No. 150 at 7-9, is appropriate.  Accordingly, Plaintiff is awarded damages in the amount of $1,571.43 for an additional 11 days of violation of the preliminary injunction and leave to file a fee petition in connection with this latest award.

This letter constitutes an Order of the court and shall be so docketed.

Sincerely,

/S/

Jillyn K. Schulze
United States Magistrate Judge