**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| **METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**AMERICAN HOME REALTY NETWORK, INC.** )<br>)<br>)<br>)<br>Defendant, )<br>)<br>**AMERICAN HOME REALTY NETWORK, INC.,** )<br>)<br>Counterclaimant, )<br>)<br>v. )<br>)<br>**METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC.,** )<br>)<br>and )<br>)<br>**NATIONAL ASSOCIATION OF REALTORS,** )<br>)<br>and )<br>)<br>**Does Nos. 1 – 25,** )<br>)<br>Counterclaim Defendants. )<br>) | Civil Action No. 12-cv-954-AW |

**AHRN'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER OF DECEMBER 3, 2013 UPHOLDING MAGISTRATE JUDGE SCHULZE'S RULINGS OF OCTOBER 8 AND 11, 2013**

For its Memorandum in Support of its Motion for Reconsideration of the Court's

Memorandum Opinion and Order of December 3, 2013 Upholding Magistrate Judge Schulze's

1

Rulings of October 8 and 11, 2013, Defendant and Counterclaimant American Home Realty Network, Inc. ("AHRN") states as follows:

## I.   BACKGROUND

At a hearing held on October 8, 2013, Magistrate Judge Schulze issued her oral ruling denying AHRN's Motion to Strike MRIS's Submission of Supplemental Evidence of Contempt, or in the Alternative, to Deny MRIS's Requests for Additional Damages and Attorneys' Fees [D.E. 201] and awarding MRIS contempt damages in the amount of $12,428.57 and its reasonable costs and fees as requested by MRIS in its Submission, *see* Transcript, attached as Exhibit A.  On that same day she entered a paperless order [D.E. 223] summarizing her rulings.  On October 11, 2013, Judge Schulze issued a letter order supplementing her prior rulings [D.E. 226].  On October 25, 2013, AHRN filed its Objections to Judge Schulze's rulings [D.E. 231], and on November 25, 2013, MRIS filed its response [D.E. 264].  On December 3, 2013, the Court issued its Memorandum Opinion [D.E. 270] and Order [271] overruling AHRN's Objections and upholding Judge Schulze's rulings in their entirety [D.E. 270, 271].  AHRN now moves for reconsideration on the narrow ground that the Court failed to consider that Judge Schulze applied an incorrect legal standard and ignored facts on the record in ruling that MRIS had shown harm resulting from its alleged violation of the November 13, 2012 preliminary injunction.[1]

## II.   STANDARD OF REVIEW

The Court has discretion whether to reconsider an interlocutory ruling. *Hare v. Opryland Hospitality, LLC*, No. DKC 09-0599, 2011 U.S. Dist. LEXIS 104246, at *16 (D.Md. Sept. 15,

---

[1] On December 17, 2013, Judge Schulze issued a letter ruling [D.E. 286] denying AHRN's Motion to Strike MRIS's Additional Submission of Supplemental Evidence [D.E. 250] and awarding additional damages and attorneys' fees and costs.  Once again it appears Judge Schulze has awarded contempt damages without requiring MRIS to prove actual harm by clear and convincing evidence.  *See* D.E, 286 at 2-3.

2

2011). Maryland Local Rule 105.10 provides that "except as otherwise provided in Fed.R.Civ.P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order.

Courts in this district generally have identified the following grounds for reconsideration of an interlocutory order: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Coulibaly v. JP Morgan Chase Bank, N.A.*, No. DKC 10-3517, 2013 WL 3507096, at *1 (D. Md. July 10, 2013).

In reviewing the rulings of a magistrate judge on a non-dispositive pretrial matter, the Court must consider timely objections and must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Memorandum Opinion [D.E. 270] at 3 citing Fed.R.Civ.P. 72(a), Loc. R. 301.5(a), and 28 U.S.C. § 636(b)(1)(A) (quotation omitted).

"Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge." *Id. citing Huggins v. Prince George's Cnty*, 750 F. Supp. 2d 549, 559 (D.Md. 2010). The reviewing court is "only required to determine whether the magistrate judge's [factual] findings are reasonable and supported by the evidence." *Id.* "A finding is clearly erroneous when, although there is evidence to support it, on the entire evidence the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Front Royal and Warren County Indus. Park Corp. v. Town of Front Royal, Va.*, 135 F.3d 275, 284 (4th Cir. 1998) *citing Faulconer v. Commissioner*, 748 F.2d 890, 895 (4th Cir.1984).

In its plenary review for whether a magistrate judge's ruling is contrary to law, "the Court … may set aside the magistrate judge decision . . . if it failed to consider an element of the applicable standard." *U.S. Home Corp. v. Settlers Crossing, LLC,* 2012 U.S. Dist. LEXIS 101778 (D. Md. July 23, 2012) at *30, *citing In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010), *appeal dismissed*, 641 F.3d 410 (10th Cir. 2010).

### III.   ARGUMENT

**A. Judge Schulze's Holding That in a Contempt Proceeding Harm Can Be Presumed for a Violation of an Injunction is Contrary to Law**

The Fourth Circuit has held that: '[t]o establish civil contempt, a movant must show each of the following elements by *clear and convincing evidence*:" (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) *that the movant suffered harm as a result. Wagner v. Bd. of Educ.*, 340 F. Supp. 2d 603, 619-20 (D. Md. 2004) (emphasis added, internal punctuation omitted) *citing JTH Tax, Inc. v. H&R Block Eastern Tax Services, Inc.*, 359 F.3d 699, 705 (4th Cir. 2004), *see Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (injunction reversed). *See also* AHRN Objections [D.E. 231] at 13-14, 21-24.

Based on the foregoing, one of the four elements required to be proved by clear and convincing evidence on a civil contempt motion is harm to the movant resulting from the alleged contemnor's violation of the order. As pointed out in AHRN's Objections, Judge Schulze stated that harm can be presumed for a violation of an injunction, and therefore she did not need to make an independent finding of harm to MRIS from the alleged violation in

4

order to award compensatory damages to MRIS. *See* AHRN Objections [D.E. 231] at 21-22 (*per se* harm when an injunction is violated).

Judge Schulze's holding that harm can be presumed for a violation of an injunction is contrary to law. Judge Schulze read out of the *Wagner v. Bd. of Educ.* four-prong test, the fourth prong: "*that the movant suffered harm as a result* [of the violation]," and thus her holding was contrary to law. *See U.S. Home Corp., supra,* at *30 (holding that a magistrate judge's failure to consider whether all three prongs of Fed. R. Evid. 502(b) were met was contrary to law).

### B. Judge Schulze's Finding that the Elements for Civil Contempt Were Proved by Clear and Convincing Evidence Was Clearly Erroneous

Based on her "contrary to law" assumption of *per se* harm, Judge Schulze did not find it necessary to make her own finding as to whether and to what degree MRIS was harmed by the appearance of allegedly MRIS copyrighted images on AHRN's private developmental websites and subdomain. Instead, she erroneously relied on the prior finding by Judge Williams that there was a *likelihood* of harm to MRIS if the preliminary injunction were not issued. *See* August 24, 2012 Memorandum Opinion [D.E. 64] at 6, n. 6 (emphasis added). As AHRN showed in its Objections, this prior likelihood-of-irreparable-damages holding by the Court was based on (1) a lower evidentiary standard than the clear and convincing standard required for civil contempt damages, AHRN Objections [D.E. 231] at 21-23; and (2) alleged facts that MRIS copyrighted images appeared on AHRN's public-facing website rather than the present allegation in MRIS's Submission of Supplemental Evidence that MRIS copyrighted images appeared on AHRN's private developmental websites and subdomain, *id.* at 23-24.

Proving that the movant suffered actual harm requires particularized evidence as to the actual harm suffered from the specific violation alleged. *See Allstar Lodging, Inc. v. Rookard,*

*2013 U.S. Dist. LEXIS 160845* (W.D. Va. Nov. 8, 2013)[2] (plaintiff failed to put forward evidence with sufficient particularity for the court to find harm under the clear and convincing standard on the first issue in plaintiff's contempt motion). In *Allstar*, a preliminary injunction was in place which required the defendant to provide ads for the plaintiff Allstar on four travel websites that he owned and operated. *Id* at 2-3. On the issue of whether Rookard was in contempt for failure to properly place the ads on the top of the websites, the Court stated that "[w]hile it is probably the case that fewer customers saw the Allstar ads due to their improper placement," Allstar did not meet its burden in establishing harm by clear and convincing evidence where it did not provide information "as to the relative fair market value of an ad on the homepages of these sites versus the cabins subpages, about how many more prospective customers would have viewed the homepages ads versus the cabins subpages ads, or about the extent to which Allstar's business could reasonably be expected to have been improved by moving the ads from the cabin subpages to the homepages." *Id.* at 9-10. This holding stands in direct conflict with Judge Schulze's summary rejection of AHRN's argument that the public was unlikely to access the private websites when there was no evidence of public access (except for the alleged access by a single MRIS employee – Danielle Blanchard). *See* Judge Schulze's supplemental letter ruling, D.E. 226] at 2.

As Judge Schulze made no independent finding of actual harm from the specific alleged violations of the preliminary injunction, her damages award was likewise clearly erroneous because civil contempt sanctions "payable to the complainant as compensation for damages caused by the contemnor's noncompliance, … must of course be based upon evidence of

---

[2] This case, decided on November 8, 2013 after AHRN filed its Objections [D.E. 231], is a well-reasoned opinion from a district court within the Fourth Circuit whose facts are directly on point as to the issue of damages required to be proved with particularized evidence for the alleged violation of an injunction.

6

complainant's actual loss[.]"  *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991), *quoting Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990).  *See* AHRN Objections [D.E. 231] at 22.

Thus Judge Schulze's finding that MRIS proved each of the elements of civil contempt by clear and convincing evidence and her contempt damages award are clearly erroneous and the Court erred in upholding her finding.

## IV. CONCLUSION

For the foregoing reasons, AHRN respectfully requests that the Court grant AHRN's motion for reconsideration of the Court's Memorandum Opinion and Order of December 3, 2013.

Dated: December 17, 2013

Respectfully submitted,

FARKAS+TOIKKA, LLP

 /S/ Richard S. Toikka
Richard S. Toikka, Fed Bar No.13543
L. Peter Farkas (*pro hac vice*)
Russell O. Paige, Fed Bar No. 16035
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)
lpf@farkastoikka.com (email)
rop@farkastoikka.com (email)

Of Counsel:
Christopher R. Miller (*pro hac vice*)
Chief Legal Officer and General Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California 94103
800-357-3321 (phone)
C.Miller@NeighborCity.com (email)

*Counsel for Defendant and Counterclaimant American Home Realty Network, Inc.*

## CERTIFICATE OF SERVICE

I, Richard S. Toikka, hereby certify that on this the 17th day of December, 2013, a copy of the foregoing Memorandum in Support of AHRN's Motion for Reconsideration was served by electronic means using the Court's CM/ECF system upon:

Brian P. Morrissey, Jr.
bmorrissey@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005

Jack R. Bierig
jbierig@sidley.com
Tacy F. Flint
tflint@sidley.com
Scott D. Stein
sstein@sidley.com
Jessica Rothenberg
jrothenberg@sidley.com
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, IL 60603

*Counsel for Counterclaim-Defendant*
*National Association of Realtors®*

John T. Westermeier, Esquire
Margaret A. Esquenet, Esquire
Whitney D. Cooke, Esquire
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413

*Counsel for Plaintiff and Counterclaim Defendant*
*Metropolitan Regional Information Systems, Inc.*

                                      */S/ Richard S. Toikka*
                                      Richard S. Toikka