

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

jbierig@sidley.com
(312) 853 7614

BEIJING
BOSTON
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

FOUNDED 1866

December 23, 2013

**By Email and Overnight Mail**

The Honorable Alexander Williams, Jr.
District Court Judge
U.S. District Court for the District of Maryland
Greenbelt Division
6500 Cherry Wood Lane
Greenbelt, MD 20770

Re: *Metropolitan Regional Information Systems, Inc. v. American Home Realty* Network, Inc., No. 8:12-cv-954-AW

Dear Judge Williams:

On behalf of counterclaim defendant National Association of Realtors® ("NAR"), we are writing in response to the letter filed, at 9:44 p.m. on Friday, December 20, by counsel for American Home Realty Network ("AHRN") (DN 291). In that letter, AHRN seeks this Court's approval for its anticipated non-compliance with the very first deadline imposed on it by this Court's Revised Discovery Plan and Scheduling Order (DN 276). Specifically, AHRN seeks license for it to violate the portion of the Order requiring it to produce to NAR and MRIS today, (1) "expert reports submitted by [AHRN] in *RMLS v. AHRN*, Case No. 12-cv-965 (D. Minn.) [and] *PCR v. AHRN*, Case No. 13-cv-00181-TDS-LPA (M.D.N.C.)"; and (2) discovery materials produced by AHRN in its insurance coverage litigation, *Travelers v. AHRN*, Case No. 3:13-cv-360 (N.D. Cal.).

AHRN's filing, late in the evening on the last business day before the due date for these productions -- on the eve of the weekend before the Christmas holiday week -- is both procedurally improper and substantively meritless. This Court entered its Revised Discovery Plan and Scheduling Order on December 9 (DN 276). AHRN makes no effort to explain why it waited until the night before the Christmas week to make its request. If AHRN believed that it had a meritorious basis for seeking reconsideration of the Court's Order, it could, of course, have timely filed a motion for reconsideration. It chose not to do so, but instead filed an eleventh hour letter with this Court.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

As this Court may recall, the parties submitted competing versions of their proposed Revised Discovery Plan and Scheduling Order. The parties' joint submission noted that their proposed orders were identical in many respects (reflecting the parties' agreement on various provisions), and sought resolution of certain disputes reflected in the two, somewhat different proposals. The Court resolved those disputes in its Revised Discovery Plan and Scheduling Order (DN 276), accompanied by an opinion explaining the Court's reasoning.

Notably, AHRN's own proposed scheduling order included the very provision requiring AHRN to produce the expert reports and expert depositions from the *RMLS* and *PCR* cases with which it now claims to be unable to comply. *See* DN 275-1 at p. 3. In other words, AHRN is now seeking relief from a provision of the Scheduling Order that it included in its own proposed order.

AHRN's substantive objections to producing those materials are frivolous. AHRN first contends that expert reports it has submitted in the *RMLS* and *PCR* cases "concern only damages on AHRN's counterclaim and are hence not relevant to the 'sham litigation' issue raised by MRIS and NAR as a reason for the disclosure." It is not clear what this means, but any suggestion that these materials are irrelevant is without merit. AHRN's counterclaim in the *RMLS* case is identical to its counterclaim in this case, alleging a conspiracy, orchestrated by NAR, to boycott AHRN. *RMLS v. AHRN*, DN 95 at Counterclaim ¶¶ 29-44. Indeed, AHRN's counterclaim in *this* case expressly discusses its counterclaim in *RMLS* and indicates that AHRN is contemplating adding the counterclaim defendants in that case as defendants in this case.

In the same sentence of its letter, AHRN contradicts this purported claim of irrelevance by indicating that the experts who submitted reports in the *RMLS* case are consulting experts in this case. AHRN suggests that requiring it to produce the reports of its experts in the *RMLS* case in *this* case would violate the work product protection for consulting experts under Rule 26(b)(4)(D). Of course, the reports the Court has ordered AHRN to produce are the reports of *testifying* experts in the related cases. AHRN cannot shield the reports of *testifying* experts in those other cases merely by designating those same individuals as "consulting" experts in this case.

AHRN's third argument, that requiring the disclosures of expert materials submitted in *other* cases (disclosures included in AHRN's own scheduling proposal) somehow "conflicts with the Court's schedule for expert disclosures in this case" is equally specious. If AHRN intends to use the same individuals as testifying experts in this case, it will have to submit reports *in this case* on June 26, 2014. Requiring AHRN in the meantime to produce expert reports it has





submitted in other cases prior to that date is not inconsistent with the deadlines to which AHRN agreed.

With respect to the insurance coverage litigation, AHRN's attempt to reargue whether it should have to produce materials from the *Travelers* case – a dispute that was presented to and ruled on by the Court – should also be rejected. AHRN argues that these documents are irrelevant, precisely the argument it made – and the Court rejected – in the briefing on the scheduling order. AHRN's other argument – that the materials are "highly sensitive corporate information" – provides no basis for relieving AHRN of its obligations, particularly when AHRN does not explain why the Protective Order is insufficient to protect any legitimate claim of confidentiality.

In sum, AHRN's letter request should be denied both as untimely and as substantively meritless. It is a thinly disguised and baseless motion for reconsideration of the Court's rulings of December 9. This tactic should not be countenanced. Rather, AHRN should be ordered to produce immediately the documents that are called for by December 23 in the Scheduling Order. And it should be required to pay NAR's fees in having to respond to its letter.

AHRN has already shown its willingness to disregard orders of this Court. Any relief in response to AHRN's untimely and unwarranted request will only serve to embolden this kind of behavior in the future. If AHRN chooses not to comply with the Court's scheduling order, NAR will move to enforce that order and seek further sanctions for having to do so. For now, NAR submits that AHRN should be ordered to produce the materials called for by the Scheduling Order immediately and should be required to pay NAR's fees for having to respond to its irresponsible efforts.

Very truly yours,

/s/ *Jack R. Bierig*

Jack R. Bierig

JRB:c m

cc: CM/ECF Service List