IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., Plaintiff, | * * * * | |
| v. | * * | |
| AMERICAN HOME REALTY NETWORK, INC., *et al.*, Defendants. | * * * * | Civil Action No. 12-cv-00954-AW |
| and | * * | |
| AMERICAN HOME REALTY NETWORK, INC., Counterclaim Plaintiff, | * * * * * | |
| v. | * * | |
| METROPOLITAN REGIONAL INFORMATION SYSTEMS, INC., *et al.*, Counterclaim Defendants. | * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending before the Court is Defendant and Counterclaim-Plaintiff American Home Realty Network, Inc. ("AHRN")'s Motion for Reconsideration of the Court's November 1, 2013 Order on the Counterclaim-Defendants' Motions to Dismiss. Doc. No. 251. The Court has reviewed the motion papers and exhibits and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons that follow, AHRN's Motion for Reconsideration will be DENIED.[1]

---

[1] Also pending are the parties' respective motions to seal the briefs and exhibits on AHRN's Motion for Reconsideration. Doc. Nos. 252, 274. These unopposed Motions to Seal will be granted pursuant to Local Rules 104.13 and 105.11.

I.  PROCEDURAL BACKGROUND

On November 1, 2013, the Court granted-in-part Metropolitan Regional Information Systems, Inc. ("MRIS")'s Motion to Dismiss AHRN's Second Amended Counterclaims. *See* Doc. Nos. 239, 241. Count III, which alleged violations of the California unfair competition law, was dismissed with prejudice. Doc. No. 241. The Court deferred ruling on Count II (Maryland unfair competition) and Count IV (Sherman Act § 1) based on AHRN's allegation that MRIS committed fraud on the Copyright Office by failing to disclose in its copyright registrations that CoreLogic, not MRIS, is actually responsible for the selection and coordination of content in the MRIS Database. Doc. No. 239 at 9. The Court held:

> Accepting AHRN's allegations as true, MRIS's representation that it was responsible for the selection and coordination of content in its database would be materially inaccurate, as the Copyright Office would not have granted copyright protection to MRIS had it known that another entity was responsible for arranging the database. AHRN would therefore have a plausible claim that MRIS's copyright litigation and enforcement efforts were a sham, and as a result, MRIS would not be entitled to *Noerr-Pennington* immunity.

*Id.* at 10. The Court further held that to dismiss AHRN's claim of fraud on the Copyright Office (and therefore grant MRIS's Motion on Counts II and IV), it would be required to rely on evidence outside the pleadings, in particular, the declaration of MRIS CEO David Charron who averred that MRIS uses its own proprietary software, not CoreLogic, for the MRIS Database. *Id.* at 11. Therefore, the Court determined that it would treat MRIS's Motion as one for summary judgment, and granted AHRN an opportunity for limited discovery and to present a genuine issue of material fact on the CoreLogic issue. *Id.* at 12. Pursuant to the Court's November 5, 2013 scheduling Order, the limited discovery deadline is January 13, 2014, with all supplemental briefing on MRIS's Motion due by January 27, 2014. Doc. No. 249.

As part of its November 1 Order, the Court also granted-in-part and denied-in-part the National Association of Realtors ("NAR")'s Motion to Dismiss the Second Amended Counterclaims. Doc. No. 241. Although Count III (California unfair competition) was dismissed with prejudice, the Court held that AHRN's particularized allegations against NAR were sufficient to withstand a Motion to Dismiss on Counts II and IV. Doc. No. 239 at 13-17.

## II.     STANDARD OF REVIEW

Rule 54(b) of the Federal Rules of Civil Procedure provides that any order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Courts in this district generally have identified the following grounds for reconsideration of an interlocutory order: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Coulibaly v. JP Morgan Chase Bank, N.A.*, No. DKC 10-3517, 2013 WL 3507096, at *1 (D. Md. July 10, 2013) (quoting *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565-66 (M.D.N.C. 2005)).

## III.    ANALYSIS

AHRN's Motion for Reconsideration purportedly relies on new evidence that was not previously available and also argues that the Court committed clear error in its November 1, 2013 Opinion and Order. The litany of alleged errors identified by AHRN can be roughly categorized as follows: (1) the Court erred by parsing the Second Amended Counterclaims and ignoring allegations and evidence of MRIS's participation in the NAR-led group boycott; (2) the Court erred in rejecting AHRN's allegations regarding MRIS's "work for hire" representations to

3

the Copyright Office; and (3) the Court erred in converting MRIS's Motion to Dismiss into a motion for summary judgment. The Court will address each of these alleged errors in turn.

    A.    <u>Parsing of Counterclaims and MRIS's Participation in Group Boycott</u>

AHRN argues in its Motion for Reconsideration that notwithstanding the CoreLogic allegations, its Second Amended Counterclaims should have survived MRIS's Motion to Dismiss based upon MRIS's alleged involvement in the NAR-led group boycott. AHRN complains that the Court parsed the Second Amended Counterclaims in violation of the Supreme Court's admonition that "[t]he character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole." *Phillips v. Crown Cent. Petro. Corp.*, 602 F.2d 616, 625 (4th Cir. 1979) (quoting *Cont'l Ore Co. v. Union Carbide*, 370 U.S. 690, 699 (1962)).

The Court discerns no such error in its analysis of the boycott allegations against MRIS. In its November 1 Opinion, the Court concluded:

> As with the First Amended Counterclaims, AHRN's allegations against MRIS are focused upon MRIS's writing of the Guidance Paper and promotion of its copyright registration program. Although AHRN refers to MRIS as NAR's co-conspirator in its briefs, it has failed to set forth a plausible claim of an illicit agreement between MRIS and NAR. Allegations that MRIS attended industry meetings with NAR, that NAR expressed agreement with MRIS's Guidance Paper and its legal opinions, and that NAR sought to fund MRIS's lawsuit do not warrant deeming MRIS a co-conspirator. Conclusory allegations of MRIS's role in a conspiracy fare no better.

Doc. No. 239 at 9 n.2. The Court's determination followed an extensive analysis of AHRN's refusal to deal and group boycott allegations against MRIS in the First Amended Counterclaims, *see* Doc. No. 159 at 28-36, allegations which remained in the Second Amended Counterclaims. Contrary to AHRN's suggestions, the Court did not isolate the new factual allegations made in

4

the Second Amended Counterclaims.[2] Rather, the Court reviewed the allegations from the Second Amended Counterclaims as a whole and determined that there was no plausible basis for Sherman Act § 1 or Maryland unfair competition claims against MRIS based on the refusal to deal and group boycott allegations. AHRN has had ample opportunity to present its arguments and the Court has given them extensive consideration. AHRN's current attempt to recast the factual allegations is improper in a motion for reconsideration. *See Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001) ("[A] motion to reconsider is not a license to reargue the merits.").[3]

AHRN also points to "recent discovery" which purportedly "sheds light" on MRIS's participation in the NAR-led group boycott. AHRN attaches portions of an e-mail chain covering the approximate period from November 2011 through March 2012 in which executives

---

[2] Although the Court did not expressly say so, the original factual allegations from the First Amended Counterclaims, as described in the Court's June 10, 2013 Memorandum Opinion, were incorporated by reference in the November 1 Memorandum Opinion:

> As before, the crux of AHRN's claims is that MRIS, NAR, and unnamed Does engaged in a series of concerted, anti-competitive conduct, including the industry-wide adoption of a sham copyright registration and enforcement program and refusals to deal with AHRN. Many of the factual allegations from the Second Amended Counterclaims restate the allegations from the First Amended Counterclaims. These allegations were thoroughly documented in the Court's June 10, 2013 Opinion and will not be repeated here.

Doc. No. 239 at 3.

[3] AHRN also maintains that the Court erred in distinguishing AHRN's counterclaims against RMLS in the related Minnesota action from its counterclaims against MRIS in this case. AHRN takes issue with the following finding in particular:

> The Minnesota court also relied on AHRN's allegation that third-party syndicators informed it that they would not extend a license to AHRN, which raised the specter of concerted action by MLSs to prevent dealing with companies that did not comply with their business model. *Id.* Such allegations are absent in AHRN's Second Amended Counterclaims.

Doc. No. 239 at 11 n.4. However, the Court distinguished the Minnesota action on *multiple* grounds, not just on the allegations regarding third party syndicators. There is no indication that this particular finding was dispositive to the Court's ruling. Furthermore, AHRN cites multiple paragraphs from the Second Amended Counterclaims that are purportedly "counterparts" containing "nearly identical allegations" to those made against RMLS in the Minnesota action. Doc. No. 251 at 26-27. However, the allegations cited by AHRN either do not mention third party syndicators or make no mention of MRIS's conduct in particular.

5

from NAR and various multiple listing services ("MLSs") discuss possible copyright litigation against AHRN. *See* Doc. No. 255-2. Even accepting the authenticity of the e-mails, it is unclear how they support AHRN's Sherman Act § 1 or Maryland unfair competition claims against MRIS. AHRN concedes that MRIS CEO David Charron is merely *copied* on the *beginning* of the e-mail chain, and AHRN does not allege that Charron wrote any of the e-mails. *See* Doc. No. 251 at 12-15. There is no inference to be drawn from the e-mails that MRIS supported NAR-led refusals to deal with AHRN or engaged in any conduct or action in furtherance of a boycott of AHRN.[4] Accordingly, the e-mails do not support AHRN's Motion for Reconsideration. To the extent AHRN requests leave to amend its counterclaims to add allegations regarding the e-mails, such amendment would be futile.

B. "Work for Hire" Allegations

In support of its claim that MRIS committed fraud on the Copyright Office, AHRN alleged in its Second Amended Counterclaims that MRIS's "work for hire" designations in its copyright registrations were false. *See generally* Doc. No. 167 ¶¶ 76-77, 80-84. In its November 1 Opinion, the Court rejected AHRN's argument that MRIS's "work for hire" designations supported its Sherman Act or unfair competition claims. Doc. No. 239 at 8-9. The Court relied in large part on its rejection of similar "work for hire" arguments AHRN set forth in its Motion to Vacate the preliminary injunction, which the Court denied on July 31, 2013. *Id.* (citing Doc. No. 186). AHRN contends, *inter alia*, that the Court ignored or parsed the "work for hire"

---

[4] The incomplete e-mail chain cited by AHRN includes one e-mail in which the thoughts of David Charron are depicted, and that depiction comes from a third party. Doc. No. 255-2 at 3. Furthermore, Charron is depicted as questioning, not endorsing, the approach of other MLS executives on the e-mail chain. However, even if the Court accepted that the e-mails raise an inference that MRIS supported copyright enforcement efforts against AHRN, such a conclusion is unremarkable given the obvious fact of MRIS's lawsuit against AHRN. As the Court previously held, MRIS is entitled to *Noerr-Pennington* immunity to the extent AHRN's claims are premised upon MRIS's lawsuit and the incidents of that litigation, and AHRN has been granted opportunities for limited discovery on the CoreLogic issue and to present evidence that MRIS's litigation activities are a sham.

6

allegations from AHRN's other allegations of conspiracy, and that it failed to take AHRN's "work for hire" allegations as true.

There is no support for AHRN's parsing argument. As discussed above, the Court considered the allegations of the Second Amended Counterclaims as a whole and did not view the new allegations (including the "work for hire" allegations) in isolation. The Court further notes that AHRN's "work for hire" allegations largely concern MRIS's writing and promotion of the Guidance Paper in 2005 and 2006. There is simply no inference to be drawn from MRIS's Guidance Paper or its promotion thereof that MRIS participated in the alleged NAR-led group boycott of AHRN, particularly where the alleged boycott and refusals to deal occurred in 2011 and 2012 and where AHRN did not even come into existence until after the Guidance Paper was published. *See* Doc. No. 159 at 31.

AHRN next complains that the Court relied on its July 31, 2013 Opinion and Order denying its Motion to Vacate the preliminary injunction, a motion which did not involve AHRN's antitrust and unfair competition counterclaims. Regardless of the underlying relief sought by AHRN in its Motion to Vacate or the context in which that Motion was brought, the legal analysis in the Court's July 31 Opinion was directly relevant to whether AHRN's "work for hire" allegations supported its argument that MRIS committed fraud on the Copyright Office. The Court discerns no error in relying upon that analysis.

AHRN also maintains that the Court failed to consider its "work for hire" allegations as true. However, the Court is only required to accept well-pleaded factual allegations as true and to construe them in a light most favorable to the claimant. *See, e.g.*, *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court is not required to accept legal conclusions that are wholly devoid of facts or

7

not supported by the specific facts pleaded. *See, e.g.*, *Revene v. Charles Cnty. Comm'rs*, 882 F. 2d 870, 873 (4th Cir. 1989); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation."). The Court was not required to accept what boiled down to a legal allegation by AHRN—that MRIS's "work for hire" representations in its copyright registrations were "false" such that it committed fraud on the Copyright Office.

The remaining arguments in AHRN's Motion for Reconsideration are merely attempts to relitigate the merits of the issues decided by the Court in its November 1 Opinion (as well as its July 31 Opinion). Such arguments are improper in a motion to reconsider, and regardless, the Court has already rejected virtually identical arguments in prior opinions.

      C.      <u>Conversion of Motion to Dismiss to Motion for Summary Judgment</u>

AHRN argues that the Court committed clear error by converting MRIS's Motion to Dismiss to one for summary judgment. AHRN contends that the CoreLogic issue is "unworthy of summary judgment." Doc. No. 251 at 22. According to AHRN, "the 'CoreLogic issue' is unidentified as a claim or defense in accordance with Rule 56(a)." *Id.* at 23. This argument is without merit, as the limited discovery ordered by the Court will permit adequate consideration of AHRN's contention that MRIS committed fraud on the Copyright Office, which is directly relevant to the disposition of Counts II and IV of the Second Amended Counterclaims. The Court discerns no inconsistency between its Order and the dictates of Rule 56 and Rule 12(d) of the Federal Rules of Civil Procedure. AHRN also complains that the Court's November 1 Order improperly places the burden on AHRN to present a genuine issue of material fact on the

CoreLogic issue. However, supplemental briefing on the CoreLogic issue has not been completed, and no such burden has been imposed.[5]

AHRN also argues that there are disputed issues of material fact with respect to MRIS's use of CoreLogic and other software systems, and cites a variety of evidence in support of its assertion. Doc. No. 251 at 23-27. Such arguments are premature, as the parties will be permitted to file supplemental briefing and evidence following limited discovery.

## IV. CONCLUSION

For the foregoing reasons, AHRN's Motion for Reconsideration will be DENIED. A separate Order follows.

  December 30, 2013                                                       /s/
        Date                                                              Alexander Williams, Jr.
                                                                              United States District Judge

---

[5] The Court further notes that MRIS has presented evidence outside the pleadings (the Charron declaration) in support of its Motion. Once the moving party carries its burden under Rule 56(c), the nonmoving party must come forward with evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).